*Strzok v. Barr*, No. 1:19-CV-2367-ABJ

# Exhibit 6



**U.S. Department of Justice**

**Federal Bureau of Investigation**

August 9, 2018

Mr. Peter Strzok
3214 Prince William Drive
Fairfax, VA 22031

Dear Mr. Strzok,

By letter dated August 8, 2018, the Assistant Director (AD), Office of Professional Responsibility, notified you of her decision to suspend you for 60 days and demote you to a non-supervisory position. The AD substantiated three offenses under the FBI Offense Table: (1) 5.21 (Unprofessional Conduct – Off Duty), for making inappropriate political comments in text messages on your FBI-issued cell phone; (2) 5.18 (Security Violation – Other), for utilizing a personal E-Mail account to conduct official FBI business; and (3) 5.2 (Dereliction of Supervisory Responsibility), for failure to properly follow up with subordinates when additional E-Mails were discovered in connection with the Clinton E-Mail investigation. I concur with the AD's conclusion that these offenses are substantiated. However, I disagree with her evaluation of the relevant *Douglas* factors in deciding an appropriate penalty in your case. FBI Corporate Policy Directive 0915D, *Disciplinary Appeals Process*, authorizes the Director or the Director's designee to modify disciplinary decisions as necessary in the best interests of the FBI. Pursuant to my delegated authority as the Deputy Director, I have reconsidered the AD's punishment and conclude that dismissal is appropriate under the facts of this case.

In making this decision, I reviewed relevant material pertaining to your case, including the text messages between you and Lisa Page, the *Douglas* factor analysis drafted by the AD of the Counterintelligence Division, your role as one of the most senior counterintelligence agents in the FBI, and your many years of dedicated service. While there is no doubt your 21 years of service to this organization should not be discounted, I am persuaded that serious aggravation is warranted for your 5.21 offense given the severe, long-term damage your conduct has done to the reputation of the FBI. It is difficult to fathom the repeated, sustained errors of judgment you made while serving as the lead agent on two of the most high-profile investigations in the country.

FBI Offense 5.21 is described as "engaging in conduct, while off duty, which dishonors, disgraces, or discredits the FBI; seriously calls into question the judgment or character of the employee; or, compromises the standing of the employee among his peers or his community." The aggravated punishment range is a 7-day suspension to dismissal. Considering *Douglas* factor 8, the notoriety of the offense or its impact upon the reputation of the agency, I find that dismissal is warranted. As an organization we are entrusted to investigate high level public officials, regardless of party affiliation. If we ourselves show personal bias or demonstrate a lack of objectivity, that trust can be lost. Our ability to be objective, no matter which party, candidate, or officeholder is in power, must be beyond question. Candidates and office holders will come and go, but the FBI must be steadfast in its resolve to find the truth, regardless of our own personal leanings or beliefs. Though the Office of the Inspector General

2(o3D-HQ-2937212-39

found no evidence that your bias impacted your investigative actions or decisions, your sustained pattern of bad judgment in the use of an FBI device called into question the decisions made during both the Clinton E-Mail investigation and the initial stages of the Russian collusion investigation. In short, your actions have called into question the credibility of the entire FBI.

As I considered the facts associated with the adjudication of your case, I could not recall another incident like yours that brought such discredit on the organization. In my 23 years in the FBI, I have not seen a more impactful series of missteps that has called into question the entire organization and more thoroughly damaged the FBI's reputation. In our role as FBI employees we sometimes make unpopular decisions, but the public should be able to examine our work without having to question our motives.

I made this decision considering all of the facts surrounding your precise conduct and the extremely damaging impact it has had and will have on this organization. It will take years to overcome this lasting impact. As a Deputy Assistant Director in the Counterintelligence Division, you were expected to be a leader who was beyond reproach and to set an example for not only your direct subordinates, but others throughout the organization who watched and observed your behavior and actions. You failed to do so repeatedly and put your own interests above the interests of the organization. My decision in this matter is final, and is not subject to further administrative review.

Sincerely,


David L. Bowdich
Deputy Director


268D-HQ-2987212
1 – Security Division (Attn:  AD Gerald Roberts)
1 – OPR (Attn:  AD Candice Will)
1 – HRD (Attn:  AD David Schlendorf)
DLB:maw (5)