*Strzok v. Barr*, No. 1:19-CV-2367-ABJ

# Exhibit 7



# FEDERAL BUREAU OF INVESTIGATION
# POLICY DIRECTIVE

## Disciplinary Appeals Process
## 0915D

### General Information

| | |
|---|---|
| **Proponent** | Human Resources Branch (HRD) |
| **Publication Date** | 2016-10-23 |
| **Review Date** | 2019-10-23 |
| **Last Updated** | N/A |
| **Supersession** | Policy Directive (PD) 0235D, *Disciplinary Appeals Process* |

### 1. Authorities

- Title 5 United States Code (U.S.C.) Section (§) 301
- 5 U.S.C. § 2108
- Code of Federal Regulations (CFR) § 1201.56
- 28 CFR § 0.157
- 28 CFR § 0.138

### 2. Purpose

The purpose of this policy is to maintain the confidence of all Federal Bureau of Investigation (FBI) employees in the FBI's disciplinary process with respect to the manner in which the FBI conducts appellate reviews of the underlying findings of misconduct and the penalties assessed by the Office of Professional Responsibility (OPR) in disciplinary actions. All provisions discussed herein are to ensure the integrity and objective fairness of the appellate process.

### 3. Scope

This policy applies to all FBI employees.

### 4. Exemptions

4.1. This policy does not apply to the deputy director (DD), the associate deputy director (ADD), any executive assistant directors (EADs), the general counsel (GC), or any Senior Executive Service (SES) employee who reports directly to the FBI Director. The Department of Justice (DOJ) has not delegated to the FBI adverse disciplinary authority for these personnel.

4.2.   This policy does not apply to probationary employees, who do not have FBI appeal rights.

4.3.   Although the decisions rendered by the EAD, Human Resources Branch (HRB) (in nonadverse action matters) and by the Disciplinary Review Board (DRB) (in adverse action matters) are considered the FBI's final internal disciplinary actions, by virtue of the authority inherent in the position, the FBI Director (or his or her designee) maintains the authority to modify any disciplinary finding, penalty, or both as deemed necessary and in the best interests of the FBI.

4.4.   A preference-eligible employee who has completed one year of continuous service in the FBI has the additional right to appeal an adverse disciplinary action to the Merit Systems Protection Board (MSPB).

## 5. Policy Statement

5.1.   In all appellate review matters, whether adverse or nonadverse, the "substantial evidence" standard must be used to review both OPR's underlying findings of misconduct and the penalty that OPR imposed for each substantiated offense code. Substantial evidence is defined as the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. This is a lower standard of proof than preponderance of the evidence. With respect to the penalty imposed, substantial evidence will include an analysis as to whether the sanction comports with the penalty range set forth in the FBI Offense Codes and Penalty Guidelines; whether the sanction is consistent with FBI disciplinary case precedent, applicable statutory provisions, or both; and whether a consideration of Douglas factors, including mitigating and aggravating factors, occurred prior to the imposition of the penalty.

5.2.   Using the substantial evidence standard of review, the EAD, HRB (in nonadverse actions) and the DRB (in adverse actions) will determine whether OPR's findings with respect to the underlying misconduct and the consequent penalties assessed are reasonable. Because reasonable persons can disagree, deference must be given to OPR's underlying findings of misconduct and the penalties that OPR assesses, unless it is determined that OPR's conclusions were not reasonable.

5.3.   Appealable disciplinary actions, other than dismissal, must be stayed pending completion of any FBI appellate review. Dismissals may continue to be implemented immediately.

## 6. Roles and Responsibilities

6.1.   Executive Assistant Director, Human Resources Branch

6.1.1.   The EAD, HRB is responsible for:

6.1.1.1.   Deciding all appeals from nonadverse disciplinary actions. Should the EAD, HRB be unavailable, or should the need arise for the EAD, HRB to recuse him- or herself, the matter should be handled as indicated in subsection 6.2.7.2.1.

6.1.1.2.   Determining whether OPR's findings with respect to the underlying misconduct and the consequent penalties imposed are supported by substantial evidence (see subsection 8.1.9. for a definition of "substantial evidence"). The substantial evidence standard must be applied as specified in subsection 5.1.

6.1.2.   Consistent with the substantial evidence standard of review, the EAD, HRB has the authority to:

6.1.2.1.   Affirm OPR's underlying findings of misconduct and the penalty imposed for each substantiated offense code.

6.1.2.2.   Affirm OPR's underlying findings of misconduct and modify the penalty imposed for each substantiated offense code to comport with policy, precedent, and the consideration of Douglas factors and applicable mitigating and aggravating factors.

