*Strzok v. Barr*, No. 1:19-CV-2367-ABJ

# Exhibit 10

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
### WASHINGTON REGIONAL OFFICE

| | |
|---|---|
| PETER P. STRZOK,<br>    Appellant, | DOCKET NUMBER<br>DC-0752-18-0803-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>    Agency. | DATE: November 15, 2018 |

Richard A. Salzman, Esquire, Washington, D.C. for the appellant.

Eric Huang, Esquire, and Chad Y. Tang, Esquire, Washington, D.C., for the
    agency.

### BEFORE
David A. Thayer
Administrative Judge

## INITIAL DECISION

On September 5, 2018, Peter P. Strzok filed an appeal seeking to challenge the action taken by the Department of Justice, Federal Bureau of Investigation (FBI) which removed him from his position as a Deputy Assistant Director in the Senior Executive Service (SES), effective August 10, 2018.  This decision is based on the written record.[1]

Based on the following analysis and findings, the appeal is DISMISSED for lack of jurisdiction.

## ANALYSIS AND FINDINGS

The appellant bears the burden of proof on the issue of jurisdiction.

---

[1] The appellant requested a hearing.  However, the undisputed evidence in the record is sufficient to resolve the jurisdictional issue without a hearing.  *See Beets v. Department of Homeland Security*, 98 M.S.P.R. 451, ¶ 9 (2005).

2

The appellant bears the burden of proof on the issue of jurisdiction. 5 C.F.R. § 1201.56(b)(2)(A) (2017). The jurisdiction of the Board is not plenary; it is limited to those matters over which the Board has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board does not have jurisdiction over all actions that are alleged to be incorrect. *See Weyman v. Department of Justice*, 58 M.S.P.R. 509, 512 (1993).

Background and undisputed facts.

The essential procedural facts in this appeal are not in dispute. The appellant encumbered the position of Deputy Assistant Director, FBI, in the SES. Appeal File (AF) Tab 12, p. 11. On June 15, 2018, the agency's Office of Professional Responsibility proposed that the appellant be removed on three charges of misconduct. AF Tab 16, pp. 12-14. On August 8, 2018, Candice M. Will, Assistant Director of the Office of Professional Responsibility, signed a decision notice she had prepared finding the allegations in the proposal notice were substantiated, but concluding that rather than removal, the penalty should be mitigated to a 60-day suspension and demotion to a non-supervisory position. AF Tab 2, pp. 3-26. Will's letter does not inform the appellant of an effective date nor is there evidence that it was served on the appellant at that time.

On August 9, 2018, the day following Will's decision to suspend and demote the appellant, David Bowdich, Deputy Director of the FBI, issued a letter to the appellant. AF Tab 2, pp. 1-2. Bowdich explained that "FBI Corporate Policy Directive 0915D, Disciplinary Appeals Process, authorizes the Director or the Director's designee to modify disciplinary decisions as necessary in the best interests of the FBI." *Id*. at 1. He advised the appellant that he, pursuant to his delegated authority, reconsidered Will's penalty decision and concluded that dismissal was appropriate under the facts of the case. This appeal followed.

In response to an Order to provide additional documentation, the agency provided copies of the SF 52, Request for Personnel Action, and the SF 50,

3

Notification of Personnel Action, prepared in relation to this action.  AF Tab 12, pp. 11-14.  The SF 52 reflects a requested effective date of August 10, 2018, with reviews and approvals occurring on August 13 and 14, 2018.  *Id*. at 12.  The SF 50 displays an effective date of August 10, 2018, with an approval date of August 11, 2018.  In his initial appeal to the Board, the appellant indicated that he received the agency's decision notice on August 10, 2018.  AF Tab 1, p. 4.

<u>The agency moved that the appeal be dismissed for a lack of jurisdiction</u>.

The agency filed a motion to dismiss the appeal for a lack of jurisdiction. AF Tab 8.  It asserted that the appellant had been a member of the SES within the FBI.  It argued that, under the provisions of 5 U.S.C. § 2108(3), the definition of "preference eligible" specifically excludes "applicants for or members of, the Senior Executive Service, . . . or the Federal Bureau of Investigation and Drug Enforcement Administration Senior Executive Service[.]"

