*Strzok v. Barr*, No. 1:19-CV-2367-ABJ

# Exhibit S

PETER P. STRZOK v. DEPARTMENT OF JUSTICE
Docket # DC-0752-18-0803-I-1
Agency's Motion to Dismiss for Lack of Jurisdiction
Summary Page

**Case Title :** PETER P. STRZOK v. DEPARTMENT OF JUSTICE

**Docket Number :** DC-0752-18-0803-I-1

**Pleading Title :** Agency's Motion to Dismiss for Lack of Jurisdiction

**Filer's Name :** Chad Y. Tang, Esq.

**Filer's Pleading Role :** Agency Representative

**Details about the supporting documentation**

N/A

## Table of Contents

Pleading Interview .................................................................................................................. 3
Uploaded Pleading Text Document ........................................................................................ 4
Certificate of Service ............................................................................................................. 15

PETER P. STRZOK v. DEPARTMENT OF JUSTICE
Docket # DC-0752-18-0803-I-1
Agency's Motion to Dismiss for Lack of Jurisdiction
Online Interview

1. Would you like to enter the text online or upload a file containing the pleading?

See attached pleading text document

2. Does your pleading assert facts that you know from your personal knowledge?

No

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE

|  |  |  |
|---|---|---|
| PETER P. STRZOK, | ) | DOCKET NUMBER |
|  | ) | DC-0752-18-0803-I-1 |
| Appellant, | ) |  |
|  | ) | ADMINISTRATIVE JUDGE |
| v. | ) | David Thayer |
|  | ) |  |
| DEPARTMENT OF JUSTICE, | ) | DATE:  October 5, 2018 |
|  | ) |  |
| Agency. | ) |  |
|  | ) |  |

## AGENCY'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Pursuant to 5 C.F.R. § 1201.55, the Department of Justice, through its undersigned counsel and designated representatives, the Federal Bureau of Investigation ("FBI" or "Agency"), hereby submit this motion to dismiss the Appellant's Appeal because there is no jurisdiction. First, the Appellant, Peter Strzok, is not preference eligible and precedents have held that only FBI employees are who preference eligible can assert a claim to the Merit Systems Protection Board ("MSPB") under Chapter 75.  Second, the Appeal should be dismissed because FBI employees who are part of the Senior Executive Service, such as the Appellant, also are not permitted to bring such claims to the MSPB according to the applicable federal statute and regulation.  FBI Senior Executive Service employees fall under a separate statutory and regulatory provision that do not include the right to seek external review of removals under Chapter 75.  The legislative history confirms that Congress intended not to permit external review of such decisions.  In addition, analogous cases have held that the failure to include FBI employees in the applicable statutory provisions for other claims, such as the Uniformed

Services Employment and Reemployment Rights Act and whistleblower retaliation claims, precluded review by the MSPB.

## FACTUAL BACKGROUND

The Appellant stated he held a Senior Executive Service position at the FBI. See Appeal, at 3 (Question 7). Specifically, the Appellant held the position of Deputy Assistant Director. See id. On August 9, 2018, the FBI removed the Appellant from his position for misconduct. See id. at 4 ("Removal") and attached letters, dated August 8, 2018 and August 9, 2018. This decision was made after providing the Appellant advance notice, an opportunity to respond in writing and orally, and representation by an attorney. See id.

## ARGUMENT

The Board does not have jurisdiction over the appeal. The Appellant bears the burden of proving jurisdiction. See 5 C.F.R. § 1201.56(b)(2); Maddox v. Merit Systems Protection Board, 759 F.2d 9, 10 (Fed. Cir. 1985); Denny v. Department of the Navy, 43 M.S.P.R. 123, 127 (1990).[1] The Board only has jurisdiction over those matters that have been conferred upon it by statute or regulation. See 5 U.S.C. § 7701; 5 C.F.R. § 1201.3(a); Maddox, 759 F.2d at 10 ("The jurisdiction of the MSPB is not plenary but is limited to those actions which are made appealable to it by law, rule, or regulation."); Leary v. Department of the Navy, 60 M.S.P.R. 529, 531 (1994). The Federal Circuit in Thompson v. Merit Systems Protection Board, 421 F.3d 1336, 1337 (Fed. Cir. 2005), stated that, "The Board's jurisdiction is strictly limited to that provided by statute, rule, or regulation."

