UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER STRZOK, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil Action No. 19-cv-2367 (ABJ) |
| ATTORNEY GENERAL WILLIAM F. BARR, in his official capacity, *et al.*, | ) |
| *Defendants*. | ) |

## PROPOSED INTERVENOR LISA PAGE'S RESPONSE TO DEFENDANTS' MOTION TO CONSOLIDATE

Proposed Intervenor Lisa Page files this response to inform the Court of her position regarding the government's motion to consolidate this action with *Page v. U.S. Department of Justice*, No. 19-cv-3675 (TSC), a pending matter in which Ms. Page is the plaintiff. Ms. Page has filed the appropriate related case notices, as required by Local Rule 40.5(b), and takes no position on whether her case should be reassigned to this Court. To the extent the government seeks to consolidate the cases "for all purposes," *see* Mot. to Consolidate, ECF No. 42, at 1, 6, Ms. Page opposes the request. Ms. Page and Mr. Strzok are differently positioned, and consolidation for all purposes may well prejudice her interest in promptly and efficiently resolving her single-count Privacy Act complaint.

### BACKGROUND

There are presently three civil actions pending in this Court that relate in whole or in part to Defendants U.S. Department of Justice's ("DOJ") and Federal Bureau of Investigation's ("FBI")

improper disclosure of agency records about Ms. Page and Plaintiff Peter Strzok to the media on December 12, 2017 (the "December 12 disclosure").

### The *Page* Action

On December 10, 2019, Ms. Page filed an action against Defendants DOJ and FBI, alleging a single Privacy Act count based on the December 12 disclosure. The complaint asserts that "[o]n December 12, 2017, Defendants violated the Privacy Act by unlawfully disclosing agency records pertaining to Plaintiff—namely, a 90-page document reflecting 375 text messages between Plaintiff and [Mr. Strzok]—to a group of reporters." *Page*, Compl., ECF No. 1, ¶ 3. At the time of filing, Ms. Page identified her case as "related" within the meaning of Local Rule 40.5(a)(3) to both this action and an earlier-filed case, *Citizens for Responsibility and Ethics v. U.S. Department of Justice*, No. 18-cv-0007 (TSC) (the "CREW FOIA" case), which was assigned to Judge Chutkan. *See Page*, Notice of Related Case, ECF No. 2 (D.D.C. filed Dec. 10, 2019) (noting that the CREW FOIA case "involves common issues of fact" with the *Page* case); *id.*, Notice of Related Case, ECF No. 3 (D.D.C. filed Dec. 10, 2019) (noting that the *Strzok* case "involves common issues of fact" and "grows out of the same event or transaction" as the *Page* case). The *Page* case was assigned to Judge Chutkan.

On March 13, 2020, Defendants DOJ and FBI filed their answer in the *Page* case. Because this case is no longer exempt from discovery obligations under Local Rule 16.3(b), which provides that "[t]he requirements of this Rule and of Fed. R. Civ. P. 16(b) and 26(f), shall not apply in cases in which no answer has yet been filed," Ms. Page's counsel has contacted government counsel to schedule the Rule 26(f) conference preparatory to discovery. On the same day Defendants filed their answer, they also moved for summary judgment. Ms. Page's response is due on April 3.

**The CREW FOIA Case**

CREW filed its case against DOJ on January 3, 2018, just weeks after the December 12 disclosure. That suit "challenges the failure of [DOJ] to disclose to CREW communications concerning DOJ's decision to invite reporters to DOJ on December 12, 2017, to share with them private text messages from [Ms. Page and Mr. Strzok]." *Citizens for Responsibility and Ethics v. U.S. Dep't of Justice*, No. 18-cv-0007 (TSC), First. Am. Compl., ECF No. 4, ¶ 1 (D.D.C. filed Jan. 16, 2018). Following the filing of CREW's suit, DOJ produced various responsive records to CREW, and both DOJ and CREW have posted documents from those productions on their websites. *See* U.S. Dep't of Justice, https://www.justice.gov/file/1223146/download;[1] CREW Requests DOJ Records on Release of Strzok and Page Texts, *Citizens for Responsibility & Ethics in Washington*, Dec. 13, 2017, https://www.citizensforethics.org/foia/expedited-foia-request-department-justice-office-inspector-general-office-information-policy-fbi-leak/. Because these documents relate to DOJ's involvement in the December 12 disclosure, they are highly relevant to Ms. Page's Privacy Act claim.

**The *Strzok* Action**

Approximately a year and a half after CREW filed its lawsuit, Plaintiff Peter Strzok filed this action. Mr. Strzok primarily alleges that "[t]he FBI fired [him] because of his protected political speech in violation of his rights under the First Amendment" and "deprived [him] of his property interest in his employment without due process, in violation of his rights under the Fifth Amendment." Compl. ¶ 5. The complaint asserts claims for (1) unlawful termination of Mr.

---

[1] To access this file from DOJ's "FOIA Library" for the Office of Information Policy, visit https://www.justice.gov/oip/available-documents-oip; navigate to section "FOIA-Processed Documents," subsection "General Topics of Interest," and category "Records Concerning Sharing of the Content of Text Messages between FBI Agents Peter Strzok and Lisa Page"; and click the link titled "Interim (January 3, 2017 – January 4, 2018)."

