## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PETER P. STRZOK, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 1:19-cv-2367-ABJ |
| v. | ) | |
| | ) | |
| ATTORNEY GENERAL WILLIAM F. BARR, | ) | |
| in his official capacity, *et al*., | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |
| | ) | |

## **ANSWER**

1.      The allegations in the first sentence of Paragraph 1 are admitted.  The allegations in the remaining sentences of Paragraph 1 all pertain to the June 15, 2018 proposal by the Office of Professional Responsibility ("OPR") career staff within the Federal Bureau of Investigation ("FBI").  Defendants admit that OPR staff proposed on June 15, 2018 to dismiss Plaintiff from the FBI, and Defendants respectfully refer the Court to that proposal for a full and accurate statement of its contents.

2.      Defendants admit the specific allegations in the first and second sentences of Paragraph 2 indicating that Assistant Director ("AD") Candice M. Will issued a letter containing her decision on August 8, 2018, and Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.  The allegations in the third sentence of Paragraph 2 consist of legal conclusions, to which a response is not required; but to the extent a response may be deemed to be required, the allegations are denied, except to admit that AD Will's letter referenced and attached a "Last Chance" Adjudication Agreement, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.

3.      Defendants deny the allegations in Paragraph 3, except to admit that, on August 9, 2018, Deputy Director ("DD") David Bowdich exercised his delegated authority to modify AD Will's decision as necessary to advance the best interests of the FBI, that DD Bowdich dismissed Plaintiff on August 9, 2018 effectively immediately, and that DD Bowdich's decision was not subject to further administrative review.  Defendants further refer the Court to the President's public statements for a full and accurate description of their contents.

4.      Denied.

5.      The allegations in the first and second sentences of Paragraph 5 are denied.  The allegations in the third sentence of Paragraph 5 consist of Plaintiff's characterization of his action against Defendants, to which a response is not required; but to the extent a response may be deemed to be required, it is admitted that Plaintiff seeks equitable and injunctive relief for alleged violations of the First Amendment and the Fifth Amendment of the Constitution and the Privacy Act, but the remaining allegations in the third sentence of Paragraph 5 are denied.

6.      The allegations in Paragraph 6 consist of Plaintiff's characterization of his action against Defendants and legal conclusions, to which a response is not required.

7.      The allegations in Paragraph 7 consist of a legal conclusion regarding venue, to which a response is not required; but to the extent a response may be deemed to be required, it is admitted that Special Agent Strzok worked in the District of Columbia.

8.      Defendants admit the allegation in the first sentence of Paragraph 8 that Plaintiff is a citizen of the United States.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding where Plaintiff currently resides, and that allegation is therefore denied.  Defendants deny the allegations in the second sentence of Paragraph 8, except to admit that Plaintiff was removed from the FBI on August 9, 2018.

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and those allegations are therefore denied.

14.     Admitted.

15.     Regarding the allegations in the first, second, third, and fourth sentences of Paragraph 15, Defendants admit that Plaintiff was employed with the FBI for over 20 years and worked on numerous high-profile and sensitive investigations over the course of his FBI career. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of those allegations, and those allegations are therefore denied.  Defendants admit the allegations in the fifth sentence of Paragraph 15.

16.     Defendants admit that Plaintiff was assigned to investigations that implicated national security and that Plaintiff received an "Outstanding" rating on multiple performance appraisals and received multiple awards of the course of his employment with the FBI.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and those allegations are therefore denied.

17.     The allegations in Paragraph 17 consist of legal conclusions to which a response is not required; but to the extent a response may be deemed required, Defendants respectfully refer the Court to the cited regulation for a full and accurate statement of its contents.

18.     The allegations in Paragraph 18 consist of legal conclusions to which a response is not required.

19. The allegations in Paragraph 19 consist of legal conclusions to which a response is not required.

20. The allegations in Paragraph 20 consist of legal conclusions to which a response is not required.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 21, and those allegations are therefore denied. The allegations in the second sentence of Paragraph 21 consist of legal conclusions to which a response is not required.

