# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER STRZOK, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 19-2367 (ABJ) |
| WILLIAM F. BARR, ) *in his official capacity* ) *as Attorney General*, *et al.*, ) | |
| Defendants. ) | |
| LISA PAGE, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 19-3675 (TSC) |
| UNITED STATES DEPARTMENT ) OF JUSTICE, *et al.*, ) | |
| Defendants. ) | |

## SCHEDULING ORDER

After a scheduling conference on November 10, 2020 held by telephone, and in light of the joint report submitted by the parties pursuant to Local Civil Rule 16.3, it is **ORDERED** that:

1. Plaintiffs and defendants may each, per side, notice up to fifteen (15) depositions and serve up to thirty-five (35) interrogatories.

2. Initial disclosures pursuant to Federal Rule of Civil Procedure 26 must be exchanged by November 12, 2020.  *See* LCvR 26.2(a).

3. The amendment of pleadings and any joinder of parties must be completed by April 2, 2021.

4. Expert disclosures, pursuant to Fed. R. Civ. Proc. 26(a)(2)(A), must be transmitted by April 30, 2021.

5. All discovery must be completed by June 30, 2021.

6. A joint status report on whether the cases should remain consolidated for purposes of summary judgment or trial must be submitted by July 8, 2021.

7. A further status conference will be held on July 9th at 10 am in Courtroom 3. The schedule for dispositive motions will be established at that time if necessary.

It is **FURTHER ORDERED** that counsel must read and comply with all of the Local Rules of this Court, particularly Local Civil Rules 5.1(a),(b), and (d); 5.2(a); and 5.4. Rule 5.2(a) shall apply to any initial disclosures or expert disclosures or any other discovery materials transmitted pursuant to Federal Rule of Civil Procedure 26 or this Scheduling Order. All rules will be enforced by the Court whether they are specifically mentioned in this Scheduling Order or not.

## DISCOVERY

Counsel are required to confer in good faith in an effort to resolve all discovery disputes before bringing any dispute to the Court. **If counsel have conferred about the specific matter in dispute and agree that they cannot resolve the issue themselves, counsel may contact chambers to arrange a telephone conference with the Court and propose times that are convenient to both sides. No written discovery motion may be filed without a prior conference with the Court and leave of Court.**

With respect to depositions, the Court expects that counsel will endeavor in good faith to resolve disputes among themselves, and it cautions that while appropriate objections may be noted for the record, no lawyer may instruct a witness not to answer a question unless the question calls for the revelation of privileged material. Disputes brought to the Court for resolution may be

subject to the sanctions provisions set forth in Federal Rule of Civil Procedure 37 and Local Civil Rule 26.2(a).

## SCHEDULING MATTERS

Counsel are directed to contact the Court's Courtroom Deputy in the first instance to request the rescheduling of court appearances. The party seeking the change in schedule must first confer with counsel for all other parties and be prepared to provide the Courtroom Deputy with proposed mutually agreeable dates.

Extensions of time to file dispositive motions, status reports, or expert witness designations, or to complete discovery, will be granted as a matter of course if all parties consent and if the extensions will not require a change in any scheduled court appearance (status conference, motion hearing, pretrial conference, trial). But **any motion to extend a deadline set by the Court must be filed at least two business days prior to the date to be extended**. Motions that do not comply with this requirement, including consent motions, will be denied absent a statement demonstrating good cause for the failure to do so.

## MOTIONS

Motions that do not comply with Local Civil Rule 7 may be denied or stricken *sua sponte*.

A party seeking leave to file a pleading in excess of the page limits set by Local Rule 7(e) must request leave to do so at least one week before the pleading is due.

Parties must comply with Local Civil Rule 5.1(d), which requires the use of 12 point font for footnotes as well as the body of any pleading.

A party may not file a sur-reply without first requesting leave of the Court.

Motions for reconsideration of prior rulings are strongly discouraged. They may be filed only when the requirements of Federal Rules of Civil Procedure 54(b), 59(e), and/or 60(b) are met.

If such a motion is filed, it shall not exceed ten (10) pages in length.  Moreover, the Court may strike: (a) motions which simply reassert arguments previously raised and rejected by the Court; or (b) arguments which should have been previously raised, but are being raised for the first time. *See Nat'l Trust v. Dep't of State*, 834 F. Supp. 453, 455 (D.D.C. 1995).

## **MOTIONS FOR SUMMARY JUDGMENT**

Counsel should take care to comply with Local Civil Rule 7(h).  In circumstances in which Rule 7(h)(1) is applicable, the parties must abide by the following guidelines in complying with the rule:

1. The memorandum of points and authorities must list the elements of any count for which summary judgment is sought.

2. The statement described in Local Civil Rule 7(h)(1) listing the facts as to which the moving party contends there is no material issue must be a separate document.

3. Each material fact included in the statement must be numbered individually, and a citation to the evidentiary support in the record must be provided for each numbered fact.

4. The moving party shall indicate which element is supported by the material fact.

5. The Court will not consider any fact (a) not supported by a reference to evidence; (b) supported by a citation to a pleading rather than to evidence; (c) that states a legal conclusion; or (d) that is asserted in a brief and not in the movant's statement of material facts.

6. The opposition to a motion for summary judgment must be accompanied by a separate document that responds directly and individually to the movant's material facts. The opposition should clearly indicate which elements of which counts are subject to genuine factual disputes.

7. The response must contain numbered responses that correspond to each numbered material fact listed in the moving party's statement and indicate whether or not a dispute exists as to each. (The Court would greatly appreciate a response that provides this information in the form of a table with two columns – one for the movant's numbered material facts, and one for the response to each.)

8. For each fact that is disputed, the response should contain (in the appropriately numbered individual paragraph) a concise, non-argumentative response and a citation to the evidence supporting that response.

9. The Court will deem the movant's citations to be supportive of its facts unless the respondent specifically informs the Court to the contrary in its response.

10. The opposition to a motion for summary judgment must also include the statement of genuine issues described in Local Civil Rule 7(h)(1) that lists any additional facts which the respondent contends are material and present a genuine issue for trial. The statement must comply with the guidelines set out in paragraphs 1–3 above.

11. If a respondent provides a statement of additional material facts which are in dispute, then, within the time permitted for a reply, the movant may file a concise and supported response to each of the respondent's facts, also in a numbered format that corresponds to the numbers in the respondent's statement.

12. All footnotes must comply with Local Civil Rule 5.1(d).

## SETTLEMENT

Counsel are expected to continue to evaluate their respective cases for settlement purposes, and the parties may notify chambers at any time if they jointly conclude that the case would benefit from the assistance of the Court's Mediation Program or a Magistrate Judge. If the case settles in whole or in part, plaintiff's counsel shall advise the Court by promptly filing a stipulation.

**SO ORDERED**.

AMY BERMAN JACKSON
United States District Judge

DATE: November 12, 2020