# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER STRZOK,<br><br>    *Plaintiff*,<br><br> v.<br><br>ACTING ATTORNEY GENERAL JEFFREY A. ROSEN, in his official capacity as Acting Attorney General, *et al.*,<br><br>    *Defendants.* | Civil Action No. 19-2367 (ABJ) |
| LISA PAGE,<br><br>    *Plaintiff*,<br><br> v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>    *Defendants*. | Civil Action No. 19-3675 (TSC) |

### JOINT MOTION FOR ENTRY OF
### A STIPULATED CLAWBACK AGREEMENT AND
### FEDERAL RULE OF EVIDENCE 502(d) ORDER

  Plaintiff Peter Strzok, Plaintiff Lisa Page, and Defendants the United States Department of Justice, the Federal Bureau of Investigation, Acting Attorney General Jeffrey A. Rosen, and FBI Director Christopher A. Wray respectfully move for entry of a stipulated clawback agreement and Federal Rule of Evidence 502(d) order in each of the above-captioned actions.[1] *See* Exhibit 1.

---

[1] The above-captioned cases have been consolidated for purposes of discovery with respect to the Privacy Act claims. The parties in Civil Action No. 19-2367 (ABJ) are Plaintiff Peter Strzok and Defendants DOJ; FBI; Jeffrey A. Rosen, in his official capacity as Acting Attorney General; and

1

Dated: January 8, 2021

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

CHRISTOPHER R. HALL
Assistant Branch Director

/s/ Michael J. Gaffney
MICHAEL J. GAFFNEY
BRADLEY P. HUMPHREYS
Trial Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 514-2356
E-mail: Michael.J.Gaffney@usdoj.gov

*Counsel for Defendants*

/s/ Amy Jeffress
Amy Jeffress (D.C. Bar No. 449258)
Robert J. Katerberg (D.C. Bar No. 466325)
Kaitlin Konkel (D.C. Bar No. 1021109)
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Fax: (202) 942-5999

*Counsel for Plaintiff Lisa Page*

---

Christopher A. Wray, in his official capacity as FBI Director. The parties in Civil Action No. 19-3675 (TSC) are Plaintiff Lisa Page and Defendants DOJ and FBI.

<u>/s/ Aitan D. Goelman</u>
Aitan D. Goelman (D.C. Bar No. 446636)
Christopher R. MacColl (D.C. Bar No. 1049153)
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
AGoelman@zuckerman.com

Richard A. Salzman (D.C. Bar No. 422497)
HELLER, HURON, CHERTKOF & SALZMAN PLLC
1730 M Street NW, Suite 412
Washington, DC 20036
Telephone: (202) 293-8090
salzman@hellerhuron.com

*Counsel for Plaintiff Peter Strzok*

# EXHIBIT 1

# [Proposed] Stipulated Clawback Agreement and Federal Rule of Evidence 502(d) Order

*Strzok v. Rosen*, 19-cv-2367-ABJ (D.D.C.)
*Page v. Dep't of Justice*, 19-cv-3675-TSC (D.D.C.)
Exhibit to Joint Motion for Entry of a Stipulated Clawback Agreement and FRE 502(d) Order

Note: Above-captioned cases consolidated for purposes of discovery with respect to Privacy Act claims.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER STRZOK,<br><br>               *Plaintiff*,<br><br>   v.<br><br>ACTING ATTORNEY GENERAL JEFFREY A. ROSEN, in his official capacity as Acting Attorney General, *et al.*,<br><br>               *Defendants*. | Civil Action No. 19-2367 (ABJ) |
| LISA PAGE,<br><br>               *Plaintiff*,<br><br>   v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>               *Defendants*. | Civil Action No. 19-3675 (TSC) |

**[PROPOSED] STIPULATED CLAWBACK AGREEMENT AND FEDERAL RULE OF EVIDENCE 502(d) ORDER**

      The Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence, Rule 26(b) of the Federal Rules of Civil Procedure, and the Court's inherent authority, that the inadvertent production of information or documents (or part of a document), shall not constitute a waiver of any privilege or protection as to that information or any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in these Actions or in any other proceeding. This Order applies to attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure 26(b), law enforcement privilege, any other governmental privileges, and any other applicable privilege.

1

Nothing in this Order shall constitute an admission that any information or document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. The Party asserting any such privilege or protection bears the burden of establishing that it applies. Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

The Parties intend that this stipulated order shall provide additional protections beyond the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in these Actions shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

**I.      DEFINITIONS**

1. "Actions" shall mean the above-captioned cases *Strzok v. Barr*, 19-cv-2367 (D.D.C.), and *Page v. U.S. Dep't of Justice*, 19-cv-3675 (D.D.C.).

2. "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

3. "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

4. "Party" (or "the Parties") shall mean a party (or the parties) to these Actions.

5. "Producing Party" shall mean a Party or Non-Party producing discovery in these Actions.

6. "Receiving Party" shall mean a Party or Non-Party receiving discovery in these Actions.

7. "Non-Party" means a person or entity that is not a Party.

## II.     PROCEDURES

The procedures applicable to a claim of privilege on a produced document and the resolution thereof shall be as follows:

1.     The Producing Party retains the burden of establishing the privileged or protected nature of any produced information or document for which a privilege or protection is asserted. Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the Producing Party to the Receiving Party.

