**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PETER STRZOK, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-2367 (ABJ) |
| ACTING ATTORNEY GENERAL JEFFREY A. | ) |
| ROSEN, in his official capacity as Acting | ) |
| Attorney General, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |
| LISA PAGE, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-3675 (TSC) |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |
| | ) |
| | ) |

**STIPULATED PROTECTIVE ORDER REGARDING**
**CONFIDENTIAL INFORMATION**

With the agreement of the parties, the Court has determined that there is good cause to

issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to govern the disclosure,

use, and handling by the parties and their respective agents, successors, personal representatives,

and assignees of certain information and items produced and received in discovery in the above-

captioned actions.  IT IS HEREBY ORDERED as follows:

## I.    DEFINITIONS

1.      "Actions" shall mean the above-captioned cases *Strzok v. Barr*, 19-cv-2367 (D.D.C.), and *Page v. U.S. Dep't of Justice*, 19-cv-3675 (D.D.C.).

2.      "Challenging Party" shall mean any Party that challenges the designation of information as Confidential Information under this Protective Order.

3.      "Confidential Information" shall mean information that, at the time of its production in discovery in these Actions, or thereafter, is designated confidential by the Producing Party or any Party because of a good faith belief that the information is both:

(a)     not in the public domain, or if in the public domain, is improperly in the public domain; **and**

(b)     one or more of the following:

(i)     personal financial, medical, tax, employment, personnel, or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2;

(ii)    documents containing personally identifiable information, such as social security numbers, birth dates, home addresses, email addresses, non-public telephone numbers, and names of family members;

(iii)   information related to law enforcement activities or investigations (including investigations by offices of inspectors general), including information maintained in investigatory case files, information received pursuant to a search warrant, policies for collecting,

sharing, or using law enforcement, intelligence, or other sensitive governmental information, and any law enforcement sensitive information which directly relates to Defendants' law enforcement investigations, operations, strategies, practices, procedures, guidelines, techniques, personnel, sources, or equipment;

(iv)   information protected by the provisions of the Privacy Act of 1974, 5 U.S.C. § 552a;

(v)    confidential statements provided to law enforcement investigators and statements by confidential informants; and

(vi)   materials subject to exemptions under the Freedom of Information Act, 5 U. S. C. § 552.

4.     "Designating Party" shall mean any Producing Party or Party who, by following the procedures in this Protective Order, designates as "Confidential Information" any discovery that is produced in these Actions.

5.     "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying.  "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

6.     "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & (B).

7.     "Notice" shall include notice via email.

8.     "Party" (or "the Parties") shall mean a party (or the parties) to these Actions.

9.      "Producing Party" shall mean a Party or Non-Party who produces discovery in these Actions.

10.     "Receiving Party" shall mean a Party or Non-Party who receives information that has been designated as Confidential Information in these Actions.

11.     "Non-Party" means a person or entity that is not a Party.

## II.      PURPOSE, SCOPE, AND LIMITATIONS OF PROTECTIVE ORDER

12.     This Protective Order governs the disclosure, use, and handling of all Confidential Information during discovery and in pretrial filings occurring after the entry of this Protective Order in these Actions, whether the Confidential Information is produced by a Party or Non-Party, and regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

13.     This Protective Order binds the Parties and their respective agents, successors, personal representatives, and assignees.

14.     Except as expressly provided herein, this Protective Order does not govern the Parties' use of Confidential Information in open court at any hearing or trial, but the Parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Information in any such hearing or trial.

15.     Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

16.     This Protective Order shall not prejudice in any way any Party's ability to challenge the use or disclosure of information other than information designated as Confidential Information under this Protective Order.  A Party's compliance with the terms of this Protective Order shall

not operate as an admission that any particular material is or is not: (a) confidential; (b) privileged; or (c) admissible in evidence at trial.

17.     Designations of Confidential Information shall not prejudice in any way any Party's ability to assert that the information is or is not protected by the Privacy Act, 5 U.S.C. § 552a, or that prior disclosure of the information or similar information was or was not lawful pursuant to the Privacy Act, *see, e.g.*, 5 U.S.C. § 552a(b).

18.     The protections conferred by this Protective Order do not cover any information:

(a)     that is already and appropriately in the public domain; or

(b)     that appropriately becomes part of the public domain after its disclosure to a Receiving Party as a result of publication (including becoming part of the public record in these Actions through trial or otherwise).

