**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| PETER STRZOK,<br><br>    *Plaintiff*,<br><br> v.<br><br>ACTING ATTORNEY GENERAL JEFFREY A. ROSEN, in his official capacity as Acting Attorney General, *et al.*,<br><br>    *Defendants*. | Civil Action No. 19-2367 (ABJ) |

**MEMORANDUM OF POINTS OF LAW AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION TO COMPEL DONALD J. TRUMP FOR PRESIDENT, INC. TO RESPOND TO SUBPOENA AND FOR AN ORDER TO SHOW CAUSE**

  Plaintiff's agent served the registered agent of Donald J. Trump for President, Inc. ("Trump for President") with the subpoena filed herewith on December 11, 2020. (*See* Ex. A). Trump for President was required to object or respond to the subpoena by December 30, 2020. (*See* Ex. A; Fed R. Civ. P. 45(d)(2)(B) (objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served")). Absent objection, a third-party that has received a subpoena pursuant to Federal Rule of Civil Procedure 45, "must comply with [the] plaintiff's document requests." *Shvartser v. Lekser*, 292 F. Supp. 3d 272, 276 (D.D.C. 2018). Trump for President failed to object or respond.

  This Court has jurisdiction over Trump for President for its failure to comply with the subpoena. Federal Rule of Civil Procedure 45(g) provides jurisdiction to "[t]he court for the district where compliance is required." The District of Columbia is the district where compliance is required because the third-party subpoena listed the offices of Zuckerman Spaeder LLP in Washington, D.C. as the place for performance. There is no doubt that Trump for President

regularly transacts business in person in the within 100 miles of central Washington, D.C., and as such, this place for performance was proper.  *See* Fed. R. Civ. P. 45(c)(2)(A).

The subpoena's requests for production were reasonable.  Count I in this action asserts that Plaintiff's First Amendment rights were violated when his employment was terminated at the behest of high-ranking members of the Trump administration due to Plaintiff's political views.  Count III asserts the Defendants willfully and intentionally violated the Privacy Act when they disclosed Plaintiff's records, and Plaintiff contends that those unlawful disclosures were politically motivated.  The political motivations behind Defendants' termination of Plaintiff's employment and their disclosure of his private text messages will likely be evidenced by communications among President Trump, high ranking administration officials, and their extra-governmental henchmen.  Trump for President is the campaign committee that was organized on June 29, 2015 to support Donald J. Trump's 2016 presidential campaign.  (*See* Trump for President Statement of Organization, Federal Election Commission, https://docquery.fec.gov/cgi-bin/forms/C00580100/1011720/).  The campaign has continued its operations since, including by facilitating President Trump's attacks on Plaintiff's character.  (*See* Compl. ¶¶ 46-48).  Plaintiff's subpoena to Trump for President contains only six requests, each of which seeks information relevant to Plaintiff's claims, and Trump for President has not objected to any of them.  The Court should therefore order that Trump for President produce all documents responsive to the subpoena that are in its possession, custody, or control.

The Court should also order Trump for President to show cause as to (i) why it should not be held in contempt, and (ii) why Plaintiff should not be awarded his costs for this motion.  This Court has authority under Federal Rule of Civil Procedure 45 "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

The advisory committee notes make clear, however, that a contempt proceeding may be initiated by an order to show cause.  *See* Fed. R. Civ. P. 45 (committee notes on 2013 amendment); *see also S.E.C. v. Hyatt*, 621 F.3d 687, 695 (7th Cir. 2010) ("show-cause order satisfies the due-process notice requirement by giving the nonmoving party notice of his opportunity to respond before the substantive request for relief [i.e. contempt] is entertained").  Additionally, Rule 37(a)(1) provides that "[o]n notice to other parties and all *affected persons*, a party may move for an order compelling disclosure or discovery," and under Rule 37(a)(5), "[i]f the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  An order compelling Trump for President to show why it should not be held in contempt and required to compensate Plaintiff for his costs—pursuant either to the Court's powers under Rule 37 or 45—is therefore justified.  Plaintiff also requests that the Court notify Trump for President of its obligation to preserve responsive documents.  Issuing this order promptly is particularly important given Trump for President's conduct in recent months.

Dated:  January 25, 2021		Respectfully submitted,


		/s/ Aitan D. Goelman
		Aitan D. Goelman (D.C. Bar No. 446636)
		Christopher R. MacColl (D.C. Bar No. 1049153)
		ZUCKERMAN SPAEDER LLP
		1800 M Street NW, Suite 1000
		Washington, DC 20036
		Telephone: (202) 778-1800
		AGoelman@zuckerman.com

		Richard A. Salzman (D.C. Bar No. 422497)
		HELLER, HURON, CHERTKOF & SALZMAN PLLC
		1730 M Street NW, Suite 412
		Washington, DC 20036
		Telephone: (202) 293-8090
		salzman@hellerhuron.com

		*Counsel for Plaintiff Peter Strzok*