*Strzok v. Barr*, No. 1:19-CV-2367-ABJ
**Exhibit to Plaintiff's Motion for an Order to Compel and Show Cause**

# Exhibit A

US District Court for the District of Columbia

| | |
|---|---|
| **PETER P. STRZOK** <br> *Plaintiff/Petitioner* <br> vs. <br> **WILLIAM P. BARR, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES, ET AL.** <br> *Defendant/Respondent* | Case No.: **1:19-CV-02367-ABJ** <br> Hearing Date: **12/30/2020** <br> AFFIDAVIT OF SERVICE OF <br> **Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action; Federal Rule of Civil Procedure; Plaintiff's Third Party Subpoena Duces Tecum, Exhibit A** |

Received by **Glen Cornwell**, on the **10th day of December, 2020 at 12:58 PM** to be served upon **DONALD J. TRUMP FOR PRESIDENT, INC. c/o CT CORPORATION SYSTEM, REGISTERED AGENT** at **4701 COX RD. STE 285, GLEN ALLEN, Henrico County, VA 23060**.
On the **11th day of December, 2020 at 12:10 PM**, I, **Glen Cornwell**, SERVED DONALD J. TRUMP FOR PRESIDENT, INC. c/o CT CORPORATION SYSTEM, REGISTERED AGENT at **4701 COX RD. STE 285, GLEN ALLEN, Henrico County, VA 23060** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **CT CORPORATION SYSTEM, REGISTERED AGENT**, on behalf of said Corporation.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**Who accepted service in accordance with social distancing requirements (placed the documents in a clearly visible place at least six feet away from the subject and advised the subject to retrieve them after stepping away), with identity confirmed by usual service address, a person of unknown gender. Residency indicated by subject previously served here.**

Service Fee Total: **$95.00**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: *[signature]* Glen Cornwell    Server ID #    **December 11, 2020**    Date


REF: **REF-7043132**

Page 1 of 1
Tracking #: **0061815534**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| Peter P. Strzok | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:19-cv-2367 |
| Attorney General William P. Barr et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Donald J. Trump for President, Inc., 725 Fifth Ave., New York, New York 10022

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Zuckerman Spaeder LLP<br>1800 M St NW Suite 1000<br>Washington, DC 20036 | Date and Time:<br>12/30/2020 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/09/2020

*CLERK OF COURT*

OR

_____    /s/ Aitan D. Goelman
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Peter P. Strzok , who issues or requests this subpoena, are:
Aitan D. Goelman, Zuckerman Spaeder LLP, 1800 M St. Washington, DC, agoelman@zuckerman.com, 202-778-1999

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-cv-2367

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PETER P. STRZOK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM P. BARR, in his official capacity )<br>as Attorney General of the United States, *et al.*, )<br>)<br>Defendants. )<br>) | Case No. 1:19-CV-02367-ABJ |

## PLAINTIFF STRZOK'S THIRD PARTY SUBPOENA DUCES TECUM

## EXHIBIT A

Plaintiff Strzok, through his counsel and pursuant to Federal Rules of Civil Procedure 26 and 45, hereby requests that You produce each and every document in Your possession, custody or control that is responsive to the below Requests by December 30, 2020 or within fourteen (14) days of service, whichever is later.

## DEFINITIONS

1.  "You," "Your," or "Yours" means Donald J. Trump for President, Inc., including your employees and agents.

2.  "Plaintiff" or "Mr. Strzok" means Plaintiff Peter P. Strzok.

3.  "Ms. Page" means Ms. Lisa Page, Plaintiff in the action *Page v. U.S. Department of Justice*, No. 1:19-cv-03675 (D.D.C.).

7506161.2

4. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests information or Documents which might otherwise be construed to be outside their scope.

5. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

6. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each."

7. "Communication(s)" means any exchange of information by any means of transmission, sending or receipt of information of any kind by or through any means including, but not limited to, verbal expression, gesture, writings, documents, language (machine, foreign, or otherwise) of any kind, computer electronics, email, sms, mms or other "text" messages, messages on "social networking" sites (including but not limited to, Facebook, Google+, Myspace, and Twitter), shared applications from cell phones, "smartphones," netbooks and laptops, sound, radio, or video signals, telecommunication, telephone, teletype, facsimile, or by other means. "Communications" also shall include, without limitation, all originals and copies of inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, press, publicity, or trade releases and the like that are provided by you or to you by others.

8. "Concerning" means relating to, referring to, describing, evidencing or constituting.

9. "Defendants" means (i) Attorney General William F. Barr, in his official capacity; (ii) the United States Department of Justice; (iii) FBI Director Christopher A. Wray, in his official capacity; and/or (iv) the Federal Bureau of Investigation.

10. "Document(s)" has the same meaning herein as used in Rule 34 of the Federal Rules of Civil Procedure and shall accordingly be construed in its broadest sense to include, without limitation, any writings, drawings, graphs, charts, photographs, models, sound recordings, images, and other data or data compilations, including metadata, whether written, printed, typed, recorded, copied, or otherwise created, and whether stored in tangible, physical, electronic, magnetic, or other form, through (or from) which information is conveyed or stored. Two or more items described by the preceding sentence that are materially different—for example, have different handwritten notes or highlighting—constitute separate Documents under this definition. Document(s) also include any file, tab, folder, binder, box, cabinet, disk, CD, DVD, or other labels appended to any other Document(s).

