IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER P. STRZOK,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>ATTORNEY GENERAL MERRICK B.<br>GARLAND, in his official capacity, et al.,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 19-2367 (ABJ)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| LISA PAGE,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 19-3675 (TSC)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT REPORT REGARDING DISCOVERY DEADLINES**

The parties respectfully submit this joint report pursuant to the Court's October 19, 2021 Minute Order.[1]  The parties continue to engage in discovery and agree that the above-captioned cases should continue to proceed on a common discovery schedule to promote efficiency.  The parties have conferred and agree that extending the current discovery deadlines would assist with the efficient litigation of these cases.  As set forth in the parties' joint motion, ECF No. 69, the

---

[1] The above-captioned cases have been consolidated for purposes of discovery.  The parties in Civil Action No. 19-2367 (ABJ) are Plaintiff Peter Strzok and Defendants U.S. Department of Justice ("DOJ"); Federal Bureau of Investigation ("FBI"); Attorney General Merrick Garland, in his official capacity; and FBI Director Christopher A. Wray, in his official capacity.  The parties in Civil Action No. 19-3675 (TSC) are Plaintiff Lisa Page and Defendants DOJ and FBI.

parties previously agreed that the deadlines for making expert disclosures and serving expert rebuttal reports be set as November 19, 2021 and January 25, 2022, respectively, and the Court granted that joint motion in a minute order dated October 19, 2021.  The parties also agree that the deadline to substantially complete document production should be extended.  For the reasons set forth below, Plaintiffs propose that the deadline be extended by one month, and Defendants propose that the deadline be extended by four months.  The parties otherwise agree on the sequencing and relative timing of other discovery deadlines (*e.g.*, the parties agree that all discovery, including fact and expert depositions, be completed no later than two months from the deadline for substantial completion of document production).  The parties respectfully submit that good cause exists for an extension in order to provide the parties the opportunity to fully develop the factual record potentially relevant to the claims and defenses in this litigation.

**Defendants' Position Regarding Deadline to Substantially Complete Document Production**

Plaintiffs' proposed one-month extension for substantial completion of document discovery, to December 1, 2021, would not provide sufficient time for the FBI to substantially complete its document productions.  Defendants propose that the substantial completion deadline be extended by four months, to March 1, 2022.  A four-month extension will allow the FBI to search, process, and produce e-mail communications, text messages, and other electronic documents from 11 custodians from the time periods relevant to the claims in these two matters.

One additional month will not allow the FBI to substantially complete its document productions.  While the FBI has produced nearly 7,000 pages of responsive records to Plaintiffs to date, due to various challenges discussed in the accompanying declaration (including technical difficulties, significant demands placed on FBI's document processing unit due to other litigation matters and Congressional inquiries, and substantial limitations on FBI's processing ability

resulting from the effect of COVID-19 on FBI staffing, *see* Wiegand Decl. ¶¶ 12-26), there remains a significant amount of work before the FBI will be able to substantially complete its productions.

Given the necessary work, the FBI anticipates that it can substantially complete document productions pursuant to the parameters described below by March 1, 2022.  The FBI believes it has crafted a reasonable search that is designed to find relevant information without requiring disproportionate and unnecessary document review and processing.  Defendants have provided Plaintiffs with the search terms that the FBI has used as well as other information concerning the FBI's search.  In summary, the FBI has identified 11 custodians who represent the key organizational elements of the FBI likely to have information relevant to this case.  The FBI has conducted a search and performed an initial responsiveness review of both unclassified and Secret (UNET AND FBINET) emails of nine of those custodians; is refining its search of the emails of the remaining two custodians; has produced approximately 5,100 pages of UNET emails and approximately 1,800 pages of other documents; and is beginning their review of text messages and instant messages for these 11 custodians.  The FBI expects to soon review electronic storage drives for the subset of the 11 custodians deemed most likely to possess relevant information on such drives.

So long as the FBI's reasonable search is not expanded, the FBI anticipates that it can substantially complete these processes by March 1.  While Plaintiffs have already indicated that they believe the FBI should expand its search to include at least three additional custodians, the FBI maintains that it has crafted a reasonable search and that an expanded scope is not warranted. To the extent the FBI is required to expand its search, the FBI expects that it would need additional time beyond the requested four-month extension.

Finally, Defendants anticipate that the parties will continue to make productive use of the time between now and the requested March 1 substantial completion deadline. Rolling document productions will continue. Initial and rebuttal expert reports will be served in November and January, respectively. And, based on the parties' recent discussions, depositions of at least four fact witnesses will likely be scheduled in the coming months.

**Plaintiffs' Position Regarding Deadline to Substantially Complete Document Production**

These cases have been in active discovery for almost a year. The parties held their Rule 26(f) conference on October 22, 2020, appeared at an Initial Scheduling Conference on November 10, and served their initial disclosures on November 12. The original scheduling order provided that all discovery must be completed by June 30, 2021.

In the spirit of cooperation, Plaintiffs have agreed to seek joint extensions of all discovery deadlines in these cases two previous times, most recently in August 2021. The current deadline for substantial completion of document production is November 1, 2021, and the current close of discovery is December 15, 2021. Thus, the current schedule provides the parties with almost double the discovery time originally contemplated (13 months from the date of the Initial Scheduling Conference, rather than 7.5 months). To accommodate Defendants, Plaintiffs are willing to agree to one further round of extensions, as described in the attached proposed schedule. Under Plaintiffs' proposed schedule, the parties would be required to complete all discovery by February 1, 2022, providing for a discovery period of more than 14 months from the date of the Initial Scheduling Conference.

Plaintiffs are mindful of the challenges posed by the pandemic to Defendants' operations, especially the operations of the FBI. Plaintiffs considered these circumstances in agreeing to the significant extensions of discovery deadlines described above. To avoid an ongoing series of

further extensions, Plaintiffs now ask the Court to grant an additional, final extension of the discovery deadlines (barring truly exigent circumstances that require further extension) to assist Defendants in prioritizing these cases within their dockets. Plaintiffs respectfully submit that their proposed schedule strikes an appropriate balance between accommodating the needs of the parties and providing for the efficient resolution of these claims, which allege serious and irreversible violations of Plaintiffs' rights.

Dated: October 22, 2021

*/s/ Christopher R. MacColl*
Aitan D. Goelman (D.C. Bar 446636)
Christopher R. MacColl (D.C. Bar 1049153)
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
AGoelman@zuckerman.com
CMacColl@zuckerman.com

Richard A. Salzman (D.C. Bar 422497)
HELLER, HURON, CHERTKOF &
SALZMAN PLLC
1730 M Street NW, Suite 412
Washington, DC 20036
Telephone: (202) 293-8090
salzman@hellerhuron.com

*Counsel for Plaintiff Peter Strzok*

*/s/ Amy Jeffress*
Amy Jeffress (D.C. Bar 449258)
Robert J. Katerberg (D.C. Bar 466325)
Kaitlin Konkel (D.C. Bar 1021109)
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Michael J. Gaffney*
MICHAEL J. GAFFNEY (D.C. Bar 1048531)
BRADLEY P. HUMPHREYS
(D.C. Bar 988057)
JOSHUA C. ABBUHL (D.C. Bar 1044782)
Trial Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 514-2356
Email: Michael.J.Gaffney@usdoj.gov

*Counsel for Defendants*

5

Telephone: (202) 942-5000
Fax: (202) 942-5999
Amy.Jeffress@aporter.com
Robert.Katerberg@arnoldporter.com
Kaitlin.Konkel@arnoldporter.com

*Counsel for Plaintiff Lisa Page*