**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PETER P. STRZOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 19-2367 (ABJ) |
| v. ) | |
| ) | |
| ATTORNEY GENERAL MERRICK B. ) | |
| GARLAND, in his official capacity, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| LISA PAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 19-3675 (TSC) |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL INFORMATION IN SUPPORT OF
MOTION TO QUASH OR FOR PROTECTIVE ORDER RE CHRISTOPHER WRAY**

On August 5, 2022, just before close of business, counsel for Mr. Strzok notified counsel

for Defendants of their intent to serve a deposition subpoena on Zachary Harmon, Director Wray's

former Chief of Staff.  The subpoena is attached hereto as Exhibit A. In Mr. Strzok's opposition

to Defendant's motion to Quash (ECF No. 78), he describes his interest in Mr. Harmon:

> Moreover, the FBI's decision to exercise Mr. Wray's purported authority to
> insist on firing Mr. Strzok . . . conflicts with assurances that Mr. Wray made,
> through his Chief of Staff, to counsel for Mr. Strzok that Mr. Wray would
> accept whatever decision was made by OPR, assurances that Mr. Strzok
> relied upon when agreeing to the LCA.

Opp'n at 5.

Plaintiff's eleventh-hour decision to seek to subpoena Mr. Harmon is improper, but it is effectively a further concession that he has failed to exhaust potential alternatives to Mr. Wray's deposition, and this failure is sufficient basis in its own right to grant Defendants' motion and preclude Director Wray's deposition.  It also serves as further reason that Plaintiff cannot show that Director Wray possesses relevant, unique firsthand information.  For these and the other reasons stated in Defendants' motion and reply, the motion should be granted.

Dated: August 8, 2022                            Respectfully submitted,

                                                 BRIAN D. NETTER
                                                 Deputy Assistant Attorney General

                                                 MARCIA BERMAN
                                                 Assistant Branch Director

                                                 CHRISTOPHER R. HALL
                                                 Assistant Branch Director

                                                 */s/ Christopher M. Lynch*
                                                 MICHAEL J. GAFFNEY
                                                 (D.C. Bar 1048531)
                                                 BRADLEY P. HUMPHREYS
                                                 (D.C. Bar 988057)
                                                 JOSHUA C. ABBUHL
                                                 (D.C. Bar 1044782)
                                                 CHRISTOPHER M. LYNCH
                                                 (D.C. Bar 1049152)
                                                 Trial Attorneys, U.S. Department of Justice
                                                 Civil Division, Federal Programs Branch
                                                 1100 L Street, N.W.
                                                 Washington, D.C. 20005
                                                 Tel.: (202) 353-4357
                                                 Email: Christopher.M.Lynch@usdoj.gov

                                                 *Counsel for Defendants*

Exhibit A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PETER STRZOK, | ) |
| *Plaintiff*, | ) |
| v. | ) |
|  | ) |
| ATTORNEY GENERAL MERRICK GARLAND, | ) |
| in his official capacity as Attorney General, *et al.*, | ) |
|  | ) |
| *Defendants*. | ) |
|  | ) |
| LISA PAGE, | ) |
| *Plaintiff*, | ) |
| v. | ) |
|  | ) |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | ) |
|  | ) |
| *Defendants*. | ) |

Civil Action No. 19-2367 (ABJ)

Civil Action No. 19-3675 (TSC)

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Zachary J. Harmon
        1700 Pennsylvania Avenue NW Suite 900
        Washington, DC 20006

        **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in these civil actions.

| Place:  Zuckerman Spaeder LLP | Date and Time:  August 29, 2022 |
|---|---|
| 1800 M St. NW Suite 1000 | 9:30 am ET |
| Washington, DC 20036 | or as mutually agreed |

        The deposition will be recorded by stenographic, audio, and/or video methods.  Relevant provisions of Fed. R. Civ. P. 45 are attached.

Date:  August 5, 2022

                                                                        /s/ Christopher R. MacColl
                                                                        *Attorney for Peter Strzok*

Contact information for Plaintiffs' counsel is below. Please copy all Plaintiffs' counsel on correspondence related to the deposition.

Aitan D. Goelman (D.C. Bar 446636)
Christopher R. MacColl (D.C. Bar 1049153)
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
AGoelman@zuckerman.com
CMacColl@zuckerman.com

Richard A. Salzman (D.C. Bar 422497)
HELLER, HURON, CHERTKOF &
 SALZMAN PLLC
1730 M Street NW, Suite 412
Washington, DC 20036
Telephone: (202) 293-8090
salzman@hellerhuron.com

*Counsel for Plaintiff Peter Strzok*

Amy Jeffress (D.C. Bar No. 449258)
Robert J. Katerberg (D.C. Bar No. 466325)
Kaitlin Konkel (D.C. Bar No. 1021109)
ARNOLD & PORTER
 KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Fax: (202) 942-5999
Amy.Jeffress@aporter.com
Robert.Katerberg@arnoldporter.com
Kaitlin.Konkel@arnoldporter.com

*Counsel for Plaintiff Lisa Page*

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).