## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PETER STRZOK,<br>*Plaintiff*,<br>v.<br>ATTORNEY GENERAL MERRICK GARLAND,<br>in his official capacity as Attorney General, *et al.*,<br>*Defendants*. | ) ) ) ) ) ) ) ) ) ) | Civil Action No. 19-2367 (ABJ) |
| LISA PAGE,<br>*Plaintiff*,<br>v.<br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br>*Defendants*. | ) ) ) ) ) ) ) ) ) | Civil Action No. 19-3675 (TSC) |

### PLAINTIFFS' MOTION TO REENTER PRETRIAL SCHEDULE

Plaintiff Peter Strzok and Plaintiff Lisa Page respectfully submit this motion to reenter a pretrial schedule following the expiration of the previous pretrial schedule in August 2022.[1] Plaintiffs have discussed this motion with Defendants, who advised that Defendants agree to produce all documents covered by the Court's August 10, 2022 Minute Order by January 13, 2023, but disagree as to the remaining aspects of the proposed schedule.

On August 10, 2022, the Court ordered Defendants to produce additional documents and made certain rulings related to Defendants' motions to quash the depositions of former President

---

[1] The above-captioned cases have been consolidated for purposes of discovery. The parties in Civil Action No. 19-2367 (ABJ) are Plaintiff Peter Strzok and Defendants U.S. Department of Justice ("DOJ"); Federal Bureau of Investigation ("FBI"); Attorney General Merrick Garland, in his official capacity; and FBI Director Christopher A. Wray, in his official capacity. The parties in Civil Action No. 19-3675 (TSC) are Plaintiff Lisa Page and Defendants DOJ and FBI.

Donald Trump and FBI Director Christopher Wray.  At the time, the court-ordered deadline for the close of discovery was August 15, 2022.  In the weeks leading up to this deadline, the parties agreed to continue conducting certain limited discovery past August 15—for example, depositions that the parties had been unable to schedule for mutually agreeable dates before August 15—but postponed seeking a revised schedule until Defendants could provide a timing estimate for their additional document productions.  Plaintiffs have followed up repeatedly over the last few months to obtain that timing estimate, but Defendants did not provide one until December 6, 2022, after Plaintiffs informed Defendants that they intended to file this motion.

Although Defendants have now agreed to produce all documents covered by the Court's August 10, 2022 Minute Order by January 13, 2023, they have not agreed to the remaining dates in the proposed schedule.  Nor have Defendants suggested alternative dates, accepted Plaintiffs' offer to collaborate on a joint submission, or agreed to seek *any* dates for the close of discovery and certain other pretrial events.  While Plaintiffs had hoped to negotiate an agreed-upon schedule and jointly present it to the Court, the parties appear to be at an impasse on the need for a pretrial schedule, and postponing the reentry of that schedule is no longer reasonable or appropriate.  Thus, Plaintiffs respectfully request that the Court enter the schedule below.  A proposed order is attached.

## RELEVANT BACKGROUND

1.     These cases are now embarking on their fourth year, and the parties have been in active discovery for more than two years.  The Court entered the original scheduling order in these actions on November 12, 2020.  *Strzok v. Garland*, Civil Action No. 19-2367 (ABJ), ECF No. 54; *Page v. Dep't of Justice*, Civil Action No. 19-3675 (TSC), ECF No. 31.  That order established a close-of-discovery deadline of June 30, 2021.

2.      As discovery proceeded, the parties sought several extensions of the pretrial deadlines, most recently in a Joint Motion to Extend Discovery Deadlines filed on February 25, 2022.  *Strzok*, ECF No. 72; *Page*, ECF No. 40.  On February 28, 2022, the Court granted the parties' Joint Motion and adopted the following deadlines, which remained in effect through the expiration of the previous pretrial schedule in August 2022:

- The parties must substantially complete document production for DOJ, OIG, and FBI custodians agreed to during or before October 2021 by March 1, 2022.

- The parties must substantially complete all document production pursuant to FRCP 34 by July 1, 2022.

- The parties must serve expert rebuttal reports by August 1, 2022.

- All discovery must be completed by August 15, 2022.

- The parties must submit a joint status report by August 22, 2022.

- The previously scheduled post-discovery status conference is reset for August 26, 2022 at 10:00 AM in Courtroom 3 (in person).

3.      In the months leading up to the August 15, 2022 close-of-discovery deadline, all parties made rolling document productions, noticed and defended depositions, served and responded to written discovery requests, and met and conferred regularly regarding discovery disputes.  Plaintiffs completed their planned document productions by the substantial completion deadline of July 1, 2022.  Defendants noticed the depositions of Ms. Page and Mr. Strzok for July 19 and July 27, respectively; they later postponed Mr. Strzok's deposition to August 8 and Ms. Page's deposition to August 26, and Plaintiffs were deposed on those dates.  Prior to August 15, Defendants completed all other depositions they had noticed.

