UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER STRZOK,<br>　　　　*Plaintiff*,<br>　　v.<br>ATTORNEY GENERAL MERRICK GARLAND,<br>in his official capacity as Attorney General, *et al.*,<br>　　　　*Defendants*. | Civil Action No. 19-2367 (ABJ) |
| LISA PAGE,<br>　　　　*Plaintiff*,<br>　　v.<br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br>　　　　*Defendants*. | Civil Action No. 19-3675 (TSC) |

**AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION OF
THE FEDERAL BUREAU OF INVESTIGATION**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Peter Strzok and Lisa Page, by and through their undersigned counsel, will take the deposition upon oral examination of the **FEDERAL BUREAU OF INVESTIGATION** at the offices of Zuckerman Spaeder LLP, 1800 M St. NW STE 1000, Washington, DC 20036. The deposition will be taken beginning at 9:30 am ET on a date or dates within the fact discovery period set by the Court in the above captioned actions and to be agreed by the parties. The deposition shall be before an officer authorized to administer oaths. The deposition will continue from day to day until completed. The deposition will be recorded by stenographic, audio, and/or video methods.

Court reporting services and video recording services will be provided by Veritext Legal Solutions.

The deposition will be taken for purposes of discovery, for use at trial in these matters, and for any other purpose permitted under the Federal Rules of Civil Procedure. All counsel of record in the above captioned matters are invited to attend and participate.

The topics for examination are attached hereto as Schedule A. An initial 30(b)(6) deposition notice was served on July 14, 2022. This notice reflects our efforts to narrow the topics, as well as developments in these actions. We request a prompt meet and confer regarding the scope of testimony pursuant to Rule 30(b)(6). The FBI is required to designate a person or persons competent to testify on its behalf "about information known or reasonably available to the organization" and within the scope of the topics identified in Schedule A.

Date: January 20, 2023                                    Respectfully Submitted,

/s/ Christopher R. MacColl
Aitan D. Goelman (D.C. Bar 446636)
Christopher R. MacColl (D.C. Bar 1049153)
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
AGoelman@zuckerman.com
CMacColl@zuckerman.com

Richard A. Salzman (D.C. Bar 422497)
HELLER, HURON, CHERTKOF &
  SALZMAN PLLC
1730 M Street NW, Suite 412
Washington, DC 20036
Telephone: (202) 293-8090
salzman@hellerhuron.com

*Counsel for Plaintiff Peter Strzok*

/s/ Kaitlin Konkel
Amy Jeffress (D.C. Bar 449258)
Robert J. Katerberg (D.C. Bar 466325)
Kaitlin Konkel (D.C. Bar 1021109)
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Fax: (202) 942-5999
Amy.Jeffress@aporter.com
Robert.Katerberg@arnoldporter.com
Kaitlin.Konkel@arnoldporter.com

*Counsel for Plaintiff Lisa Page*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 20, 2023, I served a copy of the foregoing via e-mail on counsel of record for Defendants, as well as on counsel of record for Lisa Page in Civil Action No. 19-3675 (TSC).

/s/ Christopher R. MacColl
Christopher R. MacColl

## Schedule A

## **DEFINITIONS**

1. "You," "your," and "yours" refers to the Federal Bureau of Investigation including all current and former employees, representatives, agents, and attorneys of the FBI.

2. "Actions" means the above-captioned cases: *Strzok v. Garland*, Civil Action No. 19-2367 (ABJ) and *Page v. U.S. Dep't of Justice*, Civil Action No. 19-3675 (TSC).

3. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Topics information that otherwise might be construed to fall outside their scope.

4. "Any" shall be construed to include the word "all," and "all" shall be construed to include the word "any."

5. "Communication(s)" means any exchange of information by any means of transmission, including conversations, correspondence, discussions, electronic mail, facsimile, messages on social networking sites (including Facebook, Google+, and Twitter), shared applications accessed using cell phones or computers, telephone conversations, text messages, transmission of documents, and any other oral, written, or physical expression by which information is transmitted between two or more persons.

