UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER STRZOK,<br>       *Plaintiff*,<br>  v.<br>ATTORNEY GENERAL MERRICK GARLAND,<br>in his official capacity as Attorney General, *et al.*,<br>       *Defendants*. | Civil Action No. 19-2367 (ABJ) |
| LISA PAGE,<br>       *Plaintiff*,<br>  v.<br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br>       *Defendants*. | Civil Action No. 19-3675 (TSC) |

**JOINT STATUS REPORT**

Pursuant to the Court's February 23, 2023 Minute Order, the parties respectfully submit this joint status report regarding the state of discovery.[1] In addition, the parties request that the Court (1) extend the close-of-discovery deadline from March 15, 2023 to April 28, 2023 for all discovery unrelated to the executive privilege issues; (2) enter the remaining deadlines set forth in the attached proposed order; and (3) direct the parties to submit a further status report related to the executive privilege issues. The parties provide their agreed and disputed positions, as applicable, below.

---

[1] The above-captioned cases have been consolidated for purposes of discovery. The parties in Civil Action No. 19-2367 (ABJ) are Plaintiff Peter Strzok and Defendants U.S. Department of Justice ("DOJ"); Federal Bureau of Investigation ("FBI"); Attorney General Merrick Garland, in his official capacity; and FBI Director Christopher A. Wray, in his official capacity. The parties in Civil Action No. 19-3675 (TSC) are Plaintiff Lisa Page and Defendants DOJ and FBI.

1. **Relevant Background, Close-of-Discovery Deadline, and Next Steps**

*Agreed Position*: The parties request that the Court extend the close-of-discovery deadline from March 15, 2023 to April 28, 2023 for all discovery unrelated to the executive privilege issues. In addition, the parties request that the Court direct the parties to submit a joint status report on May 5, 2023, one week after the proposed close-of-discovery deadline for all discovery unrelated to the executive privilege issues, addressing how these cases should proceed.

*Plaintiffs' Position*: The Court entered the original scheduling order in these actions on November 12, 2020. *Strzok v. Garland*, Civil Action No. 19-2367 (ABJ), ECF No. 54; *Page v. Dep't of Justice*, Civil Action No. 19-3675 (TSC), ECF No. 31. Between November 2020 and the present, the Court granted requests to extend the pretrial deadlines seven times, most recently on December 21, 2022. The December 21 minute order provides as follows:

> In light of the [104] joint status report and proposed discovery schedule filed by the parties, it is ORDERED that: (1) defendants must produce all documents covered by the Court's August 10, 2022 minute order, by January 13, 2023, as previously ordered by the Court; (2) plaintiffs must provide defendants with a complete list of proposed topics for a 30(b)(6) deposition of the FBI by January 20, 2023; (3) the parties must complete any remaining document productions by January 31, 2023 (this deadline applies only to the parties to these actions, and not to potential productions sought by third-party subpoenas); (4) the parties must agree on a complete list of 30(b)(6) deposition topics by February 3, 2023, or otherwise notify the Court that the parties have reached an impasse, in which case each party must provide the Court with its proposed list of 30(b)(6) deposition topics; (5) the parties must complete all discovery unaffected by the pending apex doctrine and executive privilege dispute in Strzok v. Garland and Page v. DOJ by March 15, 2023; (6) the parties must submit a joint status report on whether the cases should remain consolidated for purposes of summary judgment or trial by March 22, 2023. Per the Court's December 8, 2022 minute order, the parties will submit a joint report with a proposed schedule or schedules for the completion of all discovery seven days after the Court's ruling on the motions to quash.

*Strzok*, Minute Order (Dec. 21, 2022); *see also Page*, Minute Order (Dec. 21, 2022).

On February 23, 2023, the parties appeared at a conference before the Court. The Court ruled on the pending motions to quash and authorized Plaintiffs to conduct depositions of former

President Donald Trump and current FBI Director Christopher Wray that "do not exceed two hours and are limited to the narrow set of topics specified on the record at the hearing." *Strzok*, Minute Order (Feb. 23, 2023); *Page* (same). In addition, the Court directed the government to "inform the Court whether the current President will invoke the executive privilege with respect to the specified topics by March 24, 2023." *Id.*

Because the remaining discovery may depend, in part, on the resolution of the executive privilege issues, Plaintiffs propose proceeding in two tracks. With respect to discovery unrelated to the executive privilege issues, Plaintiffs request that the Court extend the close-of-discovery deadline from March 15, 2023 to April 28, 2023. With respect to discovery related to the executive privilege issues, Plaintiffs ask that the Court direct the parties to submit a further joint status report by March 31, 2023, seven days after Defendants' March 24, 2023 submission providing the current President's position on executive privilege, or at a time convenient to the Court. This status report will enable the parties to provide any relevant updates to the Court once Defendants have informed the Court (and Plaintiffs) of the current President's position on executive privilege.

Because the Court's February 23, 2023 minute order directs the parties to file a status report on the "state of discovery," *see id.*, Plaintiffs have sought to meet and confer with Defendants to determine the parties' positions on document production, interrogatories and requests for admissions, depositions and third-party discovery, and other discovery issues. Those positions are summarized below.

