**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PETER P. STRZOK,<br><br>        Plaintiff,<br><br>        v.<br><br>ATTORNEY GENERAL MERRICK B. GARLAND, in his official capacity, *et al.*,<br><br>        Defendants. | Civil Action No. 19-2367 (ABJ) |
| LISA PAGE,<br><br>        Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>        Defendants. | Civil Action No. 19-3675 (TSC) |
| ATTORNEY GENERAL MERRICK GARLAND, in his official capacity, UNITED STATES DEPARTMENT OF JUSTICE, FBI DIRECTOR CHRISTOPHER A. WRAY, in his official capacity, FEDERAL BUREAU OF INVESTIGATION,<br><br>        Movants,<br>        v.<br><br>PETER P. STRZOK<br><br>IN RE SUBPOENA SERVED ON DONALD J. TRUMP | Case No.: 1:22-mc-27 (ABJ) |

### DEFENDANTS' MOTION TO STAY DEPOSITION OF FORMER PRESIDENT DONALD TRUMP PENDING PETITION FOR MANDAMUS AND/OR MOTION FOR RECONSIDERATION

This Court denied in part Defendants' motions to quash the depositions of former President Donald Trump and current FBI Director Christopher Wray. In so ruling, the Court recognized that ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ████████████████████████████ Feb. 23, 2023 Hr'g Tr. at 35:10-13; Minute Order of Feb. 23, 2023. The Court nonetheless stopped short of requiring Director Wray's deposition to occur before any deposition of former President Trump. *See* Minute Order of Feb. 23, 2023. Contrary to the request of the United States, Mr. Strzok seeks to depose former President Trump before Director Wray, thereby making it impossible to determine if the Director's deposition might obviate the need to depose the former President.

On May 11, 2023, the Solicitor General authorized the government to petition the U.S. Court of Appeals for the D.C. Circuit for a writ of mandamus as to this Court's determination that former President Trump may be deposed in this matter. Prior to seeking such relief, the United States respectfully moves for reconsideration before the Court, to order that former President Trump cannot be deposed until after the deposition of Director Wray (and any ensuing motion practice as to the remaining necessity of the former President's deposition). In the alternative, the United States asks the Court to stay its order permitting the former President's deposition to enable Defendants to seek a writ of mandamus from the D.C. Circuit. Defendants respectfully request that

1

the Court resolve the instant motion by May 16, 2023, to afford them time, if necessary, to file a motion in the D.C. Circuit requesting a stay. *See* Fed. R. App. P. 8.[1]

## LEGAL STANDARD

A district court may stay an order pending resolution of appellate proceedings. Fed. R. App. P. 8. District courts apply a four-factor test to determine whether to issue a stay, considering: (1) the applicant's likelihood of success on the merits; (2) irreparable injury to the applicant absent a stay; (3) substantial injury to the other parties; and (4) the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see generally In re Dep't of Com.*, 139 S. Ct. 16 (2018) (mem.) (staying a deposition of the Secretary of Commerce). When the Government is a party, its interests and the public interest "merge" in the balancing of harms. *See Nken v. Holder*, 556 U.S. 418, 435 (2009).

The Court "may relieve a party . . . from a[n] . . ., order" on the grounds of "mistake" or "any . . . reason that justifies relief," so long as the reconsideration motion is "made within a reasonable time" (and, on the ground of "mistake," no more than one year after the order in question). Fed. R. Civ. P. 60(b)(1), (b)(6), (c)(1).

## ARGUMENT

**I. The Court Should Reconsider Its Ruling Permitting the Former President's Deposition Prior to the Completion of Director Wray's Deposition, Which Would Potentially Obviate the Need for the Government to Petition for Mandamus.**

There is no dispute that former FBI Deputy Director David Bowdich made the decision to remove Mr. Strzok from the FBI. Mr. Strzok argued that he should be permitted to take the former President's deposition "about whether he met with and directly pressured FBI and DOJ officials to fire Plaintiff . . . and whether he directed any White House staff to engage in similar efforts."

---

[1] Pursuant to Local Civil Rule 7(m) the undersigned conferred on the substance of this motion with counsel for Mr. Strzok and former President Trump. Counsel for Mr. Strzok advised the undersigned that Mr. Strzok opposes this motion. Counsel for former President Trump advised that former President Trump consents to this motion.

