# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER P. STRZOK,<br><br>   Plaintiff,<br><br> v.<br><br>ATTORNEY GENERAL MERRICK B. GARLAND, in his official capacity, et al.,<br><br>   Defendants. | Case No. 1:19-cv-2367 (ABJ) |
| LISA PAGE,<br><br>   Plaintiff,<br><br> v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>   Defendants. | Case No. 1:19-cv-3675 (TSC) |
| ATTORNEY GENERAL MERRICK GARLAND, in his official capacity, UNITED STATES DEPARTMENT OF JUSTICE, FBI DIRECTOR CHRISTOPHER A. WRAY, in his official capacity, FEDERAL BUREAU OF INVESTIGATION,<br><br>   Movants,<br><br> v.<br><br>PETER P. STRZOK<br><br>IN RE SUBPOENA SERVED ON DONALD J. TRUMP | Case No. 1:22-mc-27 (ABJ) |

**PLAINTIFFS' MOTION FOR CLARIFICATION OF THE ORDER REGARDING
DEPOSITIONS OF DONALD J. TRUMP AND CHRISTOPHER A. WRAY**

Plaintiffs Peter Strzok and Lisa Page submit this motion to clarify one narrow aspect of the Court's May 12, 2023 Minute Order: the required timeline for Director Wray's deposition.[1] Specifically, Plaintiffs seek clarification that, while the deposition of Director Wray may proceed before the deposition of former President Trump if Defendants prefer, the onus is on Defendants to make Director Wray available for a two-hour period before May 24, 2023, the date that is already scheduled for the former President's deposition.

The May 24 deposition date is the product of extensive scheduling negotiations between Plaintiffs' counsel and the former President's counsel, which began immediately after Defendants filed their March 24, 2023 notice confirming that neither they nor the Biden Administration will assert executive privilege over the authorized deposition topics. Defendants' motion for a stay or reconsideration (*Strzok*, ECF No. 110) omitted essential facts about the parties' scheduling of the Wray and Trump depositions, including the fact that Plaintiffs were willing to hold Director Wray's deposition before President Trump's deposition and had offered dates in the last two weeks of May. Defendants never responded to that request for Director Wray's availability, then notified the Court of a supposed dispute over deposition order on May 11, 2023, with the apparent goal of delaying both depositions.

If both the Wray and Trump depositions occur by May 24, 2023, discovery in these consolidated cases should be able to conclude on June 2, 2023, the date on which the parties have agreed to exchange supplemental interrogatory responses. These actions can then proceed directly

---

[1] Pursuant to Local Civil Rule 7(m), undersigned counsel conferred on the substance of this motion with counsel for Defendants. Defendants oppose Plaintiffs' proposed clarification and have informed Plaintiffs' counsel that they are working to provide dates when Director Wray will be available for his deposition.

2

to summary judgment and trial. By contrast, in the absence of a directive from the Court, Defendants have indicated that Director Wray will not appear for his deposition on a timeline that would allow the former President's scheduled deposition to proceed, requiring the parties to restart the time-consuming process of finding a date for President Trump.

## NEED FOR CLARIFICATION

Defendants' May 11, 2023 motion for a stay or reconsideration created a misleading impression for the Court, which understandably informed the May 12 Minute Order: "The Court is somewhat surprised to learn that since then, the parties have done nothing more than wrangle over the order of the two depositions . . . However, in order to get the parties -- who apparently still cannot agree on anything -- over this impasse, it is hereby ORDERED that the deposition of Christopher Wray proceed first, rendering the instant motion moot." *Strzok*, Minute Order (May 12, 2023). In fact, there had been no such wrangling over the order of the depositions. To the contrary, after Mr. Strzok expressed an initial preference to prioritize the scheduling of former President Trump's deposition in a message sent March 30, 2023, Defendants appeared to drop the issue, saying nothing about it over the next six weeks and allowing the scheduling of the former President's deposition to proceed. *See* MacColl Decl. Ex. A. The first Plaintiffs learned of a purported dispute was on May 11, 2023, the date Defendants filed their motion for a stay or reconsideration. Plaintiffs understand that the Court would not have been aware of this information prior to issuing its May 12, 2023 ruling.

