**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PETER P. STRZOK,

Plaintiff,

v.

ATTORNEY GENERAL MERRICK B. GARLAND, in his official capacity, *et al.*,

Defendants.

Civil Action No. 19-2367 (ABJ)

LISA PAGE,

Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE, *et al.*,

Defendants.

Civil Action No. 19-3675 (TSC)

ATTORNEY GENERAL MERRICK GARLAND, in his official capacity, UNITED STATES DEPARTMENT OF JUSTICE, FBI DIRECTOR CHRISTOPHER A. WRAY, in his official capacity, FEDERAL BUREAU OF INVESTIGATION,

Movants,

v.

PETER P. STRZOK

IN RE SUBPOENA SERVED ON DONALD J. TRUMP

Case No.: 1:22-mc-27 (ABJ)

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING IN PART DEFENDANTS' MOTION TO QUASH SUBPOENA FOR DEPOSITION OF FORMER PRESIDENT TRUMP**

In light of new evidence that was previously unavailable to the Court and the parties, Defendants respectfully move for reconsideration of the Court's February 23, 2023 decision denying in part Defendants' motion to quash Mr. Strzok's subpoena for the deposition of former President Trump. Sworn testimony by FBI Director Christopher Wray, former White House Chief of Staff General John Kelly, and former Associate Deputy Attorney General Scott Schools all undermine Mr. Strzok's argument that the requisite "extraordinary circumstances" exist to justify the deposition of a former President under the D.C. Circuit's precedent. *See Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586–87 (D.C. Cir. 1985).

Mr. Strzok and Ms. Page deposed Director Wray on June 27, 2023. As discussed below, Director Wray testified [redacted].

General Kelly, for his part, executed a sworn declaration on May 12, 2023 describing various meetings and statements by former President Trump regarding Mr. Strzok and Ms. Page. General Kelly testified that he recalls former President Trump making comments about Mr. Strzok and Ms. Page, including about whether they could be disciplined, but does not recall the former President "ever posing such questions to FBI Director Christopher Wray, FBI Deputy Director

David Bowdich, or anyone else at the FBI." *See* Declaration of General John F. Kelly (May 12, 2023), ¶ 1 (Kelly Decl.) (Humphreys Decl., Ex. C). General Kelly also testified that he "did not take any action to put into effect, or cause to be put into effect, President Trump's expressed views with respect" to Mr. Strzok or Ms. Page, and that he is not "aware of anyone else doing so." *Id.* ¶ 11.

Finally, during his reopened deposition on May 19, 2023, Mr. Schools

.

In light of this new evidence, Defendants respectfully request that the Court reconsider its prior order and grant in full Defendants' motion to quash former President Trump's deposition.[1]

**LEGAL STANDARD**

Though "no express rule . . . is needed to justify a motion for reconsideration," Federal Rule of Civil Procedure 54(b) "by its terms allow[s] the trial court to modify its earlier order." *Dellums v. Powell*, 566 F.2d 231, 234 (D.C. Cir. 1977); *see also Cobell v. Norton,* 355 F. Supp. 2d 531, 539 (D.D.C.2005) ("Rule 54(b) governs reconsideration of orders that do not constitute

[1] Under Local Civil Rule 7(m), the undersigned conferred with counsel for Mr. Strzok and Ms. Page as to this motion, and Plaintiffs indicated their opposition. Mr. Strzok served the deposition subpoena on former President Trump, and Ms. Page did not join that subpoena. *See In re Subpoena Served on Donald J. Trump*, No. 1:22-mc-27-ABJ (D.D.C. Mar. 9, 2022), ECF No. 1-1. Nor did Ms. Page propose any topics to be addressed at former President Trump's deposition; thus, the Court did not authorize former President Trump to be deposed on any topics related to Ms. Page's sole Privacy Act claim. *See* Feb. 23, 2023 Hr'g Tr. 14:17–16:16. Nonetheless, the undersigned conferred with counsel for Ms. Page out of courtesy and an abundance of caution.

final judgments in a case."). "The Court has broad discretion to hear a motion for reconsideration brought under Rule 54(b)." *Flythe v. District of Columbia*, 4 F. Supp. 3d 216, 218 (D.D.C. 2014) (quoting *Isse v. Am. Univ.*, 544 F. Supp. 2d 25, 29 (D.D.C. 2008)). "[T]his jurisdiction has established that reconsideration is appropriate 'as justice requires.'" *Lyles v. District of Columbia*, 65 F.Supp.3d 181, 188 (D.D.C. 2014) (quoting *Cobell*, 355 F. Supp. 2d at 539). In general, "a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Stewart v. Panetta*, 826 F. Supp. 2d 176, 177 (D.D.C. 2011) (quoting *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008)).

