**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PETER STRZOK, )<br>*Plaintiff,* )<br>v. )<br>)<br>ATTORNEY GENERAL MERRICK GARLAND, )<br>in his official capacity as Attorney General, *et al.*, )<br>)<br>*Defendants.* )<br>) | Civil Action No. 19-2367 (ABJ) |
| LISA PAGE, )<br>*Plaintiff,* )<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, *et al.*, )<br>)<br>*Defendants.* )<br>) | Civil Action No. 19-3675 (TSC) |

<u>**JOINT STATUS REPORT**</u>

Pursuant to the Court's October 23, 2023 Minute Order, the parties respectfully submit this joint status report setting forth their positions on (1) whether either or both cases should be referred for mediation at this time, (2) whether the cases should remain consolidated, and (3) the proposed summary judgment briefing sequence and schedule.[1]

---

[1] The parties in Civil Action No. 19-2367 (ABJ) are Plaintiff Peter Strzok and Defendants U.S. Department of Justice ("DOJ"); Federal Bureau of Investigation ("FBI"); Attorney General Merrick Garland, in his official capacity; and FBI Director Christopher A. Wray, in his official capacity.  The parties in Civil Action No. 19-3675 (TSC) are Plaintiff Lisa Page and Defendants DOJ and FBI.

**I. <u>Mediation</u>**

<u>Plaintiffs' Position</u>

  Plaintiffs' position is that both cases should be referred for mediation at this time.  Plaintiffs are open to multiple mediator options and have reached out several times to Defendants to engage in a discussion of the same, but Defendants were not prepared to discuss options because they had not yet determined whether they were interested in mediation at all.  The parties' positions on mediation are due today, as agreed in the parties' last joint status report and ordered in the October 23 Minute Order.

<u>Defendants' Position</u>

  Defendants report that, while they are currently engaged in a good-faith effort to determine whether mediation would be constructive, Defendants have not yet reached a final determination on whether to recommend that the cases be referred for mediation. Accordingly, Defendants also have not yet determined their recommendation as to the choice of mediator. Defendants therefore respectfully request that the Court allow the parties to file an additional joint status report no later than November 17, 2023, with respect to whether Defendants agree that these cases should be referred for mediation, and if so, the parties' preference for the type of mediation.

**II. <u>Consolidation</u>**

  **A. <u>Relevant Background</u>[2]**

  In 2019, Plaintiff Peter Strzok and Plaintiff Lisa Page filed separate lawsuits involving overlapping, but not identical, claims and defendants.  The portion of Plaintiffs' lawsuits that

---

[2] This background section presents Plaintiffs' characterizations of their claims; Defendants dispute Plaintiffs' characterizations.

overlaps is the claim that Defendants DOJ and FBI violated the Privacy Act by disclosing Plaintiffs' text messages to members of the press on December 12, 2017.

In August 2019, Mr. Strzok filed suit against Defendants DOJ, FBI, FBI Director Christopher Wray (in his official capacity), and Attorney General Merrick Garland (in his official capacity). The complaint seeks relief on four grounds: (1) unlawful termination of Mr. Strzok's employment because of his protected speech in violation of the First Amendment of the U.S. Constitution; (2) infringement of Mr. Strzok's right to due process in violation of the Fifth Amendment of the U.S. Constitution; (3) violations of the Privacy Act relating to disclosures that led to December 2, 2017 news articles published by the New York Times, Washington Post, and other publications; and (4) violations of the Privacy Act relating to Defendants' December 12, 2017 disclosure of Plaintiffs' text messages to the press.

In December 2019, Ms. Page filed a one-count complaint against DOJ and FBI, alleging that the December 12, 2017 disclosure violated the Privacy Act.

Defendants filed pre-discovery summary judgment motions in each case, and the parties briefed those motions separately in the two cases. On March 13, 2020, the same day Defendants filed their summary judgment motion in Ms. Page's case, Defendants moved to consolidate the cases. *Strzok*, ECF No. 42; *Page*, ECF No. 16. On March 30, 2020, the Court granted Defendants' motion to consolidate "insofar as it requests consolidation for consideration of the pending dispositive motions." *Strzok*, ECF No. 45; *Page*, ECF No. 19. The Court decided the dispositive motions in an oral ruling on September 25, 2020. *Strzok*, Minute Entry (Sept. 25, 2020); *Page*, Minute Entry (Sept. 25, 2020).

On October 13, 2020, following the parties' submission of a joint status report and by agreement of all parties, the Court ordered that the cases would remain consolidated for purposes

of discovery. *Strzok*, Joint Status Report, ECF No. 50; *Strzok*, Minute Order (Oct. 13, 2020); *Page*, Notice of Filing of Joint Status Report, ECF No. 29; *Page*, Minute Order (Oct. 13, 2020). Discovery is now closed. *Strzok*, Minute Order (Oct. 23, 2023); *Page*, Minute Order (Oct. 23, 2023).

