## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PETER STRZOK,<br>    *Plaintiff*,<br>  v.<br><br>ATTORNEY GENERAL MERRICK GARLAND,<br>in his official capacity as Attorney General, *et al.*,<br><br>    *Defendants*. | Civil Action No. 19-2367 (ABJ) |
| LISA PAGE,<br>    *Plaintiff*,<br>  v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>    *Defendants*. | Civil Action No. 19-3675 (TSC) |

## JOINT STATUS REPORT

Pursuant to the Court's orders of November 21, 2023 (ECF No. 122), February 20, 2024, March 18, 2024, April 8, 2024, April 22, 2024, April 29, 2024, and May 6, 2024, these cases were stayed while the parties engaged in mediation with the Court's Mediation Program.[1]  The mediation period and stay of litigation expired on May 13, 2024.

In this joint status report, the parties respectfully submit their positions on (1) whether the cases should remain consolidated and (2) the proposed summary judgment briefing sequence and schedule.  Pursuant to the Court's October 23, 2023 Minute Order, the parties previously addressed

---

[1] The parties in Civil Action No. 19-2367 (ABJ) are Plaintiff Peter Strzok and Defendants U.S. Department of Justice ("DOJ"); Federal Bureau of Investigation ("FBI"); Attorney General Merrick Garland, in his official capacity; and FBI Director Christopher A. Wray, in his official capacity. The parties in Civil Action No. 19-3675 (TSC) are Plaintiff Lisa Page and Defendants DOJ and FBI.

consolidation and a proposed briefing schedule in a joint status report dated November 3, 2023, shortly before the cases entered mediation and were stayed.

## I. Agreed-Upon Positions Regarding Consolidation for Purposes of Summary Judgment

Plaintiffs' lawsuits were filed at different times and involve overlapping, but not identical, claims and defendants.  Ms. Page's one-count complaint asserts a single Privacy Act claim against the DOJ and FBI, while Mr. Strzok's complaint alleges an additional violation of the Privacy Act and also asserts claims for violations of his First and Fifth Amendment rights in connection with the FBI's termination of his employment.  The portion of the lawsuits that overlaps is the claim that Defendants DOJ and FBI violated the Privacy Act by disclosing certain text messages Plaintiffs exchanged on their government devices to members of the press on December 12, 2017.

The parties agree that the cases should remain consolidated for summary judgment proceedings. In the May 13, 2024 minute orders in each case (as modified on May 14), the Court stated that the parties' respective summary judgment motions would be "supported by a single memorandum of points and authorities." The parties respectfully propose, in order to promote efficiency and conserve judicial and party resources, to bifurcate the briefing by claims. Specifically, the parties propose that there be one set of briefs corresponding to the Privacy Act claims of both Mr. Strzok and Ms. Page, and one set of briefs that would correspond to Mr. Strzok's employment claims. Thus, the parties contemplate that summary judgment briefing on the Privacy Act claims would consist of the filing of an initial motion, a cross-motion/opposition, a reply/cross-opposition, and a cross-reply, with Mr. Strzok and Ms. Page filing one set of joint briefs and Defendants DOJ and FBI filing another, and with the briefing being staggered as opposed to simultaneous.

The parties propose a parallel but separate track for briefing summary judgment issues with respect to Mr. Strzok's employment claims because Ms. Page is not a party to those claims and there is no legal overlap between Mr. Strzok's employment claims and Ms. Page's single Privacy Act claim.