6.1.2.3.   Vacate OPR's underlying findings of misconduct and penalties consistent with the criteria set forth above.

6.1.2.4.   In both nonadverse and adverse cases, remand the matter (or a portion of the matter) under appellate review in writing to the Inspection Division (INSD), the Office of the Inspector General (OIG), or OPR, as appropriate, if additional unaddressed misconduct is identified, or if it is determined that a matter is in need of further investigation or adjudication.

6.1.3.   As the decision maker for nonadverse disciplinary appeals, the EAD, HRB must ensure that FBI policies are applied consistently to all levels of employees at all stages of the disciplinary process.

6.1.4.   As chair of the DRB, the EAD, HRB will serve as the tie-breaking voting member, when necessary, and will ensure that each DRB is composed so as to ensure compliance with this policy.

6.2.   Disciplinary Review Board Members

6.2.1.   Each DRB will be composed of the EAD, HRB; four voting members; and one nonvoting member.

6.2.2.   All DRB members, with the exception of the permanent chair, will serve for one-year terms to enhance expertise and experience among the voting DRB members and account for members' promotions, transfers, lateral movements, or separation from management ranks during the term.

6.2.3.   DRB members are responsible for reviewing all appeals from adverse disciplinary actions and applying the substantial evidence standard to review both OPR's underlying findings of misconduct and the assessed penalty, as set forth in subsection 5.1.

6.2.4.   Consistent with the substantial evidence standard of review, DRB members are authorized to:

6.2.4.1.   Affirm OPR's underlying findings of misconduct and the penalty imposed for each substantiated offense code.

6.2.4.2.   Affirm OPR's underlying findings of misconduct and modify the penalty imposed for each substantiated offense code to comport with policy, precedent, and the consideration of Douglas factors and applicable mitigating and aggravating factors.

6.2.4.3.   Vacate OPR's underlying findings of misconduct and penalties, consistent with the criteria set forth above.

6.2.4.4.   Remand the matter (or a portion of the matter) under appellate review in writing to INSD, OIG, or OPR, as appropriate, if additional unaddressed misconduct is identified, or if it is determined that a matter is in need of further investigation or adjudication.

6.2.5.   The EAD, HRB and DRB members may not:

6.2.5.1.   Consider, when making appellate decisions, ex parte communications not contained in the record. Similarly, the Office of Disciplinary Appeals (ODA) officials are prohibited from considering ex parte communications not contained in the record when making disciplinary recommendations to the EAD, HRB and the DRB members.

6.2.5.2.   Increase a penalty during the appellate process. However, in the event that additional, previously unaddressed misconduct is identified during the appellate process, this misconduct may be referred to INSD, OPR, or both for additional investigation, adjudication, or both. This referral could ultimately result in a greater cumulative penalty or an additional penalty.

6.2.6.   DRB members may be required to provide factual testimony in a subsequent civil or administrative proceeding regarding the comments and impressions they provided during any DRB action or action that the DRB, as a whole, has taken in any given case. Because DRB members are acting within the scope of their duties as DRB members, they are entitled to department and/or agency legal representation in any such subsequent civil or administrative action.

6.2.7.   The voting members of the DRB:

6.2.7.1.   Serve as the decision-making body for all appeals from adverse disciplinary actions and must ensure that FBI policies are applied consistently to all levels of employees at all stages of the disciplinary process. A majority vote of the voting members determines the outcome of the appeal.

6.2.7.2.   Represent a broad cross section of the FBI to enhance the transparency of the appellate process and to ensure the impartiality of the voting members for all appellants, regardless of rank or position. The voting members include:

6.2.7.2.1.   The EAD, HRB, who serves as the permanent chair of the DRB and may serve as the tie-breaking voting member when necessary. The EAD, HRB may delegate his or her responsibilities pursuant to PD 0259D, *Succession and Delegation Policy*.

6.2.7.2.2.   Two voting SES employees, who are selected by the ADD or his or her designee to serve for a period of one year.

6.2.7.2.3.   Two voting midlevel managers, who are selected by the ADD or his or her designee to serve for a period of one year.

6.2.8.   Two voting members will be selected from a pool of eligible supervisory special agents (SSAs). The remaining two voting members will be selected from the professional staff ranks. At least one of the four selected voting members will be chosen from a pool of eligible employees assigned to the field.