The appellant responded to the agency's Motion to Dismiss.  AF Tab 9.  He claimed that the decision by Candice Will to impose a demotion and a 60-day suspension was effective immediately on that date.  He argued that the action by David I. Bowdich on August 9, 2018, was improper.  The essence of his argument, on which his right to proceed before the Board hangs, is that once Will issued her decision to demote him to a non-supervisory position, he was no longer in the SES corps.  The significance of an immediate demotion is that he would become an excepted service employee eligible to claim his preference eligible status and pursue his appeal before the Board.

After reviewing the parties' submissions, I concluded that additional documentation was required.  I, therefore, ordered the agency to submit copies of all Standard Form (SF) 52s and 50s produced in relation to the personnel decisions made on August 8 and 9, 2018.  AF Tab 11.  The agency did so and provided a certification that the two documents submitted represent the entirety of all personnel documents prepared in relation to the decision letters issued on August 8 and 9, 2018.

4

The appellant responded to the agency's motion to dismiss with two arguments.  AF Tab 16.  First, that Will's demotion/suspension decision became effective immediately, thus placing the appellant in his demoted position from which Bowdich subsequently removed him (and thereby achieving eligibility to appeal to the Board as a preference eligible veteran).  Second, the appellant argues that the final language within 5 U.S.C. § 2108(3) modifies only § 2108(3)(H).

Congress provided Board appeal rights to "preference eligible" veterans.

The analysis of the appellant's arguments requires a review of the statutes on which the appellant can claim a right to appeal to the Board.  The statute identifying individuals entitled to appeal to the Board, includes not only definitions of "employees" with Board appeal rights, but also certain defined groups to which the Board's authority does not extend.  The statute provides:

(b) This subchapter does not apply to any employee—

. . . .

(8) whose position is within the  . . . Federal Bureau of Investigation [. . . ] unless subsection (a)(1)(B) of this section or section 1005(a) of title 39[²] is the basis for this subchapter's applicability[.]

5 U.S.C. § 7511(b)(6).  Section 7511(a)(1)(B) creates the right of appeal to the Board for "a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions[.]"  The appellant's right to appeal his removal to the Board, therefore, turns on his status as a preference eligible.  Congress provided the definition of "preference eligible" by statute at 5 U.S.C. § 2108(3).

Title 5 U.S.C. § 2108(3) identifies a preference eligible as a "veteran," a disabled veteran, or the spouse or other family member of a disabled veteran

---

2 39 U.S.C. § 1005 creates Board appeal rights for Postal Service employees who are preference eligible or who are supervisors, managers or "engaged in personnel work in other than a purely nonconfidential clerical capacity[.]"

5

under certain circumstances.   Specifically, the statute defines a "preference eligible" as follows:

> (3) "preference eligible" means, except as provided in paragraph (4) of this section or section 2108a(c)—
>
>> (A) a veteran as defined by paragraph (1)(A) of this section;
>>
>> (B) a veteran as defined by paragraph (1)(B), (C), or (D) of this section;
>>
>> (C) a disabled veteran;
>>
>> (D) the unmarried widow or widower of a veteran as defined by paragraph (1)(A) of this section;
>>
>> (E) the wife or husband of a service-connected disabled veteran if the veteran has been unable to qualify for any appointment in the civil service or in the government of the District of Columbia;
>>
>> (F) the parent of an individual who lost his or her life under honorable conditions while serving in the armed forces during a period named by paragraph (1)(A) of this section, if—
>>
>>> (i) the spouse of that parent is totally and permanently disabled; or
>>>
>>> (ii) that parent, when preference is claimed, is unmarried or, if married, legally separated from his or her spouse;
>>
>> (G) the parent of a service-connected permanently and totally disabled veteran, if—
>>
>>> (i) the spouse of that parent is totally and permanently disabled; or
>>>
>>> (ii) that parent, when preference is claimed, is unmarried or, if married, legally separated from his or her spouse; and
>>
>> (H) a veteran who was discharged or released from a period of active duty by reason of a sole survivorship discharge (as that term is defined in section 1174(i) of title 10);
>
> but does not include applicants for, or members of, the Senior Executive Service, the Defense Intelligence Senior Executive Service, the Senior Cryptologic Executive Service, or the Federal Bureau of Investigation and Drug Enforcement Administration Senior Executive Service;

5 U.S.C. § 2108(3).   In his initial appeal, the appellant checked the response "YES" to the question "Are you entitled to veterans' preference."