---

[1] Issues of Board jurisdiction may be raised at any time during an MSPB proceeding. See Morgan v. Department of the Navy, 28 M.S.P.R. 477, 478 (1985).

2

I.      The Appellant Is Not Preference Eligible

FBI employees are not permitted to bring appeals to the MSPB based on misconduct decisions unless they are preference eligible. See Parkinson v. Department of Justice, 874 F.3d 710, 713 (Fed. Cir. 2017), cert. denied, 138 S.Ct. 2650 (2018). For example, in Patterson v. Department of Justice, 52 M.S.P.R. 651, 653 (1992), the MSPB stated that an FBI employee who was not preference eligible could not bring an appeal to challenge his removal. See also David v. Department of Justice (FBI), DC-0752-17-0068-I-1, 2016 WL 7439485 (Dec. 21, 2016) (Thayer, J.) (dismissing appeal for lack of jurisdiction and explaining that "employees in the excepted service, like the FBI, and who are not preference eligible, are excluded from the universe of persons entitled to present their appeal to the Board").

Preference eligibility is determined by 5 U.S.C. § 2108. The relevant part of this statute requires that an employee serve on active duty during specified time periods and/or military campaigns. See 5 U.S.C. § 2108(3)(A), (B). The definition of preference eligibility, however, expressly excludes FBI Senior Executive Service employees: "but does not include applicants for, or members of…the Federal Bureau of Investigation and Drug Enforcement Administration Senior Executive Service." 5 U.S.C. § 2108(3); see also Johnson v. U.S. Postal Service, CH-0752-12-0533-I-1, 2012 WL 3717086 (July 20, 2012) (dismissing appeal because the appellant did not meet the statutory definition of preference eligibility). Here, the Appellant was removed from his position as an FBI Senior Executive Service employee. See Appeal. Therefore, he is not preference eligible and cannot raise an appeal to the MSPB.

3

## II. The Senior Executive Service Provisions Also Preclude an Appeal

### A. The Statutory Provision for FBI Senior Executive Service Employees Does Not Include an Appeal to the MSPB

Congress created a general Senior Executive Service ("SES") and a separate SES authority for the FBI and Drug Enforcement Administration ("DEA"). See 5 U.S.C. Chapter 31, Subchapter II ("The Senior Executive Service") and Subchapter III ("The Federal Bureau of Investigation and Drug Enforcement Administration Senior Executive Service"). The FBI is expressly excluded from the definition of "agency" in the general SES statute at § 3131. See 5 U.S.C. § 3132(a)(1)(B) ("'agency' means an Executive agency…but does not include—the Federal Bureau of Investigation…."). The decision to create a separate and independent SES for the FBI, as well as the DEA, excludes them from applicable provisions for other federal agencies' SES employees, including removals. See 5 U.S.C. § 3131; cf. 5 U.S.C. § 3151. The cited reason for such an exclusion was the special nature of the FBI and DEA's missions, which are analogous to other intelligence agencies that have similar exclusions: "These agencies were excluded from the government-wide SES because of the special nature of their missions." H.R. Rep. No. 100-608, at 635 (1988).

The applicable provision for removal of FBI SES employees for misconduct under Chapter 75 is 5 U.S.C. § 3151(a)(5)(D). Section 3151(a)(5)(D) provides that FBI SES employees are only entitled to removal procedures that are consistent with certain subsections of 5 U.S.C. § 7543, specifically "subsections (a), (b), and (c)." These subsections are the following: (a) an agency may take action against an employee for misconduct; (b) an employee is entitled to advance notice, an opportunity to respond in writing, representation by an attorney, and a written

4

decision, and (c) an agency may provide for an oral hearing in addition to or in lieu of a written response.[2]  See 5 U.S.C. § 7543.

The FBI SES statute for removals did not reference or include any requirement to comply with subsection (d) of § 7543, which is the provision allowing other (non-FBI/DEA) employees to appeal to the MSPB.  See 5 U.S.C. § 7543(d) ("An employee against whom an action is taken under this section is entitled to appeal to the Merit Systems Protection Board under section 7701 of this title.").  The regulations for adverse actions against SES employees also show that FBI SES employees were excluded.  According to 5 C.F.R. § 752.605(a), only SES employee who are "career appointees" can appeal certain adverse actions to the MSPB.  The definition of "career appointees" in the SES regulations, however, includes only those within "the meaning given in 5 U.S.C. § 3132(a)."  5 C.F.R. § 752.602.  The FBI is expressly excluded from the definition in 5 U.S.C. § 3132(a)(1)(B) as indicated above.[3]  Accordingly, the applicable statute and regulations do not provide for FBI SES employees the right to appeal removals outside of the Department of Justice.  Since Congress chose not to include appeal rights for FBI SES employees, they cannot be implied.[4]

---

[2] As stated above, the Appellant received advance notice when he was proposed for removal, time to answer the proposed removal in writing and orally, representation by his attorney, and a written decision by the FBI.  See Appellant's Appeal, supplemental documentation.