Strzok's employment because of his protected speech in violation of the First Amendment to the United States Constitution; (2) infringement of Mr. Strzok's right to due process under the law in violation of the Fifth Amendment to the United States Constitution (also based on his termination); and (3) violations of the Privacy Act, based on both the December 12 disclosure and pre-December 12 leaks of information about the text messages. Mr. Strzok classified his case as an "Other Civil Rights" case, not a Privacy Act case. Civil Cover Sheet, ECF No. 1-1. No notice of related case was filed, and the *Strzok* case was assigned to this Court. Defendants have moved for dismissal or, in the alternative, summary judgment as to Mr. Strzok's constitutional claims, and summary judgment as to his Privacy Act claim (ECF No. 30), and that motion has been fully briefed since January 31, 2020. Defendants have not yet answered Mr. Strzok's complaint and will not be required to do so until after the Court decides Defendants' partial motion to dismiss. *See* Fed. R. Civ. P. 12(a)(4). Therefore, the case is exempt from discovery obligations under Local Rule 16.3(b).

**Defendants' Motion to Consolidate**

On March 13, 2020, the same day they answered and moved for summary judgment in *Page*, Defendants filed a motion in this action to consolidate the *Page* case with this one "for all purposes." Mot. to Consolidate at 1, 6. Defendants also submitted a notice of this filing in the *Page* case.

## DISCUSSION

Ms. Page takes no position on reassignment. Ms. Page opposes Defendants' request to consolidate the actions "for all purposes" because the requested consolidation may well prejudice her interests in a prompt and efficient disposition of her narrowly focused claims.

4

*First*, Ms. Page takes no position on reassignment.  When Ms. Page filed her action, she properly identified both this case and the CREW FOIA case as "related" within the meaning of Local Rule 40.5(a)(3), and the matter was assigned to Judge Chutkan.  *See* L.R. 40.5(c)(1) (providing that "the Clerk shall assign the new case to the judge to whom the oldest related case is assigned").  Ms. Page filed both notices so that the Court could determine the appropriate assignment and understood that assignment to Judge Chutkan was proper under the rules.  Ms. Page continues to maintain that both cases are related to hers and defers to the Court on the issue of judicial assignment.

*Second*, although assignment to either Judge is proper, consolidation for all purposes would be inappropriate because Ms. Page and Mr. Strzok are differently positioned.  In exercising its discretion to consolidate cases under Federal Rule of Civil Procedure 42(a), a "district court[ ] must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated."  *Nat'l Sec. Counselors v. Cent. Intelligence Agency*, 322 F.R.D. 41, 43 (D.D.C. 2017).  Here, the risk of prejudice outweighs the benefits of consolidation because (1) there are meaningful differences in the current posture of the two cases and (2) the majority of Mr. Strzok's claims have no overlap with Ms. Page's case.

Most importantly, the posture of Ms. Page's case entitles her to pursue discovery at this time, but consolidation for all purposes threatens to interfere with that ability.  Because Defendants DOJ and FBI filed an answer in the *Page* case on March 13, they are no longer exempted from discovery obligations under the Local Rules.  *See* L.R. 16.3(b).  Ms. Page has already contacted government counsel to request a Rule 26(f) conference, and she is ready to proceed with discovery

at the earliest opportunity. In addition, because the pending dispositive motion in the *Page* case involves only a single issue—whether Defendants have shown that they are entitled to summary judgment on the Privacy Act claim prior to any discovery—Ms. Page is in a position to ask the Court for a prompt decision denying the government's motion as premature. In this action, by contrast, Defendants have not filed an answer, and adjudication of Defendants' motion to dismiss and/or for summary judgment will require the Court to decide a range of complex legal issues.

The cases also differ significantly in their claims and overall emphasis. Ms. Page has filed a single-count Privacy Act claim that can be resolved by looking to the actions of DOJ and FBI in connection with the December 12 disclosure. The *Strzok* case presents not only a broader Privacy Act claim but also complex constitutional claims, involves additional potential witnesses and document custodians, and is, at its core, a wrongful termination case. Defendants acknowledge that "the *Strzok* case presents additional claims based on his dismissal from the Federal Bureau of Investigation and an additional alleged violation of the Privacy Act." Mot. to Consolidate at 4. In fact, those constitutional claims have overshadowed the Privacy Act claim in the parties' briefing so far: Mr. Strzok's opposition brief, for example, devoted 25 pages of argument to the termination claims and only 11 pages to the Privacy Act claims. *See* Pls.' Opp. to Defs.' MTD/MSJ, ECF No. 36. As these filings reflect, Mr. Strzok's case will require significant fact development, legal analysis, and other judicial and party resources in connection with claims that have no overlap with Ms. Page's case. Moreover, because the complex constitutional claims are likely to dominate the proceedings, the risk of prejudice to Ms. Page goes beyond simple delay.

In the event the Court determines that reassignment is appropriate, Ms. Page respectfully requests that the Court wait until briefing on Defendants' summary judgment motion in her case is completed before ruling on the Privacy Act claims in this action. As noted, the Privacy Act

issues have received relatively less attention in the parties' briefing in this case due to the predominance of other claims, and Ms. Page intends to bring additional arguments and authorities to bear on the significant Privacy Act issues implicated by the December 12 disclosure. To the extent that there is commonality between Ms. Page's and Mr. Strzok's respective Privacy Act claims, Ms. Page submits that the interests of justice will be best served by the Court having the benefit of full briefing on the Privacy Act issues before ruling on the Privacy Act claims in either case.

## CONCLUSION

This Court should deny Defendants' motion to consolidate this action with the *Page* case for all purposes. Ms. Page takes no position on reassignment.

Dated: March 27, 2020

Respectfully submitted,

/s/ Amy Jeffress
Amy Jeffress (D.C. Bar No. 449258)
Kaitlin Konkel (D.C. Bar No. 1021109)
ARNOLD & PORTER
 KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Fax: (202) 942-5999

*Counsel for Proposed Intervenor
Lisa Page*