22. The allegations in Paragraph 22 consist of legal conclusions to which a response is not required; but to the extent a response may be deemed required, Defendants deny that the government engaged in viewpoint discrimination.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 23, and those allegations are therefore denied. With respect to the allegations in the remaining sentences of Paragraph 23, Defendants admit that President Trump did not remove Kellyanne Conway from her position in response to the Office of Special Counsel's findings. Defendants respectfully refer the Court to Office of Special Counsel reports and the article cited in Paragraph 23 for a full and accurate statement of their contents.

24. Defendants admit the allegations in the first sentence of Paragraph 24 that the House Committee on Oversight and Reform issued a subpoena to Mrs. Conway in connection with the Office of Special Counsel's conclusion that Ms. Conway violated the Hatch Act. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and those allegations are therefore denied. Defendants respectfully refer the Court to the article cited in Paragraph 24 for a full and accurate statement of its contents.

4

25.     To the degree Paragraph 25 alleges that Mrs. Conway or others violated the Hatch Act, it calls for a legal conclusion to which a response is not required.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and those allegations are therefore denied.  Defendants respectfully refer the Court to the article cited in Paragraph 25 for a full and accurate statement of its contents.

26.     Defendants deny the allegations in the first sentence of Paragraph 26.  The meaning of the word "actions" in the second sentence of Paragraph 26 is ambiguous and undefined.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 26 because the meaning of "actions" is ambiguous and undefined, and those allegations are therefore denied.

27.     To the degree Paragraph 27 alleges that Defendants engaged in viewpoint discrimination with respect to Plaintiff, the allegations in Paragraph 27 are denied.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and those allegations are therefore denied.

28.     Defendants admit the specific allegations in the first sentence of Paragraph 28 stating that the FBI's OPR staff issued a disciplinary proposal on June 15, 2018.  Defendants respectfully refer the Court to that proposal for a full and accurate statement of its contents.  Defendants deny the allegations in the second sentence of Paragraph 28.  The allegations in the third sentence of Paragraph 28 consist of a legal conclusion, to which a response is not required; but to the extent a response may be deemed required, Defendants admit that the relevant text messages were critical of then-candidate Trump and that Plaintiff was working on the investigation into the use of a private email server by former Secretary of State Clinton and/or Russian interference in the 2016 election when Plaintiff sent the text messages.

29.     Defendants admit that the language quoted in Paragraph 29 is contained in the OPR staff's June 15, 2018 proposal.  Defendants respectfully refer the Court to that proposal for a full and accurate statement of its contents.

30.     The allegations in the first and second sentences of Paragraph 30 are admitted. Regarding the allegations in the third and fourth sentences of Paragraph 30, Defendants admit that the quoted language and an explanation regarding certain statements in Plaintiff's text messages are contained in the referenced response.  Defendants respectfully refer the Court to the referenced response for a full and accurate statement of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 30, and those allegations are therefore denied.

31.     The allegations in the first sentence of Paragraph 31 are admitted.  Defendants admit the particular allegations in the second sentence of Paragraph 31 that then-Special Agent Strzok was one of the key members of the team investigating Russian interference in the 2016 election.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 31, and those allegations are therefore denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 31, and those allegations are therefore denied.  Defendants admit the allegations in the fourth sentence of Paragraph 31.

32.     The allegations in the first sentence of Paragraph 32 are denied, except to admit that the Office of the Inspector General ("OIG") conducted a review of various actions by the FBI and the DOJ in connection with the investigation into the use of a private email server by former Secretary of State Hillary Clinton and that part of the review examined whether certain investigative decisions were based on improper considerations.  As to the second and third

sentences of Paragraph 32, Defendants admit that the quoted language appears in the cited OIG report and that OIG found that, in some instances, Plaintiff and Ms. Page advocated for more aggressive investigative measures than did others on the Midyear team.  Defendants respectfully refer the Court to the OIG report for a full and accurate statement of its contents.