2.     If a Party or Non-Party discovers that it has received a document, or part thereof, produced by another party that is privileged or otherwise protected, the Receiving Party shall promptly notify the Producing Party and must then promptly return the document or destroy it (to the extent reasonably technically feasible, if the document is stored on a computerized system or is incorporated into another document) and certify that it has been destroyed to the Producing Party.  The Receiving Party must also promptly identify, sequester, and destroy any notes, summaries, or other written materials about the document (to the extent reasonably technically feasible, if the document is stored on a computerized system or is incorporated into another document).

3.     If the Producing Party determines that a document produced, or part thereof, is subject to privilege(s) or other protections, the Producing Party shall give the Receiving Party notice of the claim of privilege or protection ("Privilege Notice").

4.     The Privilege Notice must contain information sufficient to identify the document, including, if applicable, a Bates number, as well as identification of the privilege asserted and its basis.

5.     Upon receiving the Privilege Notice, if the Receiving Party accepts the privilege assertion made, the Receiving Party must promptly follow the procedures set forth in Paragraph II.2 above applicable to a Receiving Party's own discovery of a document's privileged or otherwise protected nature.  Such acceptance shall not operate as an admission that the claimed privilege or

protection applies, nor shall it prejudice in any way a Party's ability to challenge a claim of privilege or protection in the future. If a Receiving Party disclosed the document or information specified in the Privilege Notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the Producing Party of the disclosure and its efforts to retrieve the document or information.

6. Within fourteen (14) calendar days of notification that the Receiving Party returned, destroyed, sequestered, or deleted the specified document(s), copies, and notes, the Producing Party shall produce a privilege log with respect to the specified documents.

7. Upon receiving the Privilege Notice, if the Receiving Party wishes to dispute a Producing Party's Privilege Notice, the Receiving Party shall promptly meet and confer with the Producing Party. The document(s) shall be sequestered immediately upon receiving the Privilege Notice and not be used by the Receiving Party in the litigation while the dispute is pending. If the Privilege Notice concerns a document that a Receiving Party intends to use in a filing, and the Notice is received within five business days of the filing's deadline, the Parties agree that (a) the Party adverse in these Actions to the Receiving Party will consent to a motion to extend the filing's deadline by up to five business days, so that the Receiving Party can revise the filing to remain in compliance with this Agreement and Order, and (b) good cause will exist to support granting a such motion by the Receiving Party. Nothing in this Order shall limit a Receiving Party's right to move to extend a filing deadline if a Privilege Notice is received more than five business days before the deadline.

8. If the Parties are unable to come to an agreement about the privilege assertions made in the Privilege Notice, the Receiving Party may make a sealed motion for a judicial determination of the privilege claim. However, no written discovery motion may be filed without a prior conference with the Court and leave of the Court, pursuant to the Court's Scheduling Order, ECF No. 54. Nothing in this Order shall limit the right of any Party to request an *in camera* review of inadvertently disclosed information.

9. Pending resolution of the judicial determination, each Party shall preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The Receiving Party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any Party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the Producing Party's favor.

10. If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, information technology ("IT") systems, or similar storage need not be immediately deleted or destroyed, if such materials will be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

*   *   *

Agreed to by:	JEFFREY BOSSERT CLARK
	Acting Assistant Attorney General

	MARCIA BERMAN
	Assistant Branch Director

	CHRISTOPHER R. HALL
	Assistant Branch Director

	/s/ Michael J. Gaffney
	MICHAEL J. GAFFNEY
	BRADLEY P. HUMPHREYS
	Trial Attorneys, U.S. Department of Justice
	Civil Division, Federal Programs Branch
	1100 L Street, N.W.
	Washington, D.C. 20005
	Tel.: (202) 514-2356
	E-mail: Michael.J.Gaffney@usdoj.gov

	*Counsel for Defendants*

	/s/ Amy Jeffress
	Amy Jeffress (D.C. Bar No. 449258)
	Robert J. Katerberg (D.C. Bar No. 466325)
	Kaitlin Konkel (D.C. Bar No. 1021109)
	ARNOLD & PORTER
	KAYE SCHOLER LLP
	601 Massachusetts Avenue NW
	Washington, DC 20001-3743
	Telephone: (202) 942-5000
	Fax: (202) 942-5999

	*Counsel for Plaintiff Lisa Page*

	/s/ Aitan D. Goelman
	Aitan D. Goelman (D.C. Bar No. 446636)
	Christopher R. MacColl (D.C. Bar No. 1049153)
	ZUCKERMAN SPAEDER LLP
	1800 M Street NW, Suite 1000
	Washington, DC 20036
	Telephone: (202) 778-1800
	AGoelman@zuckerman.com

Richard A. Salzman (D.C. Bar No. 422497)
HELLER, HURON, CHERTKOF & SALZMAN PLLC
1730 M Street NW, Suite 412
Washington, DC 20036
Telephone: (202) 293-8090
salzman@hellerhuron.com

*Counsel for Plaintiff Peter Strzok*

**SO ORDERED.**

Dated: _____              _____
                                   **Hon. Amy Berman Jackson**
                                   United States District Judge