19.     With the exception of the requirements of Paragraph 39, nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such lawful and appropriate use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

20.     Neither the termination of these Actions nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

21.     Any Party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

## III.    METHOD FOR DESIGNATING CONFIDENTIAL INFORMATION

22.    A Producing Party shall designate Confidential Information prior to or at the time of production, except as otherwise provided by this Protective Order.

23.    The Designation of Confidential Information shall be limited only to those documents, interrogatory answers, responses to requests for admissions, testimony transcripts, or portions thereof that qualify under the appropriate standards or under the definition of "Confidential Information" in Paragraph 3 of this Protective Order.

24.    For documents, designation of Confidential Information by the Producing Party shall be made as follows:

(a)    For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, ECF No. [XX]" on each page of the document asserted to contain Confidential Information.

(b)    For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, ECF No. [XX]."

(c)    The media on which the Confidential Information is provided (*e.g.*, CD, DVD, external hard drive) also must be and remain plainly labeled with of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, ECF No. [XX]" unless and until the protection of the data within the media is removed.

(d)     Any copying or transferring of electronic files that are designated as Confidential Information must be done in a manner that maintains the protection for all copies, including, but not limited to, in the filename(s) (to the extent feasible in light of computer system limits on filename length) and the location where the copies are stored and users' access thereto.

25.     For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "The following response is CONFIDENTIAL pursuant to the Court's Protective Order, ECF No. [XX]."

26.     For depositions, designation of Confidential Information shall be made either during the deposition on the record and should include reasons for the assertion, or by letter from counsel within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential Information.  The entire deposition transcript (including any exhibits not previously produced in discovery in these Actions) shall be treated as Confidential Information under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective Order and the requirement of executing the certification attached as Exhibit A.  After designation of Confidential Information is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, ECF No. [XX]."  If the deposition was filmed, both the recording storage medium (*i.e.*, CD or DVD) and

its container shall be labeled "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, ECF No. [XX]."   Any Party may designate portions of any deposition taken in these Actions as Confidential Information by following the foregoing procedure.

27.    For any Document or item produced in discovery in these Actions not falling within the paragraphs above, designation of Confidential Information shall be made by labeling the item or the item's container with "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, ECF No. [XX]."   If only a portion or portions of the information contained in the item warrant protection as Confidential Information, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

28.    A Party other than the Producing Party may, within 30 days of receiving discovery information that qualifies as "Confidential Information" under the definition of Paragraph 3 of this Protective Order, designate that information as Confidential Information by: (a) identifying the Confidential Information to the Producing Party and all other Parties with reasonable specificity (e.g., by identifying the Bates range(s), interrogatory answer(s), or response(s) to requests for admission containing the Confidential Information); and (b) delivering a copy of the produced documents or written discovery containing the Confidential Information to the Producing Party and all other Parties with "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, ECF No. [XX]" stamped on each page containing Confidential Information, or delivering a copy of any native file(s) containing Confidential Information with "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, ECF No. [XX]" added to the beginning of the relevant file name(s).

29.    If it comes to a Designating Party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the Designating

Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

## IV.   CHALLENGING CONFIDENTIAL DESIGNATIONS

30.   The designation of any Confidential Information is subject to challenge by any Party at any time, subject to the procedures described herein and in the Court's Scheduling Order, ECF No. 54.

31.   A Challenging Party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The acceptance by any Party of any information designated as Confidential Information shall not constitute evidence or an admission or concession that the information qualifies as Confidential Information.

32.   The Challenging Party shall initiate any challenge to the designation of any Confidential Information under this Protective Order by providing to the Designating Party, in writing: (a) notice of each designation it is challenging; and (b) a description of the basis of each challenge.