11. "Include" (and any variations thereof) means including, but not limited to, and does not limit the scope of a request in any way.

12. "Person" means any natural person, corporation, firm, partnership, unincorporated association, trust or other legal, business, or governmental entity, and any group or combination thereof.

13. "Press" means any person or entity that publishes, compiles, or participates in the publishing or compilation of information or opinions for public dissemination including through any newspaper, periodical, broadcast, blog, or other publication.

14. "Members of the Press" include any journalist, news researcher, or any employee of the Press. Examples of Members of the Press include Matt Apuzzo, Adam Goldman, Devlin Barrett, and Karoun Demirjian.

15. As used herein, the singular shall include the plural and the plural shall include the singular whenever necessary to bring within the scope of these Requests information or Documents which might otherwise be outside their scope.

16. As used herein, the masculine shall include the feminine and the feminine shall include the masculine whenever necessary to bring within the scope of these Requests information and Documents which might otherwise be outside their scope.

17. To the extent not otherwise defined herein, all words shall have their usual and ordinary meaning as the context would indicate or require.

## INSTRUCTIONS

1. You are to respond to the following Requests and produce responsive materials within your possession, custody, or control in accordance with, and as required by, the Federal Rules of Civil Procedure. Production of responsive materials and a written response explaining the scope of Your production should be made by the later of fourteen (14) days after service of the subpoena or December 30, 2020.

2. Documents in your possession, custody, or control are requested and include documents in the possession of your employees, agents, representatives, and attorneys.

3. You must produce all documents responsive to each request. To the extent that You contend that is not possible, You must respond to the extent possible, explain why a full response is not possible. Relatedly, to the extent Your search for responsive documents is restrictive in any way, you must describe those restrictions and explain why they will not result in responsive materials not being produced.

4. The fact that a Request provides certain examples of responsive Documents that You must produce does not change the fact that other kinds of Documents may also be responsive, which You must also produce in response to that request.

5. Produce electronically stored information as load-ready data, including Tagged Image File Format (TIFF) documents, text files, load files (OPT, DAT, LSI), and native files. You much provide all available metadata for each document you produce.

6. Produce scans of any hard copy materials as load-ready data, and supply the custodian from whom and location from which each hard copy document was collected.

7. Documents withhold from production or redacted on the basis of attorney-client privilege, work product protection, or any other privilege or protection shall be logged. The privilege log must include an entry for each documents in chronological order, setting forth as to each the following: (a) document type; (b) document date; (c) the document name or subject line; (d) for a communication the sender, addressee, and each other recipient; (e) the custodian from whom the document was collected; (f) each privilege or immunity claimed; (g) a description of each the withheld Document or redacted material that is sufficiently descriptive to allow Plaintiff to assess Your privilege claim.

8. You may not redact any information on the basis that it is duplicative or irrelevant.

9. You must produce Documents not otherwise responsive to a request if they are attached to, enclosed with, or electronically forwarded with any Document that is responsive.

10. If more than one copy of a requested document (e.g., a clean copy and a copy with handwritten or other notations) exists, and if one or more documents have any writing on them which differentiate them from other copies, you shall produce all such copies.

11. Each Request shall be deemed continuing so as to require supplemental responses if You obtain or discover additional Documents after the date of Your initial production.

12. Unless otherwise stated, the Relevant Period is January 1, 2016 through the present. You much produced all documents drafted, created, modified, saved, sent, or received during the Relevant Period to the extent they are responsive to one or more of the Requests.

## SUBPOENA REQUESTS

Pursuant to Plaintiff's duly served subpoena duces tecum, You are required to produce:

1. All communications, or documents reflecting communications, between or amongst You, President Trump, Don McGahn, the Defendants, or any current or former employee or agent of the Defendants concerning the disclosure of text messages exchanged between Mr. Strzok and Ms. Page to Members of the Press.

2. All other documents concerning text messages exchanged between Mr. Strzok and Ms. Page.

3. All documents concerning links between (a) Donald Trump, any immediate family member of Donald Trump, The Trump Organization, Jared Kushner, or You and (b) Vladimir Putin, agents of the Moscow Kremlin, Russian oligarchs, or any Russian banks or business enterprises; or document concerning fear that such connections would be uncovered by the Mueller investigation, the FBI, or any other agency or apparatus of the United States government.

4. All documents concerning any wishes, desires, contemplations, plans, or efforts by Donald Trump, members of the Trump administration, or You to discredit the FBI, Mr. Strzok, Ms. Page, or the Mueller investigation.

5. All documents and communications concerning Donald Trump's, the Trump administration's, or Your desires or directives for termination of Mr. Strzok's employment.

6. All documents and communication concerning any statements Donald Trump has made about Mr. Strzok or Ms. Page.

/s/ Aitan D. Goelman
Aitan D. Goelman (D.C. Bar No. 446636)
Christopher R. MacColl (D.C. Bar No. 1049153)
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
AGoelman@zuckerman.com

Richard A. Salzman (D.C. Bar No. 422497)
HELLER, HURON, CHERTKOF & SALZMAN PLLC
1730 M Street NW, Suite 412
Washington, DC 20036
Telephone: (202) 293-8090
salzman@hellerhuron.com

*Counsel for Plaintiff Peter Strzok*