4.      Plaintiffs also deposed various witnesses beginning in February 2022, and they sought several depositions that remain outstanding.  On July 14, 2022, Plaintiffs jointly noticed the 30(b)(6) deposition of the FBI; they will proceed with that deposition once Defendants have

3

completed their remaining document productions.   In addition, Mr. Strzok has sought the depositions of former President Trump, FBI Director Christopher Wray, and Zachary Harmon, who served as Mr. Wray's chief of staff.  Ms. Page will participate in any deposition noticed by Mr. Strzok that is relevant to her Privacy Act claims, but she has not noticed—and does not intend to notice—any additional depositions.[2]  Likewise, Defendants' counsel confirmed on September 29, 2022 that, "subject to any supplemental disclosures, Defendants do not intend to notice any further depositions."

5.     On August 10, 2022, the Court held a discovery conference to address certain discovery disputes between Defendants and Mr. Strzok.  After hearing argument from the parties, the Court ordered Defendants to produce two contested categories of documents: (1) "the text messages identified or collected during the Office of the Inspector General's Midyear Investigation Review that were considered to be 'inappropriate' but were not referred to the FBI Office of Professional Responsibility for possible discipline"; and (2) "the requested December 12, 2017 phone logs for the officials identified in Request No. 47" and "log of Sarah Isgur's calls . . . for the entire eleven day period identified by plaintiff."  *Strzok*, Minute Order (Aug. 10, 2022).  In addition, the Court ruled on certain issues related to Defendants' motions to quash and entered a schedule for submissions related to those issues, including the apex doctrine and Defendants' executive privilege claims.

---

[2] Mr. Strzok has reserved his right to notice additional depositions of individuals, such as General John F. Kelly, who may have relevant information regarding former President Trump's demands for his termination or the leak of information about his text messages in advance of December 2, 2017.  The utility and need for those depositions depend on the outcome of disputes pending before the Court.  Additionally, Mr. Strzok has requested, but has not yet received, documents for Mr. Kelly and other White House custodians responsive to his March 2022 subpoena to the National Archives and Records Administration.

6.      The parties met and conferred by phone and e-mail in the weeks leading up to August 15, when the discovery period was set to expire.  Consistent with their prior discussions, the parties agreed to continue conducting certain limited discovery—including completing the depositions of former Deputy Attorney General Rod Rosenstein, former FBI Deputy Director David Bowdich, Plaintiff Lisa Page, and Defendants' rebuttal expert, Laura Malowane—between August 15 and September 30, 2022.  The parties further agreed that, once Defendants had gathered the relevant information regarding their document production timeline, the parties would discuss whether September 30 remained an appropriate close-of-discovery date and, if necessary, seek new pretrial deadlines from the Court.

7.      Between August 15, 2022 and the present, the parties have continued to coordinate on discovery in these actions.  Among other things, Defendants served expert rebuttal reports on August 17 and September 7, 2022; the parties completed the above-referenced depositions by September 15, 2022; and the parties have served and responded to additional discovery requests. The parties are continuing to meet and confer on several disputes.

8.      On November 14, 2022, Plaintiffs sent a proposed schedule to Defendants and asked for their views on the dates, as well as whether they would like to collaborate on a joint submission to the Court.  Defendants acknowledged the e-mail but did not provide a substantive response.  On December 2, 2022, Plaintiffs followed up on their November 14 e-mail, notified Defendants that they planned to file a motion seeking a new pretrial schedule early the following week, and sought Defendants' position on that motion.  As a courtesy to Defendants, Plaintiffs extended the two closest-in-time deadlines by approximately 3-4 weeks from the dates they had proposed on November 14.

9.      On December 6, 2022, Defendants responded to Plaintiffs' request for their position on the proposed motion.  Defendants advised that they agree to produce all documents covered by the Court's August 10, 2022 Minute Order by January 13, 2023, but disagree as to the remaining aspects of the proposed schedule.  Defendants did not suggest alternative dates; rather, they pointed to uncertainties surrounding each of the proposed dates and explained that they do not believe it is reasonable or appropriate to request a date for the close of discovery at this time.

### DISCUSSION

Plaintiffs respectfully request that the Court enter the pretrial schedule below, which would establish a close-of-discovery deadline of March 15, 2023 and set interim deadlines for events that must occur in a particular sequence (i.e., the completion of Defendants' document productions and the 30(b)(6) deposition of the FBI.  Although it was reasonable as of August 15, 2022 for the parties to postpone seeking a revised schedule until Defendants could provide a timing estimate for the document productions ordered on August 10, nearly four months have now passed, and it is untenable for the cases to remain in open-ended discovery.  Without a schedule in place, these cases will be at sea.  Thus, Plaintiffs seek entry of the proposed schedule below.