6. "December 2, 2017 Articles" means the *New York Times* article "Mueller Removed Top Agent in Russia Inquiry Over Possible Anti-Trump Texts" and/or the *Washington Post* article "Top FBI official assigned to Mueller's Russia probe said to have been removed after sending anti-Trump texts" that were initially published on or about December 2, 2017.

7. "Disclosure" means any release or dissemination of information, whether or not it would constitute a prohibited disclosure under the Privacy Act.

8. "Document(s)" encompasses all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & (B) and shall be construed in its broadest sense to include, without limitation, any memoranda, notes, reports, writings, drawings, calendars, calendar entries, graphs, charts, photographs, images, sound recordings, models, and other data or data compilations, including metadata, whether written, printed, typed, recorded, copied, or otherwise created, and whether stored in tangible, physical, electronic, magnetic, or other form.  Two or more items described by the preceding sentence that are materially different—for example, that have different handwritten notes or highlighting—constitute separate documents under this definition.  Documents include all written "communications" as defined above.

9. "Each" shall be construed to include the word "every," and "every" shall be construed to include the word "each."

10. "Include" (or any variation thereof) means "including, but not limited to," and does not limit the scope of a Topic in any way.

11. "Midyear Investigation Review" means the review by DOJ's Office of the Inspector General that is described in the June 2018 report titled "A Review of Various Actions by the Federal Bureau of Investigation and Department of Justice in Advance of the 2016 Election."

12. "Crossfire Hurricane Investigation Review" means the review by DOJ's Office of the Inspector General that is described in the December 2019 report titled "Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation."

13. "Person" means any natural person, corporation, firm, partnership, unincorporated association, trust, or other legal, business, or governmental entity, or any group or combination thereof.

14. "Press" means any person who publishes, compiles, or participates in the publishing or compilation of information or opinions for public dissemination, including through any newspaper, periodical, broadcast, blog, or other publication.

15. "Members of the Press" include any journalist, editor, news researcher, or other employee or contractor of the Press.

16. "Relating to" (or any variation thereof) means mentioning, comprising, consisting of, indicating, describing, reflecting, referring to, evidencing, regarding, pertaining to, showing, discussing, connected with, memorializing, or involving in any way whatsoever the subject matter of the Topic, including having a legal, factual, or logical connection, relationship, correlation, or association with the subject matter of the Topic. A document may relate to an individual or entity without specifically mentioning or discussing that individual or entity by name.

17. "Strzok-Page Text Messages" means some or all of the text messages exchanged between Plaintiff Peter Strzok and Plaintiff Lisa Page using FBI-issued devices, including the text messages that Defendants admit were disclosed to the Press on December 12, 2017.

18. "White House Staff" includes the White House Chief of Staff, Deputy Chief(s) of Staff, National Security Advisor, White House Counsel, Deputy National Security Advisor, Press Secretary, Senior Advisors to the President, Assistants to the President, White House Directors, White House Speechwriters, and any White House employee reporting directly to a person occupying one of those positions or to the President of the United States.

19. As used herein, the singular shall include the plural and the plural shall include the singular whenever necessary to bring within the scope of these Topics information or documents that otherwise might be construed to fall outside their scope.

20. As used herein, the masculine shall include the feminine and the feminine shall include the masculine whenever necessary to bring within the scope of these Topics information or documents that otherwise might be construed to fall outside their scope.

21. To the extent not otherwise defined herein, all words shall have their usual and ordinary meaning as the context would indicate or require.

## RELEVANT TIME PERIOD

Unless otherwise stated, the Relevant Time Period for all Topics other than those relating to the FBI's policies and practices regarding discipline and last chance agreements is January 20, 2017 to the present.