*Defendants' Position*: The parties agree that, with respect to discovery unrelated to the executive privilege issues, the close-of-discovery deadline should be extended from March 15, 2023 to April 28, 2023. The parties also agree that, with respect to discovery related to the executive privilege issues that will be the subject of Defendants' March 24, 2023 filing, and which

3

the Court has not yet adjudicated, the parties should address scheduling at a later date (Plaintiffs suggest another status report to be filed in three weeks, regardless of whether the Court has yet ruled on any privilege assertions in Defendants' March 24 filing; Defendants propose submitting a further status report on executive privilege issues <u>14 days after the Court issues any order on those issues following Defendants' March 24 filing</u>.)  Although Defendants do not believe further discussion is necessary in this status report,  Plaintiffs have proposed addressing a variety of other issues, and therefore Defendants provide their position as to each contested item below.

## 2. Document Production

All parties have served and responded to requests for the production of documents.  The parties agree that the period to seek the production of additional documents has closed, except as provided below.

**Additional document productions by Ms. Page.**  On February 23, 2023, the Court ordered Ms. Page to produce additional documents requested by Defendants.  Ms. Page will review and produce any documents covered by the Court's February 23 minute order by <u>April 21, 2023</u>, approximately eight weeks from the date of the Court's order.

**Additional document productions by Defendants.**  Defendants have agreed to supplement their production of the spreadsheets of so-called "inappropriate" text messages compiled by the Office of the Inspector General to provide individualized anonymizers for each sender and recipient of text messages in those spreadsheets.  Defendants will produce that supplemental information to Plaintiffs by <u>March 30, 2023</u>.

**Other issues related to document discovery.**

<u>Plaintiffs' Position:</u> Plaintiffs reserve their rights in three areas.  First, Plaintiffs received a new document production from Defendants on the afternoon of March 13, 2023, and they reserve

the right to follow up as appropriate once they have had an opportunity to review. Second, pending resolution of the executive privilege issues, Plaintiffs reserve the right to seek information or documents that Defendants have redacted or withheld under a claim of executive privilege. Third, although Plaintiffs do not presently intend to serve any additional requests for production, Plaintiffs reserve the right to seek additional document discovery based on information that was unavailable to them at the time the parties filed this joint status report.

*Defendants' Position*: Defendants submit that the time to serve new requests or raise additional challenges to document withholdings or redactions has passed. To the extent the Court agrees that further document discovery is warranted, Defendants reserve all rights to seek additional document discovery based on information that was unavailable to them at the time the parties filed this joint status report.

### 3. Interrogatories and Requests for Admissions

All parties have served and responded to interrogatories and requests for admissions. The parties agree that the period to serve new interrogatories or requests for admissions has closed, except as provided below.

**Outstanding requests for admissions.** Plaintiffs served their latest requests for admissions on February 7, 2023. Defendants served their latest requests for admissions on February 13, 2023. The parties have agreed to extend the response deadlines for both sets of requests to March 30, 2023.

**Contention interrogatories and other supplemental responses.**

*Plaintiffs' Position:* Plaintiffs propose that the parties serve supplemental responses, including responses to contention interrogatories that the parties deferred earlier in the discovery period, by April 21, 2023, one week before the close of discovery unrelated to the executive

privilege issues. That deadline will provide a seven-day period for the parties to meet and confer on any issues arising from the supplemental responses.

*Defendants' Position:* Defendants propose that a separate deadline for serving supplemental responses, including responses to contention interrogatories that the parties deferred earlier in the discovery period, is unnecessary and that such responses be served by April 28, 2023 (*i.e.*, the date the parties have agreed upon as the close of discovery).

**Additional interrogatories and requests for admissions.**

<u>Plaintiffs' Position</u>: In meet-and-confer discussions between the parties, Plaintiffs reserved the right to seek additional information (through written discovery requests and otherwise) once Defendants had completed their production of certain spreadsheets of text messages. Plaintiffs received the last of these spreadsheets today (March 13, 2023). Plaintiffs will review the March 13 production and follow up as appropriate. In addition, although Plaintiffs do not presently intend to serve any additional interrogatories or requests for admissions, Plaintiffs reserve the right to do so based on information that was unavailable to them at the time the parties filed this joint status report.

<u>Defendants' Position</u>: Defendants respectfully submit that the time to serve interrogatories and requests for admissions has passed, except with respect to four spreadsheets of text messages that Defendants produced after the January 31, 2023 deadline for the close of document production. To the extent the Court agrees that additional interrogatories or requests for admissions are warranted, Defendants reserve all rights serve additional interrogatories or requests for admissions based on information that was unavailable to them at the time the parties filed this joint status report.