2

Opp'n Mot. Quash Trump Subpoena at 10, *In re Subpoena Served on Donald J. Trump*, No. 1:22-mc-27-ABJ (D.D.C. Mar. 9, 2022), ECF No. 11. But this line of inquiry is potentially relevant only if any such meeting or pressure (a) included Mr. Bowdich or (b) was reported to Mr. Bowdich by Director Wray, who also had authority to discipline Mr. Strzok. Mr. Bowdich has already testified that he made the decision himself, without any input from former President Trump. *See* Bowdich Dep. 360:4-362:1 (Sept. 9, 2022); *id.* at 149:9-11; *see also* Defs.' Suppl. Filing of Sept. 29, 2022, at 1, *Strzok v. Garland*, No. 1:19-cv-2367 (D.D.C.), ECF No. 90. And he has also testified that he "absolutely" did not recall Director Wray ever telling him about any meeting with President Trump in which "the President[] pressed the Director to fire Peter Strzok and Lisa Page[,]" and that he was "trying to keep [Director Wray] removed from th[e] particular adjudication" of Mr. Strzok's misconduct. Bowdich Dep. at 200:17-204:2, 332:4-6; *see also* Defs.' Suppl. Filing of Sept. 29, 2022, at 1. If Director Wray's deposition establishes that Director Wray either did not receive the alleged pressure from the former President or did not convey any such pressure to Deputy Director Bowdich, the recipients of any alleged "pressure" to discipline Mr. Strzok would have been limited to those who did not take any action to discipline Mr. Strzok. *See Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586-87 (D.C. Cir. 1985*)*; *In re U.S. Dep't of Educ.*, 25 F.4th 692, 702 (9th Cir. 2022) (holding that "extraordinary circumstances sufficient to justify the taking of a cabinet secretary's deposition exist when the party seeking the deposition can demonstrate: (1) a showing of agency bad faith; (2) the information sought from the secretary is essential to the case; and (3) the information sought from the secretary cannot be obtained in any other way").

In its ruling on Defendants' motion to quash, the Court acknowledged that former President Trump's deposition may be unnecessary if Director Wray testified first. Specifically, the Court

3

observed ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Feb. 23, 2023 Hr'g Tr. at 35:10-13. In fact, the Court noted that Deputy Director Bowdich's testimony does not ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* at 9:19-23. And the Court made clear that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* at 39:7-11. Nonetheless, the Court stopped short of ordering that Director Wray be deposed first.

Defendants respectfully submit that the Court's admonishments at the outset of its oral ruling were correct and that stopping short of ordering that Director Wray's deposition be taken before any potential deposition of former President Trump was in error. As the Court itself acknowledged, Director Wray's testimony could obviate the need for any deposition of former President Trump. Following the Court's ruling, Defendants requested that Plaintiffs depose Director Wray before taking a deposition of the former President. *See* Exhibit A to Declaration of Christopher M. Lynch ("Lynch Decl."). Plaintiffs refused that request, and instead scheduled a deposition of the former President to take place on May 24, before any deposition of Mr. Wray had been scheduled. *See id.* Thus, Defendants respectfully request that the Court order that Mr. Wray's deposition be held first, and that the former President's deposition is not authorized until

4

the Court has the benefit of the transcript of Director Wray's deposition.[2]

## II. In the Alternative, the Court Should Stay the Former President's Deposition Pending Defendants' Petition for Mandamus.

In the alternative, absent reconsideration of the Court's order that the former President's deposition may be taken prior to the deposition of Director Wray, Defendants respectfully request that the Court stay its order authorizing former President Trump's deposition pending resolution of the Government's impending petition for mandamus.

### A. The Government Will Likely Succeed on the Merits.

Although Defendants recognize that the Court ruled that the deposition of the former President may proceed, Defendants respectfully submit that their petition for mandamus is likely to succeed on the merits.

For decades, the D.C. Circuit and virtually every other court of appeals have recognized that subjecting high-level government officials—to say nothing of current or former Presidents— "to oral deposition is not normally countenanced." *Peoples v. USDA*, 427 F.2d 561, 567 (D.C. Cir. 1970); *see In re U.S. Dep't of Educ.*, 25 F.4th at 695; *Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203-04 (2d Cir. 2013); *In re United States (Jackson)*, 624 F.3d 1368, 1372-73, 1376 (11th Cir. 2010); *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007); *In re*

---

[2] This request is timely because less than three months have passed since the Court's February 23, 2023 order on the motions to quash, less than one week has passed since Defendants learned that Plaintiffs had scheduled former President Trump's deposition for May 24, and because no deposition of Mr. Trump or Director Wray has been taken to date and the case remains pending. *See* Fed. R. Civ. P. 60(c); *cf. Kapar v. Islamic Republic of Iran*, 105 F. Supp. 3d 99, 105 (D.D.C. 2015) ("In this Circuit, courts almost uniformly deny Rule 60(b)(6) motions as untimely when they are filed more than three months after judgment.") (internal quotation marks and citations omitted). In addition, this request is timely because it comes after Defendants' attempt to negotiate the sequence of the Depositions with Mr. Strzok's counsel in the aftermath of the Court's February 23, 2023 order. Defendants proposed to Mr. Strzok's counsel that Director Wray's deposition be scheduled prior to former President Trump's deposition, but Mr. Strzok's counsel refused that proposal. *See* Ex. A to Lynch Decl.

*United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993); *Franklin Sav. Ass'n v. Ryan*, 922 F.2d 209, 211 (4th Cir. 1991); *Simplex Time Recorder Co.*, 766 F.2d at 586-87; *Warren Bank v. Camp*, 396 F.2d 52, 56 (6th Cir. 1968); *see generally United States v. Morgan*, 313 U.S. 409, 422 (1941). And courts of appeals have routinely granted the extraordinary remedy of mandamus to prevent such depositions. *See, e.g.*, *In re U.S. Dep't of Educ.*, 25 F.4th at 695; *In re Clinton*, 973 F.3d 106, 109 (D.C. Cir. 2020); *In re United States (Vilsack)*, No. 14-5146, 2014 U.S. App LEXIS 14134, at *1-2 (D.C. Cir. July 24, 2014) (per curiam); *In re United States (Holder)*, 197 F.3d 310, 316 (8th Cir. 1999); *In re United States (Kessler)*, 985 F.2d at 513.