Mr. Strzok prioritized scheduling President Trump's deposition for several reasons, including the relatively less strenuous demands on his time and Mr. Strzok's desire to ensure any

3

additional litigation over President Trump's deposition proceeded promptly.[2] Mr. Strzok's counsel diligently engaged with counsel for President Trump over the course of six weeks to arrive at the May 24, 2023 date. *See* MacColl Decl. Ex. B. For the entirety of those six weeks, Defendants indicated that Department of Justice attorneys would make themselves available on the date agreed upon by Plaintiffs and President Trump. *See* MacColl Decl. Ex. A, at 3-4 (Attorney Gaffney on March 30: "After you speak with Mr. Trump's representative and understand his availability, please let us know and we will then do our best to also be available as well.") (Attorney Gaffney on March 31: "As I stated last night, we don't foresee any scheduling issues being an issue for the government."); MacColl Decl. Ex. B, at 1 (counsel for President Trump on May 10, the day before Defendants filed their motion for a stay or reconsideration: "May 24th works for the President. The DOJ is pretty sure it works for them and will confirm with me tomorrow and they agreed that we should put that date on the calendar for the deposition.").

Mr. Strzok also requested dates for Director Wray's deposition—suggesting "the last two weeks of May or early June" without regard to whether that date was before or after President Trump's then unconfirmed deposition date. *See* MacColl Decl. Ex. A, at 2. But Defendants did not respond to that request and have since indicated that Director Wray is not available until at least the week of May 29, when Mr. Strzok's lead counsel has a six-week trial scheduled to commence. Despite having known that Director Wray's deposition would proceed since the Court's order on February 23, 2023, Defendants have never offered an available date or taken steps to coordinate the timing of his deposition with that of President Trump. Their failure to take these basic steps before raising the specter of mandamus suggests that their true concern relates to

---

[2] This deposition order was also consistent with the Court's statements at the August 10, 2022 conference. *See* Aug. 10, 2022 Hr. Tr. 19:1-4 (noting, but not ruling, that the Court was "inclined to authorize" the "former President's" deposition "before Director Wray['s]").

4

proceeding with President Trump's deposition at all, not to its sequencing. Indeed, Defendants' suggestion that they would attend President Trump's deposition whenever it was scheduled appears to have been a mere façade, as Defendants filed their motion for reconsideration and obtained leave from the Solicitor General to seek mandamus within a day of President Trump's attorneys' confirming the May 24 date.

Immediately following the Court's May 12, 2023 Minute Order and consistent with his prior request, Mr. Strzok reiterated Plaintiffs' willingness to proceed with Director Wray's deposition in advance of May 24—thereby allowing the parties to maintain the May 24, 2023 date for President Trump's deposition—but Defendants indicated that scheduling Director Wray in the next week was "highly unlikely." *See* MacColl Decl. Ex. A, at 1. This morning, in response to Plaintiffs' request for Defendants' position on this motion, Defendants stated that Director Wray is not available to sit for a deposition this week or next week. Plaintiffs have no objection to Director Wray's deposition proceeding before President Trump's, but they submit that if Defendants desire that sequence, the onus is on them to make Director Wray available for a two-hour period before May 24. Unfortunately, unless the Court clarifies the matter, the practical effect will likely be to delay both depositions for months.

Finally, in connection with Defendants' apparent intention to pursue a writ of mandamus, Mr. Strzok notes that former White House Chief of Staff John F. Kelly produced notes in April 2023 that disclose two previously unidentified meetings between President Trump and senior government officials, including the former Attorney General, at which Mr. Strzok and Ms. Page were discussed. *See* MacColl Decl. Ex. C.[3] Director Wray does not appear to have participated

---

[3] Even though President Trump's public and private attacks on Plaintiffs and other perceived enemies were a near constant in 2017 and 2018, notes of such private statements are the exception rather than the rule. That is because, according to General Kelly, President Trump disapproved of

5

in either of those meetings. This is yet another reason that Director Wray's deposition cannot possibly eliminate the need for President Trump's deposition.