**ARGUMENT**

In light of newly available evidence, the Court should reconsider its prior ruling and grant in full Defendants' motion to quash the deposition of former President Trump.

The Court recognized when it denied in part Defendants' motion that "the issue [of the former President's deposition] could become moot if [Plaintiff] deposed Director Wray first and he says he never discussed the termination of Mr. Strzok or the President's views about it with Mr. Bowdich at all." Feb. 23, 2023 Hr'g Tr. 35:10-13; Minute Order (Feb. 23, 2023). The Court further noted that Mr. Bowdich's testimony does not "leave[] much wiggle room at all for a factfinder to conclude that he did what he did because Christopher Wray told him to or because Christopher Wray conveyed a message from the then President, or because he thought the President had directed him to." *Id*. at 9:19–23.

Whatever wiggle room there might have been is now gone. Among other new evidence, [redacted]

[redacted]. The new evidence also consists of other sworn testimony from key, high-level government officials with direct knowledge of the former President's communications (or lack thereof) regarding Mr. Strzok and Ms. Page. The availability of that evidence to Mr. Strzok means the deposition of former President Trump is not appropriate. *See* Feb. 23, 2023 Hr'g Tr. 6:18–22 ("The test is that [apex] officials are generally not subject to depositions unless they have some personal knowledge about the matter and the party seeking the deposition makes a showing that the information cannot be obtained elsewhere."); *see also generally* Defs.' Mem. of Law in Supp. of Mot. to Quash Subpoena or for Protective Order, *In re Subpoena Served on Donald J. Trump*, No. 1:22-mc-27-ABJ (D.D.C. Mar. 9, 2022), ECF No. 2; Defs.' Reply in Supp. of Mot. to Quash or for Protective Order, *In re Subpoena Served on Donald J. Trump*, No. 1:22-mc-27-ABJ (D.D.C. Mar. 9, 2022), ECF No. 15. [redacted].

**A. Director Wray**

[redacted]

[Page content redacted]

[redacted]

**B. General Kelly**

Mr. Strzok also had the opportunity to elicit testimony from former White House Chief of Staff, General John Kelly, and General Kelly has executed a sworn declaration describing former President Trump's statements regarding Mr. Strzok and Ms. Page. *See generally* Kelly Decl.[2] General Kelly's declaration states that he recalls former President Trump making comments about Mr. Strzok and Ms. Page, including questioning whether they could be disciplined, but that he does not recall the former President "ever posing such questions to FBI Director Christopher Wray, FBI Deputy Director David Bowdich, or anyone else at the FBI." *See* Kelly Decl. ¶ 1. General Kelly also recalls the former President posing questions about whether other steps should be taken as to both Mr. Strzok and Ms. Page, but, again, does not recall the former President "ever posing" any of these other questions "to Director Wray, Deputy Director Bowdich, or anyone else at the FBI." *Id.* ¶¶ 4, 5.

---

[2] On February 10, 2023, counsel for Mr. Strzok issued a Rule 45 subpoena to General Kelly for the production of documents. *See* Humphreys Decl., Ex. D. On information and belief, Mr. Strzok obtained a declaration from General Kelly in lieu of noticing his deposition. *See* Humphreys Decl. ¶ 4.

Notably, Director Wray testified that [REDACTED]. General Kelly's testimony that he does not recall President Trump "ever posing" questions about potential discipline of Mr. Strzok or Ms. Page to Director Wray or anyone at the FBI [REDACTED].

General Kelly produced two notes regarding meetings with the former President at which issues related to Mr. Strzok and Ms. Page were discussed. Kelly Decl. ¶¶ 7, 8; *id.* Ex. A. The first note is dated February 21, 2018 and refers to a meeting at which the attendees included the President, the Attorney General, and the White House Counsel. The note reads: "Deep state issues"; "Investigations"; "Firing love birds [–] McCabe?"; "Trust?" *Id.* ¶ 7; *id.* Ex. A at 2. The second note is dated July 23, 2018 and refers to a meeting at which the attendees included the President and Senator Rand Paul. *Id.* ¶ 8; *id.* Ex. A at 1. The note reads: "Security Clearances *add Page, McCabe, Strzok." *Id.* ¶ 8; *id.* Ex. A at 1.