### B. Positions on Consolidation

**Consolidation for purposes of summary judgment.** The parties agree that the cases should remain consolidated for summary judgment proceedings. In particular, the parties believe that it would promote efficiency and conserve judicial and party resources to have combined summary judgment briefing as to the Privacy Act claims, which substantially overlap as to the December 12, 2017 disclosure. Consistent with the October 23, 2023 Minute Order, the parties contemplate that summary judgment briefing on the Privacy Act claims would include the filing of an initial motion, a cross-motion/opposition, a reply/cross-opposition, and a cross-reply, with Mr. Strzok and Ms. Page filing one set of joint briefs and Defendants DOJ and FBI filing another.

The parties propose a parallel but separate track for briefing summary judgment issues with respect to Mr. Strzok's employment claims because Ms. Page is not a party to those claims and there is no legal overlap between Mr. Strzok's employment claims and Ms. Page's single Privacy Act claim. This approach will conserve party resources and simplify the proceedings by eliminating the need for Ms. Page to participate in aspects of Mr. Strzok's briefing that are unnecessary to the resolution of her claims.

**Consolidation for purposes of trial.** To the extent any claims or issues in these cases remain to be tried after potential mediation and summary judgment, the parties respectfully request an opportunity to be heard on the structure and format of any trial or trials. At that time, the parties

and the Court will be in a better position to address the appropriate grouping of claims, taking into account which claims or portions of claims remain in each case, if any.

**III.**     **<u>Proposed Summary Judgment Briefing Schedule</u>**

The October 23 Minute Order provides: "If the parties do not agree to pursue a negotiated resolution at this time, the joint status report should include a schedule for the briefing of motions for summary judgment." Because the parties have not, as of the time of this filing, agreed to pursue a negotiated resolution, the parties submit the below proposed summary judgment schedules for the Court's consideration.

| Briefing on Privacy Act Claims *Parties: Mr. Strzok, Ms. Page, DOJ, and FBI* | | Briefing on Mr. Strzok's Employment Claims *Parties: Mr. Strzok and All Defendants* | | Notes on Parties' Positions |
|---|---|---|---|---|
| Plaintiffs' Position | Defendants' Position | Plaintiffs' Position | Defendants' Position | |
| Fri. Jan. 26, 2024: **Defendants'** motion, memorandum in support, and statement of facts | Thurs. Feb. 29, 2024: **Plaintiffs'** motion, memorandum in support, and statement of facts | Fri. Jan. 26, 2024: **Defendants'** motion, memorandum in support, and statement of facts | Thurs. Feb. 29, 2024: **Mr. Strzok's** motion, memorandum in support, and statement of facts | Plaintiffs' Position: Plaintiffs' proposed deadline is 12 weeks from today and would provide ample time for all parties to prepare their motions and cross-motions, even accounting for the holidays.  Defendants' proposed deadline is 16 weeks and 6 days (118 days) from today.  Plaintiffs propose that Defendants file first for the reasons set out below.  Defendants' Position: Defendants propose that Plaintiffs file first for the reasons set out below. If the Court prefers that Defendants file first, Defendants would require until Feb. 29, 2024 to prepare their filings for the reasons set out below. While Defendants propose that Plaintiffs file the first brief on Feb. 29, Defendants have no objection to Plaintiffs filing at an earlier date. If they do so, Defendants would be prepared to file their cross-motion/opposition within 60 days of Plaintiffs' filing. |

| <u>Fri. Mar. 8, 2024</u>: **Plaintiffs'** cross-motion/opposition, single memorandum in support, response to Defendants' statement of facts, and statement of additional facts | <u>Tues. April 30, 2024</u>: **Defendants'** cross-motion/opposition, single memorandum in support, response to Plaintiffs' statement of facts, and statement of additional facts | <u>Fri. Mar. 8, 2024</u>: **Mr. Strzok's** cross-motion/opposition, single memorandum in support, response to Defendants' statement of facts, and statement of additional facts | <u>Tues. April 30, 2024</u>: **Defendants'** cross-motion/opposition, single memorandum in support, response to Mr. Strzok's statement of facts, and statement of additional facts | <u>Plaintiffs' Position</u>: Plaintiffs' proposed deadline would allow 6 weeks for the preparation of cross-motions/oppositions.  Defendants' proposed deadline would allow 8 weeks and 5 days (61 days).<br><br><u>Defendants' Position</u>: Defendants submit that 60 days is a reasonable amount of time to prepare two summary judgment briefs, particularly in a case with voluminous, multi-year discovery, and Plaintiffs would not be prejudiced by the less than 3-week difference between the parties' proposals. |