The proposed approach will conserve party resources and simplify the proceedings by eliminating duplicative material about the Privacy Act claims that would appear in both the *Strzok* and *Page* briefing if summary judgment proceedings were not consolidated.  In addition, permitting the briefing to proceed in two tracks—rather than a single, fully consolidated track in which the parties brief both overlapping and non-overlapping *Strzok* and *Page* claims—will promote efficiency by eliminating the need for Ms. Page to participate in aspects of the *Strzok* briefing that are unnecessary to the resolution of her claims.[2]

## II. __Proposed Summary Judgment Briefing Schedules__

The parties submit the below proposed summary judgment briefing schedules, as well as their respective positions on the order and timing of briefing, for the Court's consideration. Consistent with the May 13, 2024 minute orders, the proposed schedule for each set of briefs "is structured to include the initial motion; an opposition and cross motion, if any, to be supported by a single memorandum of points and authorities; a reply (and cross-opposition, if necessary, to be supported by a single memorandum); and the cross-reply, if necessary."

---

[2] To the extent any claims or issues in these cases remain to be tried after summary judgment, the parties respectfully request an opportunity to be heard on the structure, format, and timing of any trial or trials.  At that time, the parties and the Court will be in a better position to address the appropriate grouping of claims, taking into account which claims or portions of claims remain in each case, if any.

A.  **Plaintiffs' Position**

**Ms. Page's anticipated motion to supplement her November 2021 expert disclosures.**
Discovery is closed and the cases should proceed to summary judgment as soon as possible.  Due to the passage of time, however, all parties have Rule 26(e) supplementation obligations that need to be addressed.

Shortly after the filing of this joint status report, Ms. Page intends to submit a motion to supplement expert discovery based on information that was not available when she made her initial expert disclosures in November 2021 (in particular, her transition to a new job and compensation structure on November 20, 2023).  Discovery in these cases began in November 2020 and concluded in October 2023, with expert discovery occurring in 2021-2022.  Ms. Page is filing this motion promptly after the expiration of the litigation stay on May 13, 2024.

Importantly, the earnings figures in *all* parties' expert reports have become outdated since the reports were served in 2021-2022, and they will need to be updated prior to trial to comply with Rule 26(e).  Thus, authorizing Ms. Page to supplement her expert disclosures will not require a separate round of updates to the expert reports; the disclosure can simply be folded in with the updates and corrections the parties already are obligated to make.

**Potential Rule 26(e) disputes.**  Shortly after discovery closed in this case, the FBI modified its policies and practices and informed employees with open disciplinary cases that discipline rendered by the FBI's Office of Professional Responsibility ("OPR") could be overturned by FBI's Deputy Director.  It did so by sending amended letters about its disciplinary process to put employees on notice of this change.  Mr. Strzok's due process claim is premised, in large part, on a last chance agreement executed between himself and OPR Assistant Deputy Director Candice Will that was purportedly overturned.  No employee before Mr. Strzok had ever

had a last chance agreement overturned, and no FBI policy provided for or mentioned last chance agreements or explained that they could be overturned.  Yet the FBI now contends that the Deputy Director held this never-exercised power for more than two decades.

The FBI's need to modify its practices and inform employees that OPR's disciplinary actions could be overturned in 2023 is highly relevant, and related documents may be used to impeach contrary testimony.  If the parties are not able to reach an agreement on appropriate supplementation, Mr. Strzok may need to move to compel pursuant to Rule 26(e) or for very limited discovery of documents that were amended or created after discovery in this case closed. There is no reason for this issue to delay summary judgment briefing.[3]

**Order of briefing.**  The parties disagree regarding the order in which the briefing of summary judgment motions and cross-motions should occur.  For three reasons, Plaintiffs propose that Defendants file the initial motions.

First, Plaintiffs understand that Defendants intend to move for summary judgment on all claims, whereas Plaintiffs intend to move for summary judgment on a subset of claims.  Second, because both the Privacy Act claims and Mr. Strzok's employment claims turn overwhelmingly on allegations regarding Defendants' conduct, Defendants' initial motions are likely to narrow the scope of briefing by clarifying which factual issues are not in dispute.  Third, Defendants will need to take threshold positions on key issues—among them whether they are invoking a Privacy Act "routine use" and, if so, which "system of records" was the source of the disclosure—before Plaintiffs can respond to those positions.  Some of these issues have never been briefed, and others were last briefed in 2020.  Unfortunately, it is not correct that "Plaintiffs have come to learn

---

[3] Mr. Strzok's counsel first contacted Defendants regarding this issue in December 2023. Defendants noted that the case was stayed and elected to defer the issue until the stay was lifted.