6.2.9.   In addition to the five voting members detailed above, nonvoting observers will be present for each DRB. These observers are invited to express their views regarding the merits of the appeal at issue. The additional input and monitoring of the DRB process by the observers are designed to further frame the DRB as a deliberative body before which relevant issues may be analyzed and discussed in an impartial and unbiased manner.

6.2.9.1.   Nonvoting observers include:

6.2.9.1.1.   One midlevel manager.

6.2.9.1.2.   One representative from the Office of Equal Employment Opportunity Affairs (OEEOA).

6.2.9.1.3.   One or more representatives from the Office of the General Counsel (OGC). The OGC attorneys are present to provide advice to the DRB. As such, their comments are

considered privileged communications, based on the attorney-client relationship with the DRB. The OGC attorneys, therefore, may not be required to provide testimony regarding their comments in any subsequent civil or administrative matter. Likewise, the comments of the OGC attorneys must not be released to any external entity requesting a copy of a transcript of any DRB proceeding. This privilege may only be waived by the GC.

6.2.9.2.   Additionally, the Internal Investigations Section (IIS) of the INSD, as well as OPR, may have the opportunity to delegate a nonvoting representative to observe DRBs should either entity choose to do so.

6.2.9.3.   Additional nonvoting observers may be present by the invitation of the EAD, HRB or his or her designee.

6.2.10. A list of employees for potential DRB selection must exclude employees assigned to those offices that have a stake in the subject employee's disciplinary matter.

6.2.10.1.   For instance, employees assigned to the IIS, INSD, and OPR are not eligible to serve as DRB voting members. Further, because the EAD, HRB may delegate his or her responsibilities as the chair of the DRB to an Assistant Director (AD), all FBI employees at the AD level or higher must be excluded from consideration for DRB selection.

6.2.10.2.   A DRB voting member who currently serves (or last served, in the case of a dismissal) as the employee's rating or reviewing official must not participate in the DRB considering that individual's appeal. Similarly, a direct subordinate must not be a member of the DRB reviewing his or her supervisor's conduct.

6.2.10.3.   A member must recuse him- or herself from participation in a particular appeal if the member's participation may result in a personal, financial, or other conflict of interest or the appearance thereof pursuant to 28 U.S.C. § 528, 18 U.S.C. § 208, and 5 CFR Part 2635.

6.2.11. Generally, the five voting members and observers enumerated above should participate in each DRB proceeding. However, the DRB may proceed as long as a quorum is present of at least three voting members, including the chair of the DRB.

6.2.12. In order to minimize scheduling difficulties and reduce the impact of the DRB members' service on their regular duties, every effort will be made to adjudicate appeals on a single day each month. Nevertheless, circumstances may dictate scheduling more than one DRB session per month.

6.2.13. The entire DRB process will be audio recorded, and the recording will be maintained in the employee's disciplinary file following each DRB.

6.3.   The ADD (or designee) is responsible for selecting the DRB members from a computer-generated list of eligible employees who possess the maturity and good judgment necessary to act as fair and impartial members of the DRB.

6.4.   The ODA, HRB is responsible for:

6.4.1.   Processing both adverse and nonadverse appeals of OPR's disciplinary actions.

6.4.2.   Acknowledging receipt of appeal notices from employees and initiating the appellate process for each notice received within ten calendar days of the employee's receipt of an OPR final disciplinary letter.

6.4.3.   Obtaining the investigative and adjudicative file material from INSD and OPR and, upon request by an employee to review the record on which OPR relied in rendering its ruling and imposing the penalty, forwarding it to the Discovery Processing Unit (DPU), OGC for redaction.

6.4.4.   Making the redacted materials available for review by the employee and his or her attorney.

6.4.5.   Informing the employee and his or her attorney of the deadline for the review of the redacted materials and the deadline for any supplemental appeal submissions.

6.4.6.   Reviewing the investigative and adjudicative records, as well as the issues identified by the employee in his or her appeal and supplemental appeal submission.

6.4.7.   Conducting legal research, as needed, regarding applicable policy, regulations, and statutory and case law deemed relevant on appeal.

6.4.8.   Evaluating precedent, Douglas factors, and any applicable mitigating or aggravating factors relevant to the issues on appeal.