6

<u>The appellant is not a preference eligible veteran under the statute</u>.

I will address the appellant's arguments in reverse order.  First, I find that the modifying language excluding "members of . . . the Federal Bureau of Investigation . . . Senior Executive Service" applies to all potential preference eligible individuals described within Section 2108(3) and not just to a veteran "discharged or released from a period of active duty by reason of a sole survivorship discharge . . . ."  A review of earlier iterations of Section 2108(3) prior to the current version amended in 2015—which added Section 2108(H) and changed wording in 2108(G) from *mother* to *parent*, etc., included the exclusionary language cited by the agency.  I find that Congress has consistently and historically excluded members and applicants of the SES in the intelligence services from the definition of "preference eligible" under this statute. Accordingly, I find that members of the SES in the FBI are excluded from the population of "preference eligible" individuals under Section 2018(3).

The appellant's second argument claims that Will's decision letter immediately effected his demotion, irrespective of the agency's execution of the "ministerial act" embodied in completion of the SF 52 and SF 50.  He has cited the unpublished Federal Circuit opinion of *Vandewall v. Department of Transportation*, 5 F.3d 1504 (Fed. Cir. 1993), for the proposition that "approval of the SF-52 or SF-50 is not always necessary for a personnel action to take place."

The Board has long held that an adverse action is effective on the day on which the appellant is notified that the action will become effective.  This essential event gives effect to an agency's decision only after service to the employee or good faith attempts at service.  *See, e.g., Scull v. Department of Homeland Security*, 113 M.S.P.R. 287, ¶ 12 (2010) ("It is not a requirement that a probationary employee actually receive a termination notice prior to the effective date of the termination if the agency acted diligently and reasonably in attempting to afford the employee prior notification.").  In this instance, there was no effective date in either decision letter (neither Will's nor Bowdich's letters have

7

effective dates).  There was no notice served on the appellant on August 8, 2018.
The appellant did not receive notice of either decision on August 8 or 9, 2018.[3]
He did, however, receive the removal decision from Bowdich, apparently along
with a copy of Will's decision on August 10, 2018.

There is no doubt that Will possessed the authority to make the decision to
demote or suspend, or even remove the appellant.  Nevertheless, under the FBI's
internal procedures, Will's authority, however, was subject to the FBI Director's
ultimate approval as delegated to Bowdich.

I have noted that Will's notice lacked any information related to an
effective date for the suspension and demotion.  Further, it is undisputed that no
SF 50 or SF 52 was prepared or even requested to implement Will's
suspension/demotion decision.  Moreover, Will's letter included the following in
Footnote 2:

> In your Last Chance Agreement (LCA), you agreed the LCA and this
> letter reflect the Bureau's final disposition of the disciplinary
> inquiry, from which no appeal will be taken.  <u>However, nothing in
> this disposition affects the ability of the Human Resources Division,
> Security Division or other Bureau component to address your
> conduct as a performance matter, security issue, or otherwise as
> appropriate</u>.

AF Tab 2, p. 3 (emphasis added).  This language in the footnote is specific advice
that Will's "final disposition" is, nevertheless, subject to higher level scrutiny and
approval.  This is entirely consistent with Bowdich's action.

In its "ministerial" processing of the adverse action, the agency considered
the appellant to be in his ES-graded position up to the time of his termination.

---

3 *See*, Appellant's Sur-reply in Opposition to Motion to Dismiss, Exhibit 2.  AF Tab 16,
p. 15.  Email from the proposing official, Jessica Loreto, to the appellant's
representative providing notice that the OPR's final decision had been forwarded to
"AD [Will], HRD today [August 9, 2018 at 4:25 p.m.]."  This would have been after
Bowdich made his decision and HR was notifying AD Will of that step in the process,
"final decision" being forwarded internally.  The email does not reflect that the final
decision is included as an attachment sent to the appellant's representative.