[3] The final rule and implementing regulation that followed also did not provide for any external review of FBI SES removals.  The overall authority over FBI and DEA SES employees was given to the Department of Justice's Deputy Attorney General; the Attorney General authorized the Director of the FBI to maintain responsibility for FBI SES employees.  See 57 Fed. Reg. 31314-02, 31314 (July 15, 1992); 64 Fed. Reg. 46845-01, 46845 (Aug. 27, 1999); 28 C.F.R. § 0.157.

[4] See Coleman v. Department of Homeland Security, SF-0752-04-0846-I-1 (Dec. 21, 2004).  In Coleman, the Administrative Judge concluded that there was no jurisdiction over an appeal by an SES employee who was removed by the Transportation Security Administration ("TSA").  The statutory provision in that case allowed for a new personnel management system for TSA employees, but listed only certain rights under Title 5.  The judge concluded after reviewing the

5

### B.     The Legislative History Supports the Lack of Jurisdiction

The legislative history also demonstrates that there is no MSPB jurisdiction over removals for misconduct by FBI SES employees. The House Report explained the intent and basis for Congress' decision to exclude FBI SES employees from appealing removals outside of the Department of Justice. The House Report stated the following:

> "Section 3151(a)(5)(D) requires that the regulations provide procedures for removal or suspension which are consistent with subsections (a), (b), and (c) of section 7543 of title 5. *In lieu of any hearing or appeal which might be available outside the agency to an individual in the government-wide SES*, the Attorney General's regulations shall provide for an alternative hearing or appeal. This provision is intended to ensure basic due process to members of the FBI-DEA SES while not undermining the need for confidentiality within these agencies."

H.R. Rep. No. 100-608, at 638 (1988) (emphasis added). Accordingly, the legislative history confirms the intent of the statue that did not include the rights included in subsection (d) of 5 U.S.C. § 7543, which allows for an appeal to the MSPB as indicated above.

Congress also explained that the purpose of this statutory provision is to exclude external review. The stated purpose to exclude external review was the need for confidentiality of matters at the highest levels of the FBI and DEA. This is consistent with the reason for creating the FBI/DEA SES system in the first place. See H.R. Rep. No. 100-608, at 635 (1988). This

---

statute and legislative history that "Chapter 75 SES appeal rights are not included and cannot be implied."

The judge in Coleman also found significant that the statute did include other provisions relating to Board appeals, "but did not add the chapter 75 Title 5 SES appeal rights." Here, 5 U.S.C. § 3151 also includes certain limited MSPB appeal rights for a performance-based removal under Chapter 43 pursuant to 5 U.S.C. § 3592, but did not include Chapter 75 SES appeal rights for FBI SES employees. See 5 U.S.C. § 3151(a)(5)(A); cf. 3151(a)(5)(D). The Appellant's removal was for misconduct, as opposed to "less than fully successful executive performance as determined under subchapter II of chapter 43." 5 U.S.C. § 3592(a). The FBI's Office of Professional Responsibility adjudicates matters of misconduct by FBI employees, as opposed to performance-based removals that are handled by the FBI's Human Resources Division.

6

also is consistent with the rationale cited by Congress in excluding FBI employees from asserting other types of claims described below.  The MSPB should find that the legislative history also supports Congress' intent to exclude FBI SES employees from appealing Chapter 75 removals outside of the Department of Justice.

**III.    Analogous Case Law Involving USERRA and Whistleblower Claims**

The MSPB and federal courts, including the Federal Circuit, have ruled that it lacked jurisdiction in similar contexts.  In these cases described below, FBI employees were not included in the particular statutory provisions and therefore the MSPB and courts refused to allow claims to be reviewed outside of the Department of Justice.

**A.    Uniformed Services Employment and Reemployment Rights Act Claims**

The MSPB and courts have dismissed claims brought by FBI employees under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") for lack of jurisdiction.  A statutory provision allows federal employees to bring USERRA claims to the MSPB, but the statute did not include the FBI in the definition of "agency."  See 38 U.S.C. § 4324(b); 38 U.S.C. 4304(5).  As indicated above, the FBI also is not included in the definition of agency for purposes of the SES regulations regarding removals.  See 5 U.S.C. § 3132(a)(1)(B); 5 C.F.R. §§ 752.602, 752.605(a).

In Hernandez v. Department of Justice, AT-4324-15-0765-I-1, 2016 WL 791741, at ¶ 3 (Mar. 1, 2016) (unpublished), the MSPB found that it lacked jurisdiction over USERRA claims against the FBI.  The appellant argued that it was unfair to limit him to internal Department of Justice procedures.  See id. at ¶ 4.  The MPSB rejected that argument and stated, "While we sympathize with the appellant's desire for a hearing, the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation." Id. at ¶ 5.  The

7

MSPB also stated that, "Regardless of whether the appellant received the process required [under the internal procedures], the fact remains that the statutory enforcement scheme of USERRA does not grant the Board jurisdiction to enforce the substantive provisions of the Act against the FBI." Id.  The Federal Circuit affirmed the MSPB's decision.  See Hernandez v. Department of Justice, 662 Fed. Appx. 970 (Oct. 14, 2016) (unpublished); see also Erlendson v. Department of Justice (FBI), 121 M.S.P.R. 441 (2014) (finding lack of jurisdiction for the same reasons cited in Hernandez).

The U.S. Court of Appeals for the Second Circuit in Dew v. United States, 192 F.3d 366 (2nd Cir. 1999), cert. denied, 529 U.S. 1053 (2000), also came to same conclusion.  The court held that the relevant statute "reveals it was clearly Congress' intent to preclude" outside review of USERRA claims by the employees of the intelligence community, including the FBI.  Id. at 372.  The court examined the applicable statute pertaining to FBI employees and explained that it contained certain rights for federal intelligence agency employees, yet did not include the provision for external review.  See id. at 373.  Here, 5 U.S.C. § 3151 also provided specified procedural protections for FBI SES employees in removals, but did not include a provision for MSPB review.  In Dew, the court relied on the legislative history and cited statements that "external enforcement by the MSPB" would be inconsistent with the need to protect from outside review firing decisions in the national security context.  See Dew, 192 F.3d at 373.  Here, the legislative history for FBI SES employees also indicated Congress' intent not to permit a "hearing or appeal which might be available outside the agency to an individual in the government-wide SES...."  H.R. Rep. No. 100-608, at 638.  The underlying reason for precluding outside review of claims by FBI SES employees was similar, that is, to ensure that the type of sensitive information handled by FBI SES employees remains confidential.  See id.

B.     **Whistleblower Claims**

The MSPB and courts also have dismissed cases for lack of jurisdiction because the FBI was not included in the statutory provision for whistleblower retaliation claims.  In <u>Van Lancker v. Department of Justice</u>, 119 M.S.P.R. 514 (2013), an FBI employee asserted a whistleblower retaliation claim.  The MSPB concluded that FBI employees cannot assert such claims at the MSPB.  <u>See id</u>. at 518, ¶ 11.  The relevant statutory provision for prohibited personnel practices, including whistleblower retaliation, did not include the FBI in its coverage.  <u>See id</u>. at 517, ¶ 10.  Rather, a separate provision for the FBI provided that the Attorney General could prescribe regulations for internal review for FBI whistleblowers.  <u>See id</u>. at 519, ¶ 14.  The MSPB in <u>Van Lancker</u> also relied on the legislative history, which indicated that Congress intended that FBI whistleblower appeals "not be to the outside but to the Attorney General."  <u>Id</u>.  The reason for limiting reviews internally was "because of the sensitive information that is likely to be involved in such matters."  <u>Id</u>. (citing Federal Register and regulation).  Accordingly, the MSPB deferred to Congress and its stated intent when it concluded there was no jurisdiction.

The Federal Circuit in <u>Parkinson v. Department of Justice</u>, 874 F.3d 710 (Fed. Cir. 2017), <u>cert</u>. <u>denied</u>, 138 S.Ct. 2650 (2018), affirmed the holding in <u>Van Lancker</u>.  The court stated that since the statute envisioned a separate whistleblower protection scheme for FBI employees, "it is improper to read an intent by Congress to allow whistleblower affirmative defenses by preference-eligible FBI employees" under the general provision allowing such claims by other federal agency employees.  <u>See id</u>. at 716.  The court further reasoned that if Congress had intended to allow FBI employees to assert such claims, it could have explicitly stated so in the statute itself, but "[i]t did not."  <u>Id</u>.  Here, the statutory provision that provides the rights for FBI SES employees who are removed also could have included the specific subsection that provided

9

MSPB appeal rights to other employees – 5 U.S.C. § 7543(d) – but it did not.  See 5 U.S.C. § 3151.  Instead, 5 U.S.C. § 3151 only referenced subsections (a), (b), and (c) of § 7543 for the protections for FBI SES employees.

The court in Parkinson also relied on legislative history, which showed the Congress recognized that the FBI has exclusive investigative responsibility for highly sensitive matters, such as foreign counterintelligence activities.  See id. at 717 (citing Congressional Record). Congress also determined that FBI employees should be exempted from external review on the same basis as other national security agencies, including the Central Intelligence Agency, Defense Intelligence Agency, and National Security Agency.  See id.  The Federal Circuit therefore concluded based on the statutory provisions and legislative history that the MSPB did not have jurisdiction over FBI employees' claims of whistleblower retaliation.  See id.

The reasoning in these USERRA and whistleblower retaliation cases, as well as the Coleman case cited above, see supra at page 5-6 n.4, supports the FBI's argument that there is no jurisdiction over claims by FBI SES employees who are removed.  As stated above, the Board only has jurisdiction over those matters that have been conferred upon it by statute or regulation. See 5 U.S.C. § 7701; 5 C.F.R. § 1201.3(a); Leary v. Department of the Navy, 60 M.S.P.R. 529, 531 (1994).  The Federal Circuit in Weyman v. Department of Justice, 58 M.S.P.R. 509, 512 (1993), stated that "The Board does not have jurisdiction over all actions that are alleged to be incorrect," but rather "only has jurisdiction that pertinent statutes and regulations provide it." Here, the Appellant is not preference eligible, which is required for FBI employees to establish jurisdiction.  The applicable statutory provision, regulations, legislative history, and analogous

10

case law also demonstrate that there is no MSPB jurisdiction.[5] The MPSB should therefore find that the Appellant cannot meet his burden of establishing jurisdiction.

## CONCLUSION

For the reasons stated above, the Agency respectfully requests that the Appeal be dismissed for lack of jurisdiction.

                          Respectfully submitted,

                          /s/ Chad Tang filed by E-Appeal
                          Eric Huang
                          Chad Tang
                          Assistant General Counsel
                          FBI, Office of the General Counsel
                          Employment Law Unit
                          935 Pennsylvania Avenue, N.W., Suite 10140
                          Washington, D.C.  20535
                          Telephone: (202) 324-2570/2390
Date:  October 5, 2018             Facsimile:  (202) 323-3855

---

[5] The FBI is not aware of any MSPB decisions concluding that the MSPB has jurisdiction over FBI SES employees who are disciplined for misconduct under Chapter 75.

11

# Certificate Of Service

e-Appeal has handled service of the assembled pleading to MSPB and the following Parties.

| Name & Address | Documents | Method of Service |
| --- | --- | --- |
| MSPB: Washington Regional Office | Agency's Motion to Dismiss for Lack of Jurisdiction | e-Appeal / e-Mail |
| Richard A. Salzman, Esq.<br>Appellant Representative | Agency's Motion to Dismiss for Lack of Jurisdiction | e-Appeal / e-Mail |
| Chief Employment Law<br>Agency Representative | Agency's Motion to Dismiss for Lack of Jurisdiction | e-Appeal / e-Mail |
| Eric Huang<br>Agency Representative | Agency's Motion to Dismiss for Lack of Jurisdiction | e-Appeal / e-Mail |

I agree to send a printed copy of the electronic pleading with attachments to non-efilers by the end of next business day, as follows:

| Name & Address | Documents | Method of Service |
| --- | --- | --- |
| Peter P. Strzok<br>Appellant<br><br>3214 Prince William Drive<br>Fairfax, VA 22031<br>USA | Agency's Motion to Dismiss for Lack of Jurisdiction | US Postal Mail |