33.    Defendants deny the allegations in Paragraph 33, except to admit that AD Will issued a decision demoting Plaintiff and suspending him for 60 days for engaging in unprofessional conduct off duty, committing a security violation, and a dereliction of his supervisory responsibility.  Defendants respectfully refer the Court to AD Will's decision for a complete and accurate statement of its contents.

34.    Defendants admit that AD Will issued a decision on August 8, 2018 and that the quoted language is contained in that decision.  Defendants respectfully refer the Court to AD Will's decision for a complete and accurate statement of its contents.

35.    The allegations in Paragraph 35 consist of legal conclusions, to which a response is not required; but to the extent a response may be deemed to be required, Defendants admit that AD Will's August 8, 2018 decision referenced a "Last Chance Agreement" that Plaintiff signed on July 26, 2018.  Defendants respectfully refer the Court to AD Will's decision and the referenced "Last Chance Agreement" for a full and accurate statement of their contents.

36.    Defendants admit that the language quoted in Paragraph 36 is contained in AD Will's August 8, 2018 decision.  Defendants respectfully refer the Court to AD Will's decision for a full and accurate statement of its contents.

37.    Defendants admit that DD Bowdich reconsidered AD Will's decision and concluded that dismissal was appropriate and that the quoted language is contained in DD

Bowdich's August 9, 2018 decision.  Defendants respectfully refer the Court to DD Bowdich's decision for a complete and accurate statement of its contents.

38.     Defendants deny the allegations in Paragraph 38, except to admit that the quoted language is contained in DD Bowdich's August 9, 2018 letter.  Defendants respectfully refer the Court to that letter for a complete and accurate statement of its contents.

39.     Defendants admit that the quoted language is contained in DD Bowdich's August 9, 2018 decision.  Defendants respectfully refer the Court to DD Bowdich's decision for a full and accurate statement of its contents.

40.     Defendants deny the allegations in the first and second sentences of Paragraph 40, except to admit that most FBI employees can appeal certain disciplinary findings to a Disciplinary Review Board comprised in part by management and executive level officials.  The third sentence of Paragraph 40 does not cite the source of quoted language, and therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in that sentence.  The allegations in the third sentence of Paragraph 40 are therefore denied.

41.     Defendants deny the allegations in Paragraph 41 except to admit that Plaintiff's counsel wrote to DD Bowdich and that Plaintiff has accurately quoted from that communication.

42.     Defendants admit the allegations in the first sentence of Paragraph 42 that DD Bowdich did not personally respond to Plaintiff's counsel's email.  Regarding the allegations in the second sentence of Paragraph 42, Defendants admit that the FBI's Office of General Counsel sent an email to Plaintiff's counsel on August 20, 2018.  Defendants respectfully refer the Court to that email for a full and accurate statement of its contents.  Regarding the allegations in the third sentence of Paragraph 42, Defendants admit that Plaintiff did not receive a subsequent response from the FBI.  Defendants deny the allegations in the fourth sentence of Paragraph 42, except to

admit that Plaintiff was not permitted to pursue further administrative review of DD Bowdich's decision and that Plaintiff was removed from the rolls of the FBI.

43.     Defendants admit the allegations in the first sentence of Paragraph 43.  Defendants admit the allegation in the second sentence of Paragraph 43 that the Merit Systems Protection Board concluded that it lacked jurisdiction over Plaintiff's appeal.  Defendants respectfully refer the Court to the Merit Systems Protection Board's decision for a full and accurate statement of its contents.  The allegations in the third sentence of Paragraph 43 consist of a legal conclusion, to which a response is not required.

44.     Defendants deny the allegations in Paragraph 44, except to admit that the FBI's OPR staff referred to AD Will as the "deciding official" in the June 15, 2018 proposal and that DD Bowdich reversed the decision of AD Will.

45.     Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 45, and those allegations are therefore denied. Regarding the allegations in the second sentence of Paragraph 45, Defendants admit that Plaintiff has quoted language from the cited article.  Defendants respectfully refer the Court to that article for a full and accurate statement of its contents.

46.     Defendants admit that Plaintiff has cited Twitter posts of the President's. Defendants respectfully refer the Court to those Twitter posts for a full and accurate statement of their contents.

47.     Defendants admit that the quoted language in Paragraph 47 is contained in the transcript of the President's June 15, 2018 remarks.  Defendants respectfully refer the Court to that transcript for a full and accurate statement of its contents.  Defendants otherwise lack knowledge

or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and those allegations are therefore denied.

48.     Denied.

49.     Defendants deny the allegations in the first sentence of Paragraph 49.  Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 49, and those allegations are therefore denied.

50.     Defendants deny the allegations in the first sentence of Paragraph 50, except to admit that DD Bowdich reversed the decision of AD Will and that DD Bowdich made the decision to dismiss Plaintiff from the FBI.  Defendants deny the allegations in the second sentence of Paragraph 50 except to admit that that AD Will was the designated deciding official; that AD Will had the authority to make a final decision, although her decision was subject to further review; and that AD Will's reasoning is reflected in her August 8, 2018 decision.  Defendants respectfully refer the Court to that decision for a full and accurate statement of its contents.  Defendants deny the allegations in the third sentence of Paragraph 50, except to admit that AD Will was the designated deciding official in other OPR matters from August 2004 until December 2018.

51.     Defendants deny the allegations in Paragraph 51, except to admit that Plaintiff was not provided with or entitled to the opportunity to appeal his termination to the Disciplinary Review Board.  Defendants respectfully refer the Court to the June 15, 2018 proposal letter for a full and accurate statement of its contents.

52.     Denied.

53.     Defendants deny the allegations in Paragraph 53, except to admit that Plaintiff's termination resulted in the loss of his job and certain employment benefits.

54.     Denied.

55.     Regarding the allegations in the first sentence of Paragraph 55, Defendants admit that the 375 text messages disclosed to the media on December 12, 2017 were discovered during the OIG's review of various actions by the FBI and the DOJ in connection with the investigation into the use of a private email server by former Secretary of State Hillary Clinton.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 55, and those allegations are therefore denied, except to admit that then–Deputy Attorney General ("DAG") Rod Rosenstein authorized the disclosure of the relevant text messages to the media on December 12, 2017.  Defendants further aver that, on November 30, 2017, DOJ disclosed the existence of certain text messages exchanged between Plaintiff and Ms. Lisa Page, and the general content of those text messages, to defense counsel as potentially exculpatory information in a criminal prosecution arising out of the investigation into Russian interference in the 2016 presidential election conducted by Special Counsel Robert S. Mueller, III. *See United States v. Flynn*, 411 F. Supp. 3d 15, 24 (D.D.C. 2019).

56.     The allegations in the first sentence of Paragraph 56 consist of a legal conclusion, to which a response is not required.  As to the second and third sentences of Paragraph 56, Defendants admit that the FBI maintains the Enterprise Security Operations Center system, which may collect text messages sent to or from FBI-issued mobile devices, and that such text messages may be retrieved in certain circumstances using the telephone numbers of those devices, but Defendants deny that the Enterprise Security Operations Center system is a "system of records" within the meaning of the Privacy Act.

57.     The allegations in the first sentence of Paragraph 57 are denied.  Defendants admit that the second sentence of Paragraph 57 quotes language contained in the Federal Register.  The

remaining allegations in the second sentence of Paragraph 57 consist of legal conclusions, to which a response is not required.

58.     The allegations in the first sentence of Paragraph 58 consist of a legal conclusion to which a response is not required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 58, and those allegations are therefore denied, except to admit that then-DAG Rosenstein authorized the disclosure of the relevant text messages to the media on December 12, 2017.  Defendants further aver that, on November 30, 2017, the DOJ disclosed the existence of certain text messages exchanged between Plaintiff and Ms. Lisa Page, and the general content of those text messages, to defense counsel as potentially exculpatory information in a criminal prosecution arising out of the investigation into Russian interference in the 2016 presidential election conducted by Special Counsel Robert S. Mueller, III.  *See United States v. Flynn*, 411 F. Supp. 3d 15, 24 (D.D.C. 2019).

59.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and those allegations are therefore denied.   However, Defendants aver that, on November 30, 2017, the DOJ disclosed the existence of certain text messages exchanged between Plaintiff and Ms. Lisa Page, and the general content of those text messages, to defense counsel as potentially exculpatory information in a criminal prosecution arising out of the investigation into Russian interference in the 2016 presidential election conducted by Special Counsel Robert S. Mueller, III.  *See United States v. Flynn*, 411 F. Supp. 3d 15, 24 (D.D.C. 2019).

60.     Defendants admit that, on December 2, 2017, the New York Times and the Washington Post printed stories that characterized the contents of certain text messages sent or received by Plaintiff.

61.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 61, and those allegations are therefore denied, except to admit that, on December 2, 2017, the New York Times and the Washington Post each published an article regarding text messages sent or received by Plaintiff.  Defendants further aver that, on November 30, 2017, the DOJ disclosed the existence of certain text messages exchanged between Plaintiff and Ms. Lisa Page, and the general content of those text messages, to defense counsel as potentially exculpatory information in a criminal prosecution arising out of the investigation into Russian interference in the 2016 presidential election conducted by Special Counsel Robert S. Mueller, III.  *See United States v. Flynn*, 411 F. Supp. 3d 15, 24 (D.D.C. 2019).  Regarding the allegations in the second sentence of Paragraph 61, Defendants admit that Sarah Isgur communicated with reporters by email regarding certain text messages sent or received by Plaintiff, and Defendants respectfully refer the Court to those communications for a full and accurate statement of their contents.

62.     Defendants admit that the Department allowed members of the news media to review the relevant 375 text messages on December 12, 2017.  The remaining allegations in the first sentence of Paragraph 62 consist of legal conclusions, to which a response is not required; but to the extent a response may be deemed required, the allegations are denied.  Defendants admit the allegations in the second sentence of Paragraph 62 that the referenced press release contained the phrase "public release," and Defendants refer the Court to that press release for a full and accurate statement of its contents.

63.     Defendants deny the allegations in the first sentence of Paragraph 63, because the identity of the person responsible for authorizing the December 12, 2017 disclosure of certain text messages sent or received by Plaintiff is already known.  Defendants admit the particular

allegations in the second and third sentences of Paragraph 63 that emails indicate Ms. Isgur and certain other DOJ officials in the Office of the Deputy Attorney General and the Office of Public Affairs were aware that then-DAG Rosenstein authorized the disclosure of those text messages to the media. Defendants deny that the referenced emails indicate that the Inspector General was apprised of the impending disclosure of those text messages to the media. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in the fourth sentence of Paragraph 63, and those allegations are therefore denied.

64.     Defendants deny the allegations in the first sentence of Paragraph 64, except to admit that certain members of congressional staff were not available to receive the Department's delivery of the 375 text messages on December 12, 2017. Regarding the allegations in the second sentence of Paragraph 64, Defendants admit that Judiciary committee staff communicated with OLA. Defendants respectfully refer the Court to those communications for a full and accurate statement of their contents.

65.     Defendants admit the allegations in Paragraph 65 that staff for the House Permanent Select Committee on Intelligence communicated with OLA regarding the December 12, 2017 release of the relevant text messages and respectfully refer the Court to those communications for a full and accurate statement of their contents. Defendants deny that the 375 text messages were made available to the press before delivery of those text messages was made to certain congressional committees.

66.     The allegations in Paragraph 66 consist of a legal conclusion, to which a response is not required; but to the extent a response may be deemed to be required, they are denied.

67.     Defendants admit that Plaintiff did not provide written authorization for the Department's release of the 375 text messages on December 12, 2017. To the extent the allegations

14

in Paragraph 67 contain a legal conclusion regarding the significance of Plaintiff's authorization, a response is not required; but to the extent a response may be deemed to be required, Defendants deny that Plaintiff's authorization was legally necessary in order for the Department to release those text messages in order to comply with the Privacy Act.

68.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and those allegations are therefore denied.

69.     Defendants deny the allegations in the first clause of Paragraph 69.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69, and those allegations are therefore denied.

70.     Denied.

71.     With respect to the allegations in Paragraph 71, Defendants repeat and replead the answers set forth in the responses to the preceding paragraphs.

72.     Denied.

73.     Denied.

74.     The allegations in Paragraph 74 consist of legal conclusions, to which a response is not required.

75.     With respect to the allegations in Paragraph 75, Defendants repeat and replead the answers set forth in the responses to the preceding paragraphs.

76.     Defendants deny the allegations in Paragraph 76, except to admit that DD Bowdich reversed the decision of AD Will, that DD Bowdich made the decision to dismiss Plaintiff from the FBI, and that DD Bowdich's decision was not appealable.  Defendants further respectfully refer the Court to the referenced proposal letter for a complete and accurate statement of its contents.

77.     The allegations in Paragraph 77 consist of legal conclusions, to which a response is not required.

78.     With respect to the allegations in Paragraph 78, Defendants repeat and replead the answers set forth in the responses to the preceding paragraphs.

79.     The allegations in Paragraph 79 consist of legal conclusions to which a response is not required.

80.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 80, and those allegations are therefore denied, except to admit that then-DAG Rosenstein authorized the disclosure of the relevant text messages to the media on December 12, 2017.  Defendants further aver that, on November 30, 2017, the DOJ disclosed the existence of certain text messages exchanged between Plaintiff and Ms. Lisa Page, and the general content of those text messages, to defense counsel as potentially exculpatory information in a criminal prosecution arising out of the investigation into Russian interference in the 2016 presidential election conducted by Special Counsel Robert S. Mueller, III.  *See United States v. Flynn*, 411 F. Supp. 3d 15, 24 (D.D.C. 2019).  Defendants deny the allegations in the second sentence of Paragraph 80.

81.     The allegations in Paragraph 81 consist of legal conclusions, to which no response is required; but to the extent a response may be deemed required, the allegations are denied.

82.     Denied.

### REQUEST FOR RELIEF

This portion of the Complaint consists of Plaintiff's request for relief, to which a response is not required; but to the extent a response may be deemed to be required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief.

## JURY DEMAND

Admitted that Plaintiff has requested a jury trial.

*          *          *

Each and every allegation of the Complaint not expressly admitted or denied above is

hereby denied.

## AFFIRMATIVE DEFENSES

1.      Defendants did not violate Plaintiff's constitutional rights.

2.      Plaintiff's Privacy Act claim is precluded by one or more routine use exceptions.

3.      Plaintiff has failed to mitigate any potential damages.

4.      Any potential damages must be offset by an amount equivalent to income earned

or collected by Plaintiff after his removal from federal service.

5.      During the course of this litigation, Defendants may discover facts that support one

or more of the affirmative or additional defenses set forth in Federal Rule of Civil Procedure 8(c),

and in order to avoid waiving said defenses, Defendants hereby incorporate them by reference.


Dated: October 16, 2020                          Respectfully submitted,

                                                 JEFFREY BOSSERT CLARK
                                                 Acting Assistant Attorney General

                                                 MARCIA BERMAN
                                                 Assistant Branch Director

                                                 CHRISTOPHER R. HALL
                                                 Assistant Branch Director

                                                 */s/ Bradley P. Humphreys*
                                                 BRADLEY P. HUMPHREYS
                                                 GRACE X. ZHOU
                                                 Trial Attorneys, U.S. Department of Justice
                                                 Civil Division, Federal Programs Branch

17

1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-0878
E-mail: Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*