33.   The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within seven (7) calendar days after the Designating Party receives notice from the Challenging Party.  During the conferring process, the Challenging Party must convey its basis for the challenge, and the Designating Party must have an opportunity to review the applicable documents and either keep or change the designation.  The Designating Party must communicate its decision(s) to the Challenging Party within fourteen (14) calendar days after receipt of notice of the challenge.  If the Designating Party decides to keep any designation, it must articulate its reasons for the designation.  If the

Designating Party decides to withdraw its designation, it shall give notice of this change to the Parties.  If the Challenging and Designating Parties cannot come to a resolution within fifteen (15) calendar days after the Designating Party originally receives notice of the challenge, or as otherwise agreed, either the Challenging Party or Designating Party may file a motion seeking a determination from the Court.  The Designating Party shall bear the burden of demonstrating that the challenged designated information qualifies as "Confidential Information" as defined in Paragraph 3 of this Protective Order.  No written discovery motion may be filed without a prior conference with the Court and leave of the Court, pursuant to the Court's Scheduling Order, ECF No. 54.

34.     Any information designated as Confidential Information pursuant to and after the entry by the Court of this Protective Order shall be treated as Confidential Information until such time as: (a) the Designating Party agrees that it shall no longer be treated as Confidential Information; or (b) the Court rules that such information should not be treated as Confidential Information.

## V.     DISCLOSURE, USE, AND HANDLING OF CONFIDENTIAL INFORMATION

35.     A Receiving Party may only use Confidential Information produced in these Actions for purposes of prosecuting, defending, or attempting to settle these Actions, and may only disclose Confidential Information produced in these Actions in accordance with the terms of this Protective Order.

36.     Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information.

37.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, Confidential Information may only be disclosed, summarized, described, characterized, or

otherwise communicated or made available in whole or in part to the following persons, and only to the extent such disclosure is reasonably necessary to assist with the prosecution, defense, or attempts to settle these Actions:

(a)    Plaintiffs, Defendants, and employees of the Defendants who are assisting with respect to this Action;

(b)    the Parties' counsel and their current employees and other personnel necessary to assist counsel in these Actions (such as contract attorneys, litigation assistants, paralegals, and support services personnel, including litigation support, information technology, information or records management, investigative, secretarial, clerical, photocopying, and data processing personnel);

(c)    external vendors necessary to assist counsel in these Actions (such as e-discovery vendors)

(d)    any person with prior authorized access to the Confidential Information;

(e)    witnesses or potential witnesses in these Actions (including deponents or potential deponents), and their respective counsel;

(f)    court reporters and other persons not employed by this Court who are retained to record or transcribe testimony or argument at interviews or depositions in connection with these Actions;

(g)    expert witnesses and consultants retained by the Parties (or their counsel), including their associates and staff, in connection with these Actions;

(h)    mediators or arbitrators in these Actions; and

11

(i)     this Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in these Actions.

38.     Disclosure to the persons referenced in subparagraphs 37(c)-(h) above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as Exhibit A.  Counsel for the disclosing party shall retain copies of the signed acknowledgement and consent forms in their litigation files and shall make the executed forms available to counsel for the other party upon a court order.

39.     Absent the consent of all Parties or leave of court, all Confidential Information that is filed with the Court must be: (a) filed under seal or in camera in accordance with the Court's Local Rules and procedures; and/or (b) redacted from any filing that is publicly available.  If the Court denies a motion to seal Confidential Information, the Confidential Information shall not be filed on the public docket or otherwise be made publicly available until the Party intending to file the Confidential Information has given seven (7) days' notice to the Designating Party who, after a good faith effort to meet-and-confer, may seek additional relief from the Court.  No party may disclose Confidential Information in a proceeding in open court for any reason without first giving seven (7) days' notice to the Designating Party who, after a good faith effort to meet-and-confer, may seek additional relief from the Court, except to the extent the Court may order otherwise or find good cause to waive the requirements of notice and a good faith effort to meet-and-confer.

40.     If any person or entity subject to this Protective Order receives a subpoena or discovery request for Confidential Information (as designated in these Actions) in any other

proceeding before any court or arbitral, administrative, or legislative body, that person or entity shall promptly give notice to the Designating Party and shall not disclose any Confidential Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person either (a) that the Designating Party does not object to the production of the Confidential Information or (b) that the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production.  The Designating Party shall bear the burden and expense of seeking protection of its designated Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this Court or another court or arbitral, administrative, or legislative body.

## VI.    INADVERTENT PRODUCTION OF CONFIDENTIAL INFORMATION

41.    Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item.[1]  The Parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information.

42.    If a Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Party shall, upon learning of the unauthorized disclosure:

(a)    promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order;

---

[1] This agreement does not require the Parties to produce information that would otherwise be properly withheld as privileged.

13

(b)     promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as Exhibit A; and

(c)     within five (5) calendar days, notify all Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

## VII.   DISPOSITION OF DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION

43.     Except as otherwise provided in this Protective Order, within 90 days of the final termination of the last of these Actions (whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom), a Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated as Confidential Information or (b) return them to the Producing Party, depending upon the Producing Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems.  In the course of disposing of information in its possession under this paragraph, a Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information pursuant to this Order that such information should be returned to the Receiving Party or destroyed by the person possessing the information with written confirmation to the Receiving Party.

44.     Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, if such materials will be overwritten and destroyed in the normal

course of business.  Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

45.     For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

46.     Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits and declarations (including those signed in connection with Paragraph 36); motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information.  Even after the final disposition of these Actions, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

47.     Attorneys for the United States may maintain copies of any documents designated as Confidential Information in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential Information in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. §§ 552 and 552a, or as otherwise required by law.

*     *     *

Agreed to by:
JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

CHRISTOPHER R. HALL
Assistant Branch Director

/s/ Michael J. Gaffney
MICHAEL J. GAFFNEY
BRADLEY P. HUMPHREYS
Trial Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 514-2356
E-mail: Michael.J.Gaffney@usdoj.gov

*Counsel for Defendants*

/s/ Amy Jeffress
Amy Jeffress (D.C. Bar No. 449258)
Robert J. Katerberg (D.C. Bar No. 466325)
Kaitlin Konkel (D.C. Bar No. 1021109)
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Fax: (202) 942-5999

*Counsel for Plaintiff Lisa Page*

/s/ Aitan D. Goelman
Aitan D. Goelman (D.C. Bar No. 446636)
Christopher R. MacColl (D.C. Bar No. 1049153)
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
AGoelman@zuckerman.com

Richard A. Salzman (D.C. Bar No. 422497)
HELLER, HURON, CHERTKOF & SALZMAN
PLLC
1730 M Street NW, Suite 412
Washington, DC 20036
Telephone: (202) 293-8090
salzman@hellerhuron.com

*Counsel for Plaintiff Peter Strzok*

**SO ORDERED.**

Dated: _January 11, 2021_

**Hon. Amy Berman Jackson**
United States District Judge

17

**EXHIBIT A**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PETER STRZOK, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-2367 (ABJ) |
| ATTORNEY GENERAL WILLIAM F. BARR, in his official capacity as Attorney General, *et al.,* | ) |
| | ) |
| *Defendants.* | ) |
| | ) |
| LISA PAGE, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Civil Action No. 19-3675 (TSC) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, *et al.,* | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

## <u>DECLARATION TO BE BOUND BY PROTECTIVE ORDER</u>

I, _____, declare under penalty of perjury that:

(a)         My present address is _____.

(b)         My present employer is _____

and the address of my present employer is_____

_____.

(c)         My present occupation or job description is _____

_____.

1

(d)        I have received and carefully read the Protective Order in these Actions dated

_____ and understand its provisions.  Specifically, I understand that I am obligated,

under order of the Court, to hold in confidence and not to disclose the contents of anything

marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," except as permitted by

the Protective Order.  According to the restrictions of the Protective Order, I will only use

Confidential Information produced in the above-captioned Actions for purposes of prosecuting,

defending, or attempting to settle these Actions.  I will never use such documents or information

derived therefrom, directly or indirectly, in competition with the Producing Party, nor will I

permit others to do so.  In addition to the foregoing, I understand that I must abide by all of the

provisions of the Protective Order.

(e)        At the termination of the last of these Actions or any time requested by Counsel

for the Party by whom I am engaged, I will return or destroy all documents and other materials,

including notes, computer data, summaries, abstracts, or any other materials containing or

reflecting "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" which have come into

my possession, and will return or destroy all documents or things I have prepared relating to or

reflecting such information (except as exempted by the Protective Order).

(f)        I understand that if I violate the provisions of the Protective Order, I will be in

violation of a Court Order and subject to sanctions or other remedies that may be imposed by the

Court and potentially liable in a civil action for damages.  I hereby submit to the jurisdiction of

this Court for the purpose of enforcement of the Protective Order in these Actions.  I declare

under penalty of perjury of the laws of the United States that the foregoing is true and correct.

**Signature:**  _____

**Date:**        _____

2