**Plaintiffs' Proposed Schedule**

| Date | Event | Plaintiffs' Rationale |
| --- | --- | --- |
| Friday, January 13, 2023 (uncontested) | Defendants to produce all documents covered by the August 10, 2022 Minute Order. | Defendants have agreed to this proposed date, which would result in Defendants having had more than five months to complete the discrete document productions ordered by the Court.  Plaintiffs need these documents prior to taking the FBI's 30(b)(6) deposition. |

| Date | Event | Plaintiffs' Rationale |
|---|---|---|
| Friday, February 24, 2023 | FBI 30(b)(6) deposition to be completed by this date. | The proposed deadline would provide a six-week period for the parties to prepare for and complete the 30(b)(6) deposition following the completion of Defendants' document productions.  Plaintiffs noticed this deposition on July 14, 2022. |
| Wednesday, March 15, 2023 | All discovery to be completed in *Strzok v. Garland* and *Page v. DOJ*. | The proposed deadline would provide a 2.5-week period for the parties to follow up on any remaining issues after the FBI's 30(b)(6) deposition.<br><br>Overall, it would extend the discovery period by seven months from the close-of-discovery deadline last ordered by the Court (August 15, 2022). |
| Wednesday, March 22, 2023 | Submission of joint status report on whether the cases should remain consolidated for purposes of summary judgment or trial. | |
| Wednesday, March 29, 2023 | Status conference.  The schedule for dispositive motions will be established at this time if necessary. | |

These dates are designed to provide ample time for the parties to complete each of the discovery events identified in the proposed schedule, as well as any additional discovery agreed to by the parties or ordered by the Court.  As noted, the parties agreed to continue conducting certain limited discovery past the close-of-discovery deadline of August 15, and Plaintiffs will continue

to coordinate with Defendants on discovery within the scope of that agreement.[3]  In addition, Plaintiffs intend to conduct any additional discovery that the Court may permit or require in connection with the pending submissions related to Defendants' motions to quash, the apex doctrine, and Defendants' claims of executive privilege.[4]

The proposed dates should be more than sufficient to accommodate the production of two discrete categories of documents, the deposition of the FBI's 30(b)(6) designee, and any remaining agreed-upon or ordered discovery.  The proposed document production deadline of January 13, 2023—which is uncontested—would result in Defendants having had more than five months to complete the additional document productions ordered by the Court on August 10, 2022. Likewise, the proposed close-of-discovery date would extend the discovery period by seven months, from August 15, 2022 to March 15, 2023.  For comparison's sake, the original scheduling order provided a period of less than eight months for *all* discovery.

While it is always possible that unforeseen developments could disrupt the pretrial schedule, that is not a reason to forego pretrial deadlines entirely.  Such developments are routine in civil litigation, and the proper way for litigants to deal with them is to request scheduling modifications as the need arises, as the parties have done in six previous joint submissions in these

---

[3] The parties' agreements and representations regarding the permissible scope of discovery after August 15, 2022 are documented in their e-mail correspondence leading up to the August 15 deadline.  To the extent that Defendants are pursuing (or may pursue in the future) discovery in areas that they did not identify to Plaintiffs prior to the August 15 expiration of the discovery period, Plaintiffs reserve the right to challenge those requests as untimely and outside the scope of the parties' agreement.

[4] The Court has not yet ruled on Defendants' motions to quash and the submissions arising from its August 10, 2022 Minute Order, which may affect the additional discovery that Plaintiffs are permitted or required to conduct.  Plaintiffs will work diligently to complete any additional discovery authorized by the Court and, if necessary, seek further scheduling modifications as the relevant deadlines approach.

actions.  Plaintiffs' motion simply asks to return these cases to the status quo of civil litigation: a defined pretrial schedule that any party may seek to modify for good cause.

Reentering a pretrial schedule in these actions would promote the fair and timely resolution of the remaining discovery issues; ensure seasonable compliance with the Court's prior orders, including the August 10, 2022 Minute Order; and offer a predictable timeline as the parties move toward summary judgment and trial.  Thus, Plaintiffs respectfully request that the Court grant this motion to reenter a pretrial schedule and enter the attached proposed order.

Date: December 7, 2022                                    Respectfully submitted,

/s/ Christopher R. MacColl                          /s/ Amy Jeffress
Aitan D. Goelman (D.C. Bar 446636)         Amy Jeffress (D.C. Bar 449258)
Christopher R. MacColl (D.C. Bar              Robert J. Katerberg (D.C. Bar 466325)
1049153)                                                   Kaitlin Konkel (D.C. Bar 1021109)
ZUCKERMAN SPAEDER LLP                     ARNOLD & PORTER
1800 M Street NW, Suite 1000                      KAYE SCHOLER LLP
Washington, DC 20036                               601 Massachusetts Avenue NW
Telephone: (202) 778-1800                           Washington, DC 20001-3743
AGoelman@zuckerman.com                        Telephone: (202) 942-5000
CMacColl@zuckerman.com                         Fax: (202) 942-5999
                                                              Amy.Jeffress@aporter.com
Richard A. Salzman (D.C. Bar 422497)        Robert.Katerberg@arnoldporter.com
HELLER, HURON, CHERTKOF &               Kaitlin.Konkel@arnoldporter.com
   SALZMAN PLLC
1730 M Street NW, Suite 412                       *Counsel for Plaintiff Lisa Page*
Washington, DC 20036
Telephone: (202) 293-8090
salzman@hellerhuron.com

*Counsel for Plaintiff Peter Strzok*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on December 7, 2022, I caused a copy of the foregoing to be served

via CM/ECF on all counsel of record.

/s/ Amy Jeffress

Amy Jeffress