## 30(b)(6) DEPOSITION TOPICS

1. Any investigation You conducted, or considered conducting, into any disclosure(s) of information related to Mr. Strzok, Ms. Page, or the Strzok-Page Text Messages that occurred prior to the publication of the December 2, 2017 Articles, and any knowledge you have as to any FBI or DOJ employee who served as a source for the December 2, 2017 Articles.

2. Your redaction on December 12, 2017 of the 90-page document that Defendants disclosed to Members of the Press that evening, including the specific personnel involved in the redaction process, the timing of the redactions, any instructions provided to those applying the redactions, and any redactions that were made or not made by personnel in the Inspection Division (INSD), the Office of General Counsel (OGC), or any other relevant office.

3. Your practices and policies for redacting information relating to individual employees from documents that You disclose to Congress, to the Press, pursuant to a FOIA request, or in civil litigation.

4. Your policies regarding employees' use of FBI-issued devices for personal Communications or other personal business, and any relevant training You provided employees on that topic prior to December 2, 2017.

5. Any meeting or discussion that Director Christopher Wray had with the President, Vice President, White House Staff, Attorney General, Deputy Attorney General, or Associate Deputy Attorney General at which Mr. Strzok, Ms. Page, or the Strzok-Page Text Messages were discussed, including a discussion on or about January 22, 2017, and any documents reflecting such discussions.

6. Any meeting or discussion that Director Christopher Wray had with Deputy Director Bowdich at which Mr. Strzok, Ms. Page, or the Strzok-Page Text Messages were discussed, and any documents reflecting such discussions.

7. The alleged delegation of authority from Director Wray to Deputy Director Bowdich that You contend empowered DD Bowdich to overturn the FINAL decision of Assistant Director Candice Will and any associated documents or policies.

8. Your decision as to whether to open disciplinary investigations into and whether to discipline FBI employees (other than Mr. Strzok, Ms. Page, and the employees identified pseudonymously in this litigation as DOE-1, DOE-2, DOE-3, or DOE-4) whose inappropriate text messages You produced to the Department of Justice Office of the Inspector General ("OIG") in connection with the Midyear Investigation Reviews or Crossfire Hurricane Investigation Review.

9. *Defendants have maintained that "[n]either Plaintiff's complaint raises any claim relating to the status of their security clearances," Defs.' Objs. & Resps. to Pls.' 2d RFAs, Nos. 123, 124, and Defendants repeatedly have refused to respond to any discovery requests regarding Plaintiffs' security clearances or ability to access classified information, see, e.g., Defs.' Objs. &*

*Resps. to Pls.' 2d Rogs, No. 20; Defs' Objs. & Resps. to Pls.' 2d RFAs, Nos. 113-124. Ms. Page, on the other hand, maintains that these matters are relevant to multiple disputes of material fact, including the disputed issue of her private sector employability. Plaintiffs have explained that the need for discovery from Defendants on these issues may depend, in part, on whether Defendants plan to limit their engagement to the legal argument that these matters are not relevant to any party's claims or defenses, rather than rebutting Plaintiffs' evidence or otherwise engaging on the merits.*

*If Defendants contend or concede that Mr. Strzok's or Ms. Page's security clearance status or ability to access classified information is relevant to liability, damages, or other remedies—or if Defendants are reserving the right to dispute Plaintiffs' arguments or evidence on these topics (rather than limiting their engagement to the legal argument that these matters are not relevant to any party's claims or defenses)—please prepare a 30(b)(6) witness to testify on the following topic:*

Any directive or rationale for refusing Plaintiffs security clearances or access to classified information; the status and history of Plaintiffs' respective security clearances, efforts to obtain security clearances, and ability to obtain a security clearance or access classified information without a security clearance (for example, by signing a non-disclosure agreement); and Your practices or policies for exposing private-sector attorneys who do not hold security clearances to classified information following their signing of a non-disclosure agreement. This topic includes, but is not limited to, Your involvement in any matters reflected in PAGE-005077-97, PAGE-005499, and the testimony at pages 173 and 348-352 of Ms. Page's August 26, 2022 deposition transcript.