### 4. Depositions and Third-Party Discovery

All parties have taken and defended depositions and sought discovery from third parties. On February 23, 2023, the Court authorized depositions of former President Donald Trump and FBI Director Christopher Wray subject to the conditions set forth by the Court. With respect to other depositions and third-party discovery, the following items remain outstanding:

**FBI 30(b)(6) deposition.** The parties have scheduled the 30(b)(6) deposition of the FBI for April 14, 2023.

**General John F. Kelly.** Mr. Strzok served a document subpoena on Gen. Kelly on February 10, 2023. The government's position as to whether it intends to assert executive privilege over certain responsive documents has been requested.

*Plaintiffs' Position*: Any additional discovery from Gen. Kelly will be informed by the resolution of the executive privilege issues. On multiple occasions, Mr. Strzok's counsel has informed Defendants that he was deferring noticing Gen. Kelly's deposition (and potentially like depositions) until the executive privilege issues were resolved, and asked Defendants to let him know of any disagreement.[2] Defendants did not challenge this approach.

*Defendants' Position*: Defendants recognize that there may be disputes arising as to any response from General Kelly to the February 10, 2023 subpoena after the Court issues its ruling

---

[2] For example, on February 10, 2023, counsel for Mr. Strzok sent the following message to Defendants:

> We intend to serve the attached Third Party subpoena duces tecum on former White House Chief of Staff John F. Kelly. As we've previously discussed, we may need to take General Kelly's deposition. Because we understand that the Defendants would likely assert the presidential communications privilege repeatedly if that deposition was held today, the need, utility, and timing of General Kelly's deposition depend on the Court's ruling on the pending apex and executive

on executive privilege issues. Apart from the resolution of any such dispute related to the already-propounded subpoena, Defendants believe that any further pursuit of discovery from General Kelly would be untimely. Except for the two depositions ordered by the Court on February 23, 2023, which are the subject of the Court's forthcoming resolution of executive privilege issues, no new depositions are warranted. To the extent a deposition of General Kelly is noticed, Defendants reserve the right to raise any defenses and to assert any applicable privileges.

**Additional depositions.**

*Plaintiffs' Position*: Mr. Strzok may request to reopen depositions of Defendants' current or former employees who were instructed not to answer questions on the basis of executive privileges. The timing of any such depositions will be affected by the resolution of the executive privilege issues. Ms. Page will participate in any deposition noticed by Mr. Strzok that is relevant to her Privacy Act claims, but she has not noticed—and does not presently intend to notice—any additional depositions.

*Defendants' Position*: Defendants do not believe that Plaintiffs are entitled to reopen the deposition of any witness as to whom Plaintiffs already exhausted the full seven hours of questioning permitted by the Federal Rules of Civil Procedure. Depending on the court's privilege rulings, as well as any specific requests by Mr. Strzok, Defendants are willing to meet and confer, and they reserve the right to raise all relevant objections at that time.

---

privilege issues. We are therefore deferring noticing his deposition (and potentially like depositions) until a ruling is issued.

Please let us know if you disagree with the above, and in particular whether the Defendants would *not* assert the PCP with respect to questions of General Kelly regarding his communications with former President Trump.

5. **Other**

The parties will continue to meet and confer in the coming weeks, including to address any cleanup tasks prior to the proposed close-of-discovery deadline of April 28, 2023.

\* \* \*

For the reasons set forth above, the parties respectfully request that the Court (1) extend the close-of-discovery deadline from March 15, 2023 to April 28, 2023 for all discovery unrelated to the executive privilege issues; (2) enter the remaining deadlines set forth in the proposed order; and (3) direct the parties to submit a further status report on the executive privilege issues.

Date: March 13, 2023

Respectfully submitted,

/s/ Michael J. Gaffney
MICHAEL J. GAFFNEY (D.C. Bar 1048531)
BRADLEY P. HUMPHREYS (D.C. Bar 988057)
JOSHUA C. ABBUHL (D.C. Bar 1044782)
Trial Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 616-8366
Email: Joshua.Abbuhl@usdoj.gov

*Counsel for Defendants*

/s/ Amy Jeffress
Amy Jeffress (D.C. Bar 449258)
Robert J. Katerberg (D.C. Bar 466325)
Kaitlin Konkel (D.C. Bar 1021109)
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Fax: (202) 942-5999
Amy.Jeffress@aporter.com
Robert.Katerberg@arnoldporter.com
Kaitlin.Konkel@arnoldporter.com

*Counsel for Plaintiff Lisa Page*

/s/ Christopher R. MacColl
/s/ Christopher R. MacColl
Aitan D. Goelman (D.C. Bar 446636)
Christopher R. MacColl (D.C. Bar 1049153)
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
AGoelman@zuckerman.com
CMacColl@zuckerman.com

                              Richard A. Salzman (D.C. Bar 422497)
                              HELLER, HURON, CHERTKOF &
                                SALZMAN PLLC
                              1730 M Street NW, Suite 412
                              Washington, DC 20036
                              Telephone: (202) 293-8090
                              salzman@hellerhuron.com

                              *Counsel for Plaintiff Peter Strzok*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 13, 2023, I caused a copy of the foregoing to be served via CM/ECF on all counsel of record.

/s/ Amy Jeffress
Amy Jeffress