A party seeking to depose a current or former high-level official carries the burden to show the presence of "extraordinary circumstances" to defeat the presumption that such testimony cannot be compelled. *Simplex Time Recorder Co.*, 766 F.2d at 586. The Court found that Mr. Strzok met that standard because, it concluded, the deposition of former President Trump is ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆" Feb. 23, 2023 Hr'g Tr. at 13:12-13, 9:19-23. Further, the Court made this decision without first requiring Mr. Strzok to exhaust alternatives to obtain the information, and did so despite acknowledging that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆" *Id.* at 13:5-6. These circumstances do not rise to the "extraordinary circumstances" necessary to authorize the deposition of a current or former high-ranking government official, much less a former President. *Simplex Time Recorder Co.*, 766 F.2d at 586.

6

### B. The Balance of the Equities Favors the Government.

There can be no question that Defendants (and accordingly the public interest, *see Nken*, 556 U.S. at 435) would suffer irreparable injury if the deposition of the former President is not stayed pending Defendants' petition for mandamus. *See generally Maness v. Meyers*, 419 U.S. 449, 460 (1975) ("When a court during trial orders a witness to reveal information . . . [c]ompliance could cause irreparable injury because appellate courts cannot always 'unring the bell' once the information has been released."). Accordingly, courts have frequently stayed depositions of high-ranking government officials and other significant discovery orders to provide the government the opportunity to petition for mandamus. *See, e.g.*, *In re Dep't of Com.*, 139 S. Ct. 16 (2018) (staying a deposition of the Secretary of Commerce); *In re Paxton*, 60 F.4th 252 (5th Cir. 2023) (denying stay as moot after granting administrative stay and granting mandamus petition); Order of Feb. 12, 2020, *In re: Donald J. Trump*, No. 20-70365 (9th Cir. 2020) (granting administrative stay of depositions of Secretary of Veterans Affairs; former Secretary of Defense; former Vice Chairman of the Joint Chiefs of Staff; and former Vice Chief of Naval Operations); Order Denying Motion to Quash at 12, *In re Subpoena Served on Former Secretary of Education Elizabeth DeVoss*, No. MC 21-80075 WHA (N.D. Cal. May 19, 2021) ("This order shall be STAYED for fourteen days or until the resolution of any mandamus review, whichever comes later."); *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 756 (D.C. Cir. 2014) (staying document production order).

By contrast, a stay would at most impose only a limited burden on Mr. Strzok. Mr. Strzok continues to take discovery in this matter. At a minimum, he has yet to take Director Wray's deposition, which he first sought to schedule on April 27, 2023, one month after he first sought to schedule former President Trump's deposition. *See* Lynch Decl. Exs. B & C. But he has also reopened the deposition of former Associate Deputy Attorney General Scott Schools, which will take place next week. *See* Minute Order of April 20, 2023, *Strzok v. Garland*, No. 1:19-cv-2367

7

(D.D.C.). And he took the deposition of the FBI's 30(b)(6) designee on April 14, 2023, less than one month ago. *See* Joint Status Report at 7, *Strzok v. Garland*, No. 1:19-cv-2367 (D.D.C.), ECF No. 107. Mr. Strzok's counsel has also represented that Mr. Strzok may seek further discovery.[3] *See* Lynch Decl. Ex. D (asserting Mr. Strzok "has reserved his right to pursue discovery that was delayed by the Defendants' assertions of the Presidential Communications Privilege"). In light of Mr. Strzok's ongoing efforts to take discovery in this case, which has already been pending for nearly four years, the modest delay occasioned by a stay of a single deposition will not significantly burden Mr. Strzok.

Dated: May 11, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIAN D. NETTER
Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Christopher M. Lynch*
CHRISTOPHER M. LYNCH
(D.C. Bar 1049152)
BRADLEY P. HUMPHREYS
(D.C. Bar 988057)
MICHAEL J. GAFFNEY
(D.C. Bar 1048531)
JOSHUA C. ABBUHL
(D.C. Bar 1044782)
Trial Attorneys, U.S. Department of Justice

---

[3] Should Mr. Strzok elect to pursue additional discovery that he has not yet pursued, Defendants reserve their right to oppose any such request on any and all available grounds, including that it is untimely. But Mr. Strzok's assertion that he may pursue further discovery is itself sufficient to demonstrate that he will not be harmed by a modest potential delay to the close of discovery in this case.

8

        Civil Division, Federal Programs Branch
        1100 L Street, N.W.
        Washington, D.C. 20005
        Tel.: (202) 353-4357
        Email: Christopher.M.Lynch@usdoj.gov

*Counsel for Defendants*