## MS. PAGE'S INTEREST

On May 11, 2023, after Ms. Page informed Defendants that she would oppose the motion for a stay or reconsideration, Defendants asserted for the first time that Ms. Page does not have "standing" on this issue and omitted Ms. Page's opposition from the motion. In light of this position, Ms. Page seeks to clarify her interest in the upcoming depositions of former President Trump and Director Wray, as well as any remaining discovery in these consolidated cases.

First, Defendants' motion portrays the depositions of former President Trump and Director Wray as related solely to Mr. Strzok, but that depiction is incorrect. The Court's February 23, 2023 order authorized both Ms. Page and Mr. Strzok to depose the former President and FBI Director. *See Page*, Minute Order (Feb. 23, 2023) ("The Court authorized the plaintiffs to conduct depositions of each witness that do not exceed two hours and are limited to the narrow set of topics specified on the record at the hearing.") (emphasis added); *see also Strzok*, Minute Order (Feb. 23, 2023) (same). Ms. Page intends to participate fully in both depositions, including asking questions of the witnesses.

Second, Ms. Page has a direct interest in the substance of these depositions. The Court did not limit the deposition topics to Mr. Strzok or his wrongful termination claims. To the contrary, the topics include matters that bear on both Plaintiffs' Privacy Act claims. Even if Ms. Page were

---

notetaking and expressed concern that notes might later be used against him. The parties have engaged in discussions regarding the extent to which these meetings are appropriate topics for the depositions of Director Wray and President Trump, and the parties appear to agree that the meetings are relevant and permissible topics at least insofar as they relate to Plaintiffs' employment status.

6

not a party to these consolidated cases, she would be entitled to participate and protect her interests in a deposition that is, in large part, about her and the text messages she exchanged with Mr. Strzok.

Third, President Trump's testimony is likely to be highly relevant to the Privacy Act claims, and it will remain so regardless of what Director Wray says or does not say in his deposition. There is ample evidence that President Trump has long been fixated on—and in some instances personally involved in—matters relating to Ms. Page and Mr. Strzok, consistent with Ms. Page's theory that Defendants sacrificed her privacy to provide political ammunition to the White House. *See, e.g.*, *Page*, ECF No. 1, Compl. ¶ 38 (tweet by President Trump about Mr. Strzok on December 3, 2017, nine days before Defendants disclosed Plaintiffs' text messages to members of the press); *see also* Compl. ¶¶ 4, 34-60, 77-79; MacColl Decl. Ex. C (General Kelly's notes of meetings from February and July 2018).

Fourth, Ms. Page has a strong interest in avoiding undue delay. The Court authorized the depositions of former President Trump and Director Wray on February 23, 2023, yet Defendants waited more than two and a half months—until the parties had concluded the burdensome and time-consuming process of scheduling the former President's deposition—to seek relief. Ms. Page consistently has opposed Defendants' efforts to delay the conclusion of discovery in these consolidated actions, including by filing a Motion to Reenter Pretrial Schedule in December 2022, after Defendants took the position that the discovery period should remain open-ended. *See Strzok*, ECF No. 103, Plaintiffs' Motion to Reenter Pretrial Schedule (Dec. 7, 2022). As a party in these consolidated cases, Ms. Page has a direct and substantial interest in opposing further delay.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court clarify its May 12, 2023 Minute Order to address the timeline for Director Wray's deposition. The deposition of

7

former President Trump should proceed as scheduled on May 24, and these cases should promptly continue towards trial.

Dated:  May 15, 2023

Respectfully submitted,

/s/ Amy Jeffress
Amy Jeffress (D.C. Bar No. 449258)
Robert J. Katerberg (D.C. Bar No. 466325)
Kaitlin Konkel (D.C. Bar No. 1021109)
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Fax: (202) 942-5999
Amy.Jeffress@arnoldporter.com

*Counsel for Plaintiff Lisa Page*

/s/ Christopher R. MacColl
Aitan D. Goelman (D.C. Bar No. 446636)
Christopher R. MacColl (D.C. Bar No. 1049153)
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
AGoelman@zuckerman.com

Richard A. Salzman (D.C. Bar No. 422497)
HELLER, HURON, CHERTKOF & SALZMAN PLLC
1730 M Street NW, Suite 412
Washington, DC 20036
Telephone: (202) 293-8090
salzman@hellerhuron.com

*Counsel for Plaintiff Peter Strzok*