As to these meetings and any other instance in which the former President made statements about Plaintiffs, General Kelly testified that he "did not take any action to put into effect, or cause to be put into effect, President Trump's expressed views with respect" to Mr. Strzok or Ms. Page, and that he is not "aware of anyone else doing so." *Id.* ¶ 11.

**C. Former Associate Deputy Attorney General Schools**

Mr. Strzok has proposed to ask former President Trump about [REDACTED]. ECF No. 89 at 3. Although Defendants previously instructed Mr. Schools not to testify regarding the substance of that meeting based on a protective assertion of the Presidential Communications Privilege, Defendants later withdrew that protective assertion, and Mr. Schools's deposition was reopened on May 19, 2023.

In his reopened deposition, Mr. Schools testified [redacted].[3]

[redacted]

[redacted]

[3] [redacted]



.

* * *

After 30 months of discovery,

Defendants anticipate Mr. Strzok will nonetheless maintain that former President Trump's deposition should still go forward to determine if the former President has a recollection that differs from that of every other witness in this case about communications between the White House and the FBI. But that is an insufficient reason to depose a former President. It is particularly inadequate in the context of a single-plaintiff employment action in which there is ample evidence that the employee's misconduct was the reason for his removal and consistent testimony about the process the FBI followed in reaching its disciplinary decision.

Finally, if Mr. Strzok argues that former President Trump's deposition is still necessary, despite all this additional evidence, because the former President is uniquely positioned to testify to the intent behind his tweets and other public statements, that too is inadequate to justify requiring a former President to sit for a deposition. *See* Feb. 23, 2023 Hr'g Tr. 15:19–22. For one, the former President's public comments speak for themselves. *See id.* at 9:24–10:2 ("Indeed, the former President was quite vocal and public about what he wanted, in any event, and it wasn't necessary

for Mr. Wray to tell anybody what the President was thinking."); *see also* Kelly Decl. ¶ 1 (describing General Kelly's impressions of the former President's hopes).

For another, whatever the former President wished would become of Mr. Strzok is immaterial. Because it was Mr. Bowdich who removed Mr. Strzok, the relevant questions are whether Mr. Bowdich or other pertinent officials at the FBI ever received any direction by the former President to discipline Mr. Strzok or any other expression of the former President's displeasure about Mr. Strzok's continued employment, or whether any such official at the FBI acted because of the former President's public statements. [REDACTED] Moreover, if Mr. Strzok wants to argue that former President Trump's public statements motivated *the FBI* to remove Mr. Strzok, he does not need to depose the former President to do so. Such evidence would be available only from FBI officials, and Mr. Strzok has not found any despite extensive discovery.

In light of these new facts, Defendants respectfully request that the Court reconsider its prior order denying in part Defendants' motion to quash the former President's deposition subpoena. However, if the Court denies the instant motion, Defendants respectfully request that the Court stay any order requiring the former President to sit for a deposition for at least 14 days to allow the Solicitor General time to consider whether to seek relief from the D.C. Circuit and for the government to seek such relief, if authorized. *See* Defs.' Mot. to Stay Deposition of Former President Donald Trump 5–8, ECF No. 110. Although the Solicitor General previously authorized the government to petition the U.S. Court of Appeals for the D.C. Circuit for a writ of mandamus as to this Court's determination that former President Trump may be deposed in this matter, the Court then ordered Director Wray's deposition to proceed first, thereby obviating the need to seek mandamus at the time. *See* Minute Order (May 15, 2023). Accordingly, the Solicitor General

would need to reauthorize mandamus if the Court were to deny the instant motion for reconsideration.

Dated: July 5, 2023                                  Respectfully submitted,

                                                     BRIAN D. NETTER
                                                     Deputy Assistant Attorney General

                                                     MARCIA BERMAN
                                                     Assistant Branch Director

                                                     CHRISTOPHER R. HALL
                                                     Assistant Branch Director

                                                     */s/ Bradley P. Humphreys*
                                                     BRADLEY P. HUMPHREYS
                                                     (D.C. Bar 988057)
                                                     MICHAEL J. GAFFNEY
                                                     (D.C. Bar 1048531)
                                                     JOSHUA C. ABBUHL
                                                     (D.C. Bar 1044782)
                                                     CHRISTOPHER M. LYNCH
                                                     (D.C. Bar 1049152)
                                                     Trial Attorneys, U.S. Department of Justice
                                                     Civil Division, Federal Programs Branch
                                                     1100 L Street, N.W.
                                                     Washington, D.C. 20005
                                                     Tel.: (202) 305-0878
                                                     Email: Bradley.Humphreys@usdoj.gov

                                                     *Counsel for Defendants*