| | | | | |
|---|---|---|---|---|
| <u>Fri. Apr. 19, 2024</u>: **Defendants'** reply/cross-opposition, single memorandum in support, and response to Plaintiffs' statement of additional facts | <u>Mon. July 1, 2024</u>: **Plaintiffs'** reply/cross-opposition, single memorandum in support, and response to Defendants' statement of additional facts | <u>Fri. Apr. 19, 2024</u>: **Defendants'** reply/cross-opposition, single memorandum in support, and response to Mr. Strzok's statement of additional facts | <u>Mon. July 1, 2024</u>: **Mr. Strzok's** reply/cross-opposition, single memorandum in support, and response to Defendants' statement of additional facts | <u>Plaintiffs' Position</u>: Plaintiffs' proposed deadline would allow 6 weeks for the preparation of replies/cross-oppositions.  Defendants' proposed deadline would allow 8 weeks and 6 days (62 days).<br><br><u>Defendants' Position</u>: Defendants maintain that 60 days is a reasonable amount of time to prepare two summary judgment briefs, particularly in a case with voluminous, multi-year discovery, and Plaintiffs would not be prejudiced by the less than 3-week difference between the parties' proposals. |
| <u>Fri. May 17, 2024</u>: **Plaintiffs'** cross-reply | <u>Thurs. Aug. 15, 2024</u>: **Defendants'** cross-reply | <u>Fri. May 17, 2024</u>: **Mr. Strzok's** cross-reply | <u>Thurs. Aug. 15, 2024</u>: **Defendants'** cross-reply | <u>Plaintiffs' Position</u>: Plaintiffs' proposed deadline would allow 4 weeks for the preparation of cross-replies.  Defendants' proposed deadline would allow 6 weeks and 3 days (45 days).<br><br><u>Defendants' Position</u>: Defendants maintain that 45 days is a reasonable amount of time to prepare two summary judgment reply briefs, for the same reasons as discussed above. |

Plaintiffs' Positions Regarding Summary Judgment Briefing Schedules

**Entry of a Briefing Schedule.**   Because Defendants have not agreed to a negotiated resolution of these cases as of the time of filing, Plaintiffs are submitting a proposed schedule pursuant to the October 23 Minute Order.  Plaintiffs defer to the Court regarding whether to enter a summary judgment briefing schedule at this time.

**Order of Briefing.**   The parties disagree regarding the order in which the briefing of summary judgment motions and cross-motions should occur.  For three reasons, Plaintiffs propose that Defendants file the initial motions.  First, Plaintiffs understand that Defendants intend to move for summary judgment on all claims, whereas Plaintiffs intend to move for summary judgment on a subset of claims.  Second, because both the Privacy Act claims and Mr. Strzok's employment claims turn overwhelmingly on allegations regarding Defendants' conduct, Defendants' initial motions are likely to narrow the scope of briefing by clarifying which issues are not in dispute. Third, Defendants will need to take threshold positions on key issues—for example, whether they are invoking a Privacy Act "routine use"—before Plaintiffs can respond to those positions.  For all of these reasons, it makes far more sense for Defendants to provide their threshold positions in the initial motions—and for Plaintiffs to respond comprehensively to those positions—than for the parties to brief the issues in waves.

**Timing of Briefing.**   Regardless of which party files first, Plaintiffs submit that Defendants' proposed schedule is needlessly protracted.  The reasons Defendants cite below for requiring until February 29, 2024 to file an opening set of summary judgment briefs—including the volume of discovery, the intervening holidays, and the need to file simultaneous briefs—are not Defendant-specific.  Indeed, Plaintiffs' counsel have a number of preexisting commitments in the coming months, including trials scheduled for January-February and April-May.  Plaintiffs

expect that all parties will work together to accommodate localized conflicts, but also believe that it is realistic for the parties to complete summary judgment briefing in less time than the nine-month period proposed by Defendants.

Defendants' Positions Regarding Summary Judgment Briefing Schedules

**Entry of a Briefing Schedule**. Because Defendants are currently engaged in a good-faith evaluation of whether mediation would be a constructive use of the parties' time, and because Defendants are requesting only a short extension of the time to finalize their determination as to whether the cases should be referred for mediation, Defendants respectfully submit that the Court need not enter a summary judgment briefing schedule at this time. If the parties ultimately agree to refer the cases to mediation, it likely would not be advisable for the parties to be drafting summary judgment briefs while simultaneously engaged in mediation. Accordingly, Defendants respectfully suggest that rather than entering a summary judgment briefing schedule at this time, the Court should allow the parties to file an additional joint status report in two weeks (November 17, 2023), at which time Defendants will have made a final determination with respect to mediation. If the parties inform the Court in that status report that they have not agreed to refer the cases for mediation, the Court should enter a summary judgment briefing schedule at that time. Should the Court instead wish to set a briefing schedule at this time, Defendants' proposed schedule is set out in the above table.

**Order of Briefing**. Defendants believe that it would be more efficient for the parties' and the Court's time if Plaintiffs file the first set of summary judgment briefs. During the course of the extensive, multi-year discovery in this case, Plaintiffs sought and received discovery relevant to a

large number of issues and different theories of Plaintiffs' cases.[3] Because Plaintiffs bear the ultimate burden of proof, and because it is not clear which theories and evidence Plaintiffs will ultimately rely on, Defendants believe that it would more sharply focus the issues, and produce the most useful briefing for the Court, for Plaintiffs to move first for summary judgment.

**Timing of Briefing**. In light of the voluminous discovery produced in this case, the need for the parties to negotiate regarding the handling and potential public filing of materials currently designated confidential pursuant to the protective order, the intervening holidays, and the need to file simultaneous briefs addressing different claims by different plaintiffs, Defendants respectfully submit that they would require until <u>February 29, 2024</u> to file an opening set of summary judgment briefs. Given that estimate, and the fact that Defendants believe it would be most efficient for Plaintiffs to move first (for the reasons discussed above), Defendants have proposed that Plaintiffs file their first brief on February 29, 2024. However, if the Court agrees that Plaintiffs should move first, Defendants would not oppose setting an earlier date for Plaintiffs to file their initial brief, and Plaintiffs have above indicated that they believe the first set of briefs should be filed on January 26, 2024. Defendants would not oppose Plaintiffs filing their first set of briefs on January 26, 2024, after which Defendants would suggest that subsequent briefs be filed on March 26 (Defendants' cross-motion/opposition), May 25 (Plaintiffs' reply/cross-opposition), and July 12 (Defendants' reply).

---

[3] During discovery, the parties produced more than 115,000 pages of documents, served more than 900 requests for admission, served more than 65 interrogatories, and took depositions of 17 individuals and a Rule 30(b)(6) deposition of the FBI.

## IV.   <u>Conclusion</u>

**Plaintiffs' statement**. Plaintiffs have provided their positions on mediation, consolidation, and a proposed summary judgment schedule above, as directed by the October 23 Minute Order.

**Defendants' statement**. For the reasons set forth above, Defendants respectfully request that the Court order the parties to file an additional joint status report no later than November 17, 2023, at which point Defendants will inform the Court whether they agree that the cases should be referred for mediation, and if so, the parties' preference for a choice of mediator.

Date: November 3, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

MARCIA BERMAN
Assistant Branch Director

CHRISTOPHER R. HALL
Assistant Branch Director

/s/ Joshua C. Abbuhl
BRADLEY P. HUMPHREYS
(D.C. Bar 988057)
Senior Trial Counsel
MICHAEL J. GAFFNEY (D.C. Bar
1048531)
JOSHUA C. ABBUHL (D.C. Bar
1044782)
CHRISTOPHER M LYNCH
(D.C. Bar No. 1049152)
Trial Attorneys, U.S. Department of
Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 616-8366
Email: Joshua.Abbuhl@usdoj.gov

*Counsel for Defendants*

/s/ Amy Jeffress
Amy Jeffress (D.C. Bar 449258)
Robert J. Katerberg (D.C. Bar 466325)
Kaitlin Konkel (D.C. Bar 1021109)
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Fax: (202) 942-5999
Amy.Jeffress@arnoldporter.com
Robert.Katerberg@arnoldporter.com
Kaitlin.Konkel@arnoldporter.com

*Counsel for Plaintiff Lisa Page*

/s/ Christopher R. MacColl
Aitan D. Goelman (D.C. Bar 446636)
Christopher R. MacColl (D.C. Bar 1049153)
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
AGoelman@zuckerman.com
CMacColl@zuckerman.com

Richard A. Salzman (D.C. Bar No. 422497)
**HELLER, HURON, CHERTKOF &
  SALZMAN PLLC**
1010 Wayne Ave., Suite 510
Silver Spring, MD 20910
Telephone: (202) 293-8090
salzman@hellerhuron.com

*Counsel for Plaintiff Peter Strzok*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 3, 2023, I caused a copy of the foregoing to be served

via CM/ECF on all counsel of record.

/s/ Amy Jeffress
Amy Jeffress