Defendants' position on the key issues" through discovery or that Defendants' current positions are "clear to Plaintiffs," as Defendants state below.[4]

For all of these reasons, it makes more sense for Defendants to provide their threshold positions on all claims in the initial motions—and for Plaintiffs to respond comprehensively to those positions—than for the parties to address the issues piecemeal across four rounds of briefing.

**Proposed schedule.** The parties' proposed schedules have significant overlap. Under each proposal, briefing would begin in mid-July (unless the Court orders a supplementation period that extends beyond then) and conclude in November/December. The parties also agree that summary judgment briefing should take place after appropriate supplementation has occurred. Under Plaintiffs' proposed schedule, the first brief would be due six weeks from the conclusion of any supplementation period ordered by the Court.

The main differences between the proposals are that (1) Defendants' proposed schedule will take several weeks longer to complete and (2) Defendants have allocated more time to themselves than to Plaintiffs for similar briefs. Specifically, Defendants' proposed schedule would allow 60 days for Defendants to oppose Plaintiffs' summary judgment motions, but only 45 days for Plaintiffs to oppose Defendants' cross-motions. Plaintiffs respectfully submit that there should be equal spacing for equivalent briefs.

---

[4] Defendants state below that "Plaintiffs have come to learn Defendants' position on the key issues in the case" through extensive discovery that Plaintiffs "sought and received." Plaintiffs note that Defendants likewise pursued extensive discovery from Plaintiffs, and they had an equal opportunity to discover Plaintiffs' evidence and theories.

<u>Plaintiffs' Proposed Schedule</u>

| Date | Event |
|------|-------|
| <u>Week of June 10, 2024</u> | Conclusion of briefing on Ms. Page's anticipated motion to supplement her November 2021 expert disclosures (assuming standard deadlines under the Local Rules) |
| | Court's ruling on Ms. Page's motion |
| | Any supplemental disclosures/discovery required by Rule 26(e) or ordered by the Court |
| <u>Wed. July 17, 2024</u> [~8 weeks from today]<br><br>OR<br><br><u>6 weeks</u> from the conclusion of any supplementation period ordered by the Court | <u>Privacy Act claims</u>: **Defendants'** summary judgment motion, single memorandum in support, and statement of facts<br><br><u>Strzok employment claims</u>: **Defendants'** summary judgment motion, single memorandum in support, and statement of facts |
| <u>Wed. Aug. 28, 2024</u><br><br>OR<br><br><u>6 weeks</u> from the date for Defendants' motions | <u>Privacy Act claims</u>: **Plaintiffs'** summary judgment cross-motion/opposition, single memorandum in support, response to Defendants' statement of facts, and statement of additional facts<br><br><u>Strzok employment claims</u>: **Mr. Strzok's** summary judgment cross-motion/opposition, single memorandum in support, response to Defendants' statement of facts, and statement of additional facts |
| <u>Wed. Oct. 9, 2024</u><br><br>OR<br><br><u>6 weeks</u> from the date for Plaintiffs' cross-motions/oppositions | <u>Privacy Act claims</u>: **Defendants'** summary judgment reply/cross-opposition, single memorandum in support, and response to Plaintiffs' statement of additional facts<br><br><u>Strzok employment claims</u>: **Defendants'** summary judgment reply/cross-opposition, single memorandum in support, and response to Mr. Strzok's statement of additional facts |
| <u>Wed. Nov. 6, 2024</u><br><br>OR<br><br><u>4 weeks</u> from the date for Defendants' replies/cross-oppositions | <u>Privacy Act claims</u>: **Plaintiffs'** summary judgment cross-reply<br><br><u>Strzok employment claims</u>: **Mr. Strzok's** summary judgment cross-reply |

### B.  **Defendants' Position**

**Order of Briefing.**  Defendants believe that it would be more efficient for the parties and the Court if Plaintiffs file the first set of summary judgment briefs.  During the course of the extensive, multi-year discovery in this case, Plaintiffs sought and received discovery relevant to a large number of issues and different theories of Plaintiffs' cases.[5]  Through this extensive discovery, Plaintiffs have come to learn Defendants' position on the key issues in the case. Because Plaintiffs bear the ultimate burden of proof, and because it is not clear which theories and evidence Plaintiffs will ultimately rely on (while Defendants' position is clear to Plaintiffs), Defendants believe that it would more sharply focus the issues, and produce the most useful briefing for the Court, for Plaintiffs to move first for summary judgment.

**Proposed Briefing Schedule.**  Defendants respectfully submit that discovery is closed and that these cases are ready to proceed to motions for summary judgment.  Accordingly, Defendants propose that Plaintiffs' motions for summary judgment be due in 60 days, followed by Defendant's cross-motions and opposition briefs 60 days thereafter, followed in 45 days by Plaintiffs' opposition/reply briefs, and concluding 45 days thereafter by Defendants' final reply briefs. Accordingly, Defendants respectfully propose the following briefing schedule, which presumes that the parties are able to update their discovery responses, and any expert reports, as necessary in a timely manner and without the need for further Court involvement over the scope of any additional factual development:

---

[5] During discovery, the parties produced more than 115,000 pages of documents, served more than 900 requests for admission, served more than 65 interrogatories, and took depositions of 17 individuals and a Rule 30(b)(6) deposition of the FBI.

- <u>July 19, 2024 (*i.e.*, 60 days from today's filing)</u>:  Plaintiffs to file their motions for summary judgment.

- <u>September 17, 2024 (*i.e.*, 60 days after Plaintiffs' opening briefs)</u>:  Defendants to oppose Plaintiffs' motions for summary judgment and to cross-move for summary judgment.

- <u>November 1, 2024 (*i.e.*, 45 days after Defendants' cross motion/opposition briefs)</u>:  Plaintiffs to file their reply briefs in support of their motions for summary judgment and oppositions to Defendants' motions for summary judgment.

- <u>December 16, 2024 (*i.e.*, 45 days after Plaintiffs' opposition/reply briefs)</u>:  Defendants to file their reply briefs in support of their motions for summary judgment.

**Plaintiffs' requests to reopen fact and expert discovery.**  Ms. Page states that she plans to file a motion to supplement her November 2021 expert disclosures.  Based on conversations with Plaintiffs' counsel, Defendants understand that Ms. Page intends to seek leave to submit a new report from an entirely new expert—as opposed to merely updating her existing report with Ms. Page's latest income figures.  Defendants would oppose any such request as untimely— because, among other reasons, the deadline for expert disclosures was November 19, 2021. Although Plaintiffs should update any discovery responses that have grown stale given the passage of time (*e.g.*, documents reflecting Plaintiffs' earnings), and while all parties may need to update existing calculations in their expert reports to account for Plaintiffs' updated income information and changed interest rates, it would be inappropriate to introduce entirely new experts, analysis, substantive materials, or theories into the cases at this late stage. Defendants also would oppose

any effort by Mr. Strzok to conduct post-discovery document discovery.[6]  Discovery in these cases lasted for nearly four years and definitively closed on October 17, 2023, after numerous extensions. It is time to move on to summary judgment and not further delay the scheduling of summary judgment briefing for Plaintiffs to reopen discovery.

To the extent the Court permits additional proceedings—either the reopening of fact or expert discovery, or briefing regarding the propriety of the same as proposed by Plaintiffs— Defendants believe those preliminary issues must be resolved before the clock starts for summary judgment briefing.  Otherwise, Defendants would be prejudiced by being required to devote resources responding to Plaintiffs' efforts to obtain additional discovery—and potentially preparing to take the deposition of an entirely new expert—rather than work on their summary judgment briefs.  If Plaintiffs are permitted to reopen discovery or brief the propriety of doing so, Defendants respectfully request that their proposed schedule be modified to begin 60 days after the Court either denies any request to reopen discovery or at least 45 days after Plaintiffs have completed supplementation of their discovery responses and expert reports (should the Court permit Plaintiffs to reopen discovery).[7]

---

[6] Defendants disagree with Mr. Strzok's characterization of the facts as stated in Plaintiffs' "Potential Rule 26(e) disputes" section above and do not believe that production of the new documents that Mr. Strzok seeks falls within their Rule 26(e) obligations.

[7] The mediation period itself does not lessen the time necessary to adequately prepare for summary judgment briefing. The litigation in both cases was stayed during the mediation period, and the parties engaged in extensive and time-consuming settlement efforts during this period. These efforts included numerous in-person and virtual mediation sessions as well as extensive research and preparations for those mediation sessions in support of serious, good faith efforts to obtain a settlement of the claims in these cases.

### III.  <u>**Conclusion**</u>

For the reasons set forth above, the parties respectfully request that the Court order the cases to be consolidated for purposes of summary judgment and enter a summary judgment briefing schedule.

Date: May 20, 2024                          Respectfully submitted,

BRIAN M. BOYNTON                            /s/ Amy Jeffress
Principal Deputy Assistant Attorney         Amy Jeffress (D.C. Bar 449258)
General                                     Robert J. Katerberg (D.C. Bar 466325)
                                            Kaitlin Konkel (D.C. Bar 1021109)
MARCIA BERMAN                               ARNOLD & PORTER
Assistant Branch Director                     KAYE SCHOLER LLP
                                            601 Massachusetts Avenue NW
CHRISTOPHER R. HALL                         Washington, DC 20001-3743
Assistant Branch Director                   Telephone: (202) 942-5000
                                            Fax: (202) 942-5999
/s/ Joshua C. Abbuhl                        Amy.Jeffress@arnoldporter.com
BRADLEY P. HUMPHREYS                        Robert.Katerberg@arnoldporter.com
(D.C. Bar 988057)                           Kaitlin.Konkel@arnoldporter.com
Senior Trial Counsel
MICHAEL J. GAFFNEY (D.C. Bar
1048531)                                    *Counsel for Plaintiff Lisa Page*
JOSHUA C. ABBUHL (D.C. Bar
1044782)                                    /s/ Christopher R. MacColl
CHRISTOPHER M LYNCH                         Aitan D. Goelman (D.C. Bar 446636)
(D.C. Bar No. 1049152)                      Christopher R. MacColl (D.C. Bar 1049153)
Trial Attorneys, U.S. Department of         ZUCKERMAN SPAEDER LLP
Justice                                     1800 M Street NW, Suite 1000
Civil Division, Federal Programs Branch     Washington, DC 20036
1100 L Street, N.W.                         Telephone: (202) 778-1800
Washington, D.C. 20005                      AGoelman@zuckerman.com
Tel.: (202) 616-8366                        CMacColl@zuckerman.com
Email: Joshua.Abbuhl@usdoj.gov
                                            Richard A. Salzman (D.C. Bar No. 422497)
*Counsel for Defendants*                    **HELLER, HURON, CHERTKOF &**
                                              **SALZMAN PLLC**
                                            1010 Wayne Ave., Suite 510
                                            Silver Spring, MD 20910
                                            Telephone: (202) 293-8090
                                            salzman@hellerhuron.com

                                            *Counsel for Plaintiff Peter Strzok*

12

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on May 20, 2024, I caused a copy of the foregoing to be served via

CM/ECF on all counsel of record.

/s/ Amy Jeffress
Amy Jeffress