6.4.9.   Drafting and disseminating an appellate analysis, using the substantial evidence standard of review. This analysis will address the relevant issues for consideration by the EAD, HRB (for nonadverse disciplinary actions) and by the DRB (for adverse disciplinary actions) and state the ODA's recommendation.

6.4.10. Scheduling the DRB proceedings and the required DRB composition, allowing for the possibility that an employee may elect to disqualify a member's participation.

6.4.11. Orally presenting the ODA's analysis to the DRB members on the record and facilitating discussion as needed.

6.4.12. Stating to the employee and/or employee's attorney, in writing, the basis of the deciding officials' appellate decision in regard to OPR's findings of misconduct and the penalty imposed for each substantiated offense code.

6.4.13. Memorializing the DRB proceedings via audio recording, in addition to the written documentation described above. The recording of the entire DRB process must be maintained in the appellant's disciplinary file following the DRB proceeding.

6.4.14. Training DRB members on the FBI's disciplinary process, including the applicable standard of review and the role of each DRB participant. Training regarding the FBI's disciplinary process includes informing members that the substantial evidence standard of review must be used by DRB members to review both OPR's underlying findings of misconduct and the penalty that OPR imposed for each substantiated offense code. Additionally, the training includes the responsibilities of the various entities involved in the FBI's disciplinary process.

6.4.15. Conducting name checks to ensure that there have been no administrative issues within the preceding three years that may preclude participation by the prospective DRB members. The AD, HRD will determine preclusion pursuant to his or her authority as the AD, HRD. In the event of a DRB member's preclusion, the ADD may choose a replacement member to participate on the board.

6.4.16. Making recommendations regarding the merits of appeals for both nonadverse and adverse disciplinary actions to ensure that FBI policies apply consistently to all employees at all stages of the disciplinary process.

6.4.17. Providing the DRB case materials to DRB members prior to each respective DRB to allow DRB members to review case materials and prepare to discuss the merits of the appeal when the DRB convenes.

6.5.   Employees

6.5.1.  Employees may appeal any sanction imposed by OPR, with the exception of an oral reprimand or a letter of censure. Only an employee who is subject to an adverse disciplinary action is entitled to a DRB review.

6.5.2.  An employee who wishes to file an appeal of either a nonadverse or an adverse OPR disciplinary finding must:

6.5.2.1.  Provide written notification to the EAD, HRB or to ODA, HRB of his or her intent to appeal within ten calendar days of receiving the final OPR disciplinary letter. A notice of appeal received more than ten days after an employee's receipt of an OPR final disciplinary letter will be considered untimely and will not be accepted.

6.5.2.2.  Provide written notification to the EAD, HRB or to ODA, HRB of his or her intent to review the record on which OPR based its finding of misconduct and imposed its penalty, if desired.

6.5.2.2.1.  If an employee elects to review the record, the employee must conduct the review within the timeframe set by ODA, HRB. Employees are entitled to twenty business days to review the material provided and/or submit any substantive supplemental appeal following this review.

6.5.2.3.  Request an extension in writing by the deadline established for submitting the supplemental appeal, addressed to the ODA, HRB, if they believe that additional time is needed to adequately prepare the supplemental appeal.

6.5.2.4.  Notify the head of their FBI Headquarters (FBIHQ) division or field office (FO) of their intent to appeal.

6.5.2.5.  Ensure that any attorney whom they may retain for assistance with the appellate process has completed nondisclosure agreements prior to discussing their case.

6.5.2.6.  Ensure, even after they and their attorneys have executed the appropriate nondisclosure forms, that information that is classified or law enforcement sensitive is not disclosed to attorneys in violation of FBI policies or procedures.

6.5.2.7.  Notify the ODA, HRB of their intention to disqualify one DRB member from serving on their DRB.

6.5.3.  Each employee's supplemental appeal, in its entirety, must be received by ODA by the deadline provided by ODA via letter.

6.5.4.  Neither the employee appealing nor his or her attorney is entitled to be present during the DRB proceeding. The employee and his or her attorney are afforded an opportunity to appear and to provide arguments to the AD, OPR prior to the receipt of the final disciplinary action letter in an adverse disciplinary matter. Because the review afforded by the DRB is an appellate review only, there is no similar right extended to employees during the DRB. However, nothing may preclude the DRB from requesting an oral presentation from the employee or his or her attorney if the DRB believes that the presentation would aid the DRB in resolving the appeal.

6.5.5.  Each employee whose case is before the DRB must be given the one-time opportunity to disqualify one of the eligible voting members from serving on his or her DRB. If an employee exercises this option, an alternate DRB member, chosen in the same manner, may take the place of the member who was disqualified.

## 7. References

- *Equal Employment Opportunity Complaint Processing Program Policy Guide, 0829PG*

**UNCLASSIFIED**

- Memorandum from Eric Holder, Deputy Attorney General (DAG) to Louis Freeh, Director of the FBI, "Delegation of Authority to the Director for Management of the FBI Senior Executive Service" (December 29, 1999)
- Memorandum from Mark Filip, DAG to Robert Mueller III, Director of the FBI, "Updated Delegation of Authority for Senior Executive Service Positions" (May 27, 2008)
- [PD 0047D, *OPR Statement of Authorities and Responsibilities*](#)
- [PD 0259D, *Succession and Delegation Policy*](#)
- Study of the FBI's Office of Professional Responsibility (February 2004)

## 8. Definitions and Acronyms

### 8.1. Definitions

8.1.1. Adverse disciplinary action: the action that results from a determination by OPR that an employee has engaged in misconduct that warrants a suspension of 15 days or more, a demotion, or a dismissal.

8.1.2. Disciplinary Review Board: a panel convened to adjudicate an appeal filed by an FBI employee who has received an adverse disciplinary action.

8.1.3. Douglas factors: factors that were articulated in the MSPB case of *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981). While their application is not usually a legal requisite for the FBI because of its status as an excepted service, ODA routinely uses them as guidance in assessing the equity of sanctions for all employees.

8.1.4. FBI employee: includes any individual currently employed by the FBI, as well as any individual whose employment at the FBI was terminated as a result of disciplinary action. The term does not include those excluded in Section 4.

8.1.5. Midlevel manager: an employee serving at the General Schedule (GS) 14/15 level, or equivalent.

8.1.6. Nonadverse disciplinary action: the action that results from a determination by OPR that an employee has engaged in misconduct that warrants a suspension of one to fourteen days.

8.1.7. Preference-eligible employee: a military veteran who served during specifically designated dates, as provided in 5 U.S.C. § 2108.

8.1.8. Probationary employee: an employee within his or her probationary period of employment, as defined by the Performance Appraisal System Policy Guide, 0489PG, or the appropriate provision of law.

8.1.9. Substantial evidence standard: the standard used in the FBI's appellate process to review both OPR's underlying findings of misconduct and the penalty that OPR assessed for each substantiated offense code. According to 5 CFR § 1201.56(c)(1), it is "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. This is a lower standard of proof than preponderance of the evidence."

### 8.2. Acronyms

| AD  | assistant director |
|-----|--------------------|
| ADD | associate deputy director |

8
**UNCLASSIFIED**

Case 1:19-cv-02367-ABJ   Document 30-8   Filed 11/18/19   Page 10 of 11
**UNCLASSIFIED**

| CFR | Code of Federal Regulations |
|---|---|
| DAG | deputy Attorney General |
| DD | deputy director |
| DOJ | Department of Justice |
| DPU | Discovery Processing Unit |
| DRB | Disciplinary Review Board |
| EAD | executive assistant director |
| FBI | Federal Bureau of Investigation |
| FBIHQ | Federal Bureau of Investigation Headquarters |
| FO | field office |
| GC | general counsel |
| GS | General Schedule |
| HRB | Human Resources Branch |
| HRD | Human Resources Division |
| IIS | Internal Investigations Section |
| INSD | Inspection Division |
| LES | Law Enforcement Sensitive |
| MSPB | Merit Systems Protection Board |
| ODA | Office of Disciplinary Appeals |
| OEEOA | Office of Equal Employment Opportunity Affairs |
| OGC | Office of the General Counsel |
| OIG | Office of the Inspector General |
| OPR | Office of Professional Responsibility |
| PD | policy directive |
| SES | Senior Executive Service |
| SSA | supervisory special agent |

9
**UNCLASSIFIED**

| U.S.C. | United States Code |
|---|---|

| Approvals ||
|---|---|
| **Sponsoring Executive Approval** ||
| **Name** | **Title** |
| David W. Schlendorf | Assistant Director<br>Human Resources Division |
| **Executive Assistant Director Approval** ||
| **Name** | **Title** |
| Valerie Parlave | Executive Assistant Director<br>Human Resources Branch |
| **Final Approval** ||
| **Name** | **Title** |
| David L. Bowdich | Associate Deputy Director |