8

*See* SF 50 and SF 52, AF Tab 12, pp, 11, 12.  Moreover, there was no Request for Personnel Action prepared (and which remained subsequently unused) to effect the appellant's demotion.  Will's decision was subject to the agency's internal process prior to full implementation as recognized in her footnote, "[N]othing in this disposition affects the ability of the Human Resources Division, . . . or other Bureau component to address your conduct . . . as appropriate."  Deputy Director Bowdich announced that he possessed delegated authority from the Director of the FBI to "modify disciplinary decisions as necessary in the best interests of the FBI."  AF Tab 2, p. 1.

I recognize that no SF 50 or SF 52 was created for Will's demotion/suspension decision.  I agree with the appellant that creation of the official personnel file documents is a ministerial act unnecessary for a determination of the effective date of an action.  Nevertheless, the key event is notice to the appellant and service of the decision.  In this instance, the appellant did not receive the decision until August 10, 2018.  On that day, the agency served the appellant with Bowdich's August 9, 2018, removal notice along with a copy of Will's decision as well.  The SF 52 and SF 50 were prepared immediately thereafter, with the SF 50 effective on August 10, 2018, and "approval" on August 11, 2018.  Those clerical events, however, do not drive the effective date of the action.  I find that the effective date of the action was the date of service on the appellant, August 10, 2018.  I find, further, that the action effective on that date was the appellant's termination from his position as Deputy Assistant Director, FBI, in the Senior Executive Service.  Accordingly, I find that the appellant is excluded from the definition of "preference eligible" in 5 U.S.C. § 2108(3). The Board lacks jurisdiction over this appeal.

9

I find that, as a member of the FBI Senior Executive Service, the appellant did not occupy a position that would otherwise create appeal rights to the Board.[4] The appellant has not submitted any evidence or argument which would establish the Board's jurisdiction.  Absent a showing that the appellant is a preference eligible, I find that the Board lacks jurisdiction over his appeal.  Accordingly, the appeal must be dismissed.

Decision

The appeal is DISMISSED.

FOR THE BOARD:                    _____/S/_____
                                                        David A. Thayer
                                                        Administrative Judge

**NOTICE TO APPELLANT**

This initial decision will become final on **December 20, 2018**, unless a petition for review is filed by that date.  This is an important date because it is usually the last day on which you can file a petition for review with the Board.  However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision.  If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first.  You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below.

_____

4 *Cf. Parkinson v. Department of Justice*, 874 F.3d 710 (2017) ("It is undisputed that, as a preference–eligible FBI employee, Mr. Parkinson may appeal adverse employment actions to the Board[;]" but such an appeal may not include claims of whistleblower retaliation as an affirmative defense because FBI employees are excluded from the coverage of the Whistleblower Protection Act).

10

The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review.  Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record.  You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing.  A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's eAppeal website (https://eappeal.mspb.gov).

NOTICE OF LACK OF QUORUM

The Merit Systems Protection Board ordinarily is composed of three members, 5 U.S.C. § 1201, but currently only one member is in place.  Because a majority vote of the Board is required to decide a case, *see* 5 C.F.R. § 1200.3(a), (e), the Board is unable to issue decisions on petitions for review filed with it at this time.  *See* 5 U.S.C. § 1203.  Thus, while parties may continue to file petitions for review during this period, no decisions will be issued until at least one additional member is appointed by the President and confirmed by the Senate. The lack of a quorum does not serve to extend the time limit for filing a petition

11

or cross petition. Any party who files such a petition must comply with the time limits specified herein.

For alternative review options, please consult the section below titled "Notice of Appeal Rights," which sets forth other review options.

## Criteria for Granting a Petition or Cross Petition for Review

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the

12

documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record.  A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first.  If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt.  You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5

13

C.F.R. Part 1201, Appendix 4) to support your claim.  The date of filing by mail is determined by the postmark date.  The date of filing by fax or by electronic filing is the date of submission.  The date of filing by personal delivery is the date on which the Board receives the document.  The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service.  Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party.  *See* 5 C.F.R. § 1201.4(j).  If the petition is filed electronically, the online process itself will serve the petition on other e-filers.  *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

notice OF APPEAL rights

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above.  5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

14

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date this decision becomes final</u>.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you

15

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after this decision becomes final under the rules set out in the Notice to Appellant section, above.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a courtappointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above.  5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

16

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and you wish to challenge the Board's rulings on your whistleblower claims only, excluding all other issues, then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within **60 days** of the date this decision becomes final under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

17

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx