# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PETER STRZOK,<br>        *Plaintiff*,<br>   v.<br><br>ATTORNEY GENERAL MERRICK GARLAND,<br>in his official capacity as Attorney General, *et al.*,<br><br>        *Defendants*. | Civil Action No. 19-2367 (ABJ) |

## JOINT STATUS REPORT

Pursuant to the Court's orders of November 21, 2023 (ECF No. 122), February 20, 2024, March 18, 2024, April 8, 2024, April 22, 2024, April 29, 2024, and May 6, 2024, this case was stayed while the parties engaged in mediation with the Court's Mediation Program. The stay was lifted on May 13, 2024 (*see* ECF 136), but after the parties reached a tentative agreement to resolve Mr. Strzok's Privacy Act claim, the case was again stayed again pursuant to the Court's orders of May 28, 2024, July 1, 2024, and July 22, 2024. The stay expires on July 26, 2024.

The parties executed a Settlement Agreement that resolved Mr. Strzok's Privacy Act claim on July 26, 2024. Consistent with the Settlement Agreement, the parties have filed a joint stipulation dismissing Mr. Strzok's Privacy Act claim with prejudice, and Mr. Strzok will file an Amended Complaint.

The parties have two open disputes: *First*, the parties dispute whether Defendants must produce additional documents in this action. *Second*, the parties have been unable to reach an agreement on a summary judgment briefing schedule and submit their respective positions below.

I. **Parties' Statements Regarding Disputed Issues**

A. **Plaintiff's Positions**

As an initial matter, Defendants produced additional documents just before 1:00 pm today, July 26th. Mr. Strzok is in the process of evaluating those documents and considering the impact of their belated production on testimony that was—and was not—obtained in this case. One of the documents is dated March 2022 and appears critical. It delegates from the FBI Director to the FBI Deputy Director the power to impose summary dismissals and to overrule disciplinary decisions issued by the FBI's Office of Professional Responsibility ("OPR"). Mr. Strzok has long argued that the Deputy Director could not possibly overturn a binding last chance agreement executed between an employee and the FBI OPR Assistant Director acting for and on behalf of the FBI. Mr. Strzok has further argued that even if the Deputy Director could have had that power, he did not have it in 2018. Today's production appears to confirm Mr. Strzok's argument. Counsel for all parties conferred this afternoon regarding the potential remedies for this belated production, and the parties will continue to confer to determine whether a request for additional relief from the Court is necessary.

**Rule 26(e) dispute:** Shortly after discovery closed in this case, the FBI informed employees with open disciplinary cases that discipline rendered by OPR could be overturned by FBI's Deputy Director. The FBI did so by sending amended letters about its disciplinary process to put employees on notice of this change. Mr. Strzok's due process claim is premised, in large part, on a last chance agreement executed between himself and OPR Assistant Deputy Director Candice Will that was purportedly overturned. No employee before Mr. Strzok had ever had a last chance agreement overturned, and no FBI policy provided for or mentioned last chance agreements or explained that they could be overturned. Yet the FBI now contends that the Deputy Director

held this never-exercised power to retroactively overturn binding agreements for more than two decades.

The FBI's need to modify its practices and inform employees that OPR's disciplinary actions could be overturned in late 2023 is highly relevant, and related documents may be used to impeach contrary testimony. The parties conferred regarding this issue when the case was briefly unstayed in May 2024.[1]  Mr. Strzok offered to resolve this issue if the FBI produced a single exemplar letter (redacted to protect employee privacy) and any documents associated with the change in policy and practice that caused the FBI to send the amended letters. To date, Defendants have declined that request.[2]

There is no reason for this issue to delay summary judgment briefing, and the burden of producing a single letter and associated policy- and practice-related documents is *de minimis*. Production should be made consistent with Federal Rule of Civil Procedure 26(e)(1).

---

[1] Although the requested documents did not yet exist and therefore could not be specifically requested, the letters are likely responsive to discovery requests, including RFP No. 13 (requesting documents "concerning any instance between January 1, 2013 and the present in which an FBI employee has been disciplined" for the offenses charged against Mr. Strzok); RFP No. 14 (requesting documents related to "any instance between January 1, 2013 and the present in which the FBI has applied Policy 0915D to alter the severity of a disciplinary action"); RFP No. 15 (requesting documents "concerning any instance between January 1, 2013 and the present in which the FBI has not honored a last chance agreement that an employee has signed and the rationale for any such decision"); RFP No. 28 (requesting "All documents which support the FBI's argument that AD Will's decision to demote and suspend Mr. Strzok was not the final decision of the FBI or did not bind the agency"); RFP No. 42 (requesting all "letters or decisions issued by the Office of Professional Responsibility, the Disciplinary Review Board, the Merit Systems Protection Board, or any other appellate body or panel for conduct" in connection with the Midyear Investigation); RFP No. 43 (requesting "sample letters overturning Disciplinary Review Board actions conveyed by AD Will to DD Bowdich"); RFP No. 44 (requesting "Office of Professional Responsibility letters that imposed the discipline that was reinstated by" letters previously produced).

[2] This section was drafted before today's production. It is unclear to Mr. Strzok whether the revised disciplinary letters sent in late 2023 relate to the Director's supposed delegation of authority in March 2022. If there is a direct link, it is unclear what delayed the notice to employees. Discovery in this case remained open and ongoing for most of that time.

**Summary Judgment Briefing Schedule:** Mr. Strzok's First Amendment claim presents quintessential questions for a trier of fact that cannot be resolved at the summary judgment stage. Among other issues, there is a significant dispute of material fact as to Deputy Director Bowdich's rationale and motive for terminating Mr. Strzok's employment. That disputed issue pins Bowdich's version of events against a mountain of evidence indicating that he fired Mr. Strzok because of the demands of former President Trump and Bowdich's own politics and interests.

Conversely, Mr. Strzok's Fifth Amendment claim could be resolved in Mr. Strzok's favor on a summary motion because Assistant Deputy Director Candice Will executed, on behalf of the FBI, a last chance agreement with Mr. Strzok that was consistent with long-standing FBI practice and founded upon offer, acceptance, and consideration. Mr. Strzok's argument that his last chance agreement should be enforced is hardly novel.

These issues are relatively straightforward, and a prolonged summary judgment briefing schedule is therefore unnecessary. Mr. Strzok proposes 28 days between motions and oppositions, and 21 days between Defendants' cross-opposition/reply and Mr. Strzok's reply.

B.  **Defendants' Positions**[3]

**Plaintiff's Discovery Request:** Defendants do not believe the additional discovery Mr. Strzok seeks would have any probative value (not the least because both Mr. Bowdich and Ms. Will—the individuals making decisions about Mr. Bowdich's employment status in August 2018—were no longer at the FBI at the time the document Mr. Strzok seeks was purportedly created) or be admissible under Mr. Strzok's theory. *See* Fed. R. Evid. 407. Nor is the request supported by Rule 26(e). However, in light of Defendants' recent production of documents,

---

[3] Mr. Strzok makes numerous contentions related to the substance of his claims in Part I.A of this Joint Status Report. While Defendants dispute those contentions, they do not address their merits here, but address only the two matters—Mr. Strzok's request to reopen discovery and the proposed summary judgment schedule—specifically at issue.

Defendants are continuing to evaluate Mr. Strzok's supplemental request and believe that the parties should be able to resolve the matter without further involvement by the Court.

**Summary Judgment Briefing Schedule:** Defendants do not believe an initial summary judgment brief can be prepared in less than 60 days in light of the substantial discovery record in this case. The parties have collectively produced approximately 115,000 pages in discovery and taken the depositions of 18 witnesses, at least 9 of which Defendants anticipate one or both parties will seek to use in their summary judgment briefing. Much of this record had been designated confidential by one or both parties.[4] Prior to filing their motions, the parties will not only need to review this material to prepare their filings, but also to review any material that the parties intend to rely on to determine whether such materials may be filed publicly and to discuss any proposed public disclosure with the opposing party, who must also review these materials so that the parties can discuss their respective positions. Defendants anticipate these discussions requiring a significant amount of time.

In light of the significant efforts that will be required in advance of filing each party's opening brief, Defendants believe that Defendants' opening brief should be due no earlier than 60 days from today, with Mr. Strzok's first brief due 60 days thereafter and with the deadlines for the parties' responsive briefs following in 45-day increments thereafter. These intervals are reasonable, and Mr. Strzok would not be prejudiced by this modest and necessary additional time beyond the amount he has proposed. Of course, if Mr. Strzok wishes to expedite the schedule

---

[4] In addition to designating numerous records confidential himself, on September 29, 2022, Mr. Strzok purported to cross-designate as confidential all materials previously designated by Defendants as confidential pursuant to the Protective Order in this case.

and is in fact able to prepare his briefs more quickly, he may file before his deadlines, enabling the case to move more quickly.[5]

## II. Proposed Summary Judgment Briefing Schedules

As indicated above, the parties agree that Defendants should submit the opening summary judgment brief but disagree on the time necessary for summary judgment briefing. Their respective proposals are reflected below:

---

[5] To the extent that Mr. Strzok seeks "additional relief from the Court," *supra* at 2, or more discovery than "a single letter," beyond Defendant's production this morning, *supra* at 4, Defendants do not believe that summary judgment briefing is appropriate at this time and reserve their rights to seek additional time to prepare summary judgment briefing to account for any time devoted to further discovery or proceedings that may be sought by Mr. Strzok.

| Event | Mr. Strzok's Proposal | Defendants' Proposal |
|---|---|---|
| **Defendants'** summary judgment motion, memorandum in support, and statement of facts | August 23, 2024 <br>(28 days from lift of stay) | September 24, 2024 <br>(60 days from this filing) |
| **Mr. Strzok's** summary judgment cross-motion/opposition, single memorandum in support, response to Defendants' statement of facts, and statement of additional facts | September 20, 2024 <br>(28 days from Defendants' motion) | November 25, 2024 <br>(60 days from Defendants' motion) |
| **Defendants'** summary judgment reply/cross-opposition, single memorandum in support, and response to Mr. Strzok's statement of additional facts | October 18, 2024 <br>(28 days from Mr. Strzok's motion/opposition) | 45 days from Mr. Strzok's motion/opposition <br>(January 9, 2025, if Mr. Strzok files on November 25, 2024) |
| **Mr. Strzok's** summary judgment cross-reply | November 8, 2024 <br>(21 days from Defendants' reply/cross-opposition) | 45 days from Defendants' reply/cross-opposition <br>(February 23, 2025 if Mr. Strzok does not file either brief early) |

### III.  Conclusion

For the reasons set forth above, the parties respectfully request that the Court issue a summary judgment briefing schedule and take whatever action it deems appropriate to resolve the parties' supplementation dispute.

Date: July 26, 2024                                              Respectfully submitted,

BRIAN M. BOYNTON                                                 /s/ Christopher R. MacColl
Principal Deputy Assistant Attorney                              Aitan D. Goelman (D.C. Bar 446636)
General                                                          Christopher R. MacColl (D.C. Bar 1049153)
                                                                 **ZUCKERMAN SPAEDER LLP**
MARCIA BERMAN                                                    1800 M Street NW, Suite 1000
Assistant Branch Director                                        Washington, DC 20036
                                                                 Telephone: (202) 778-1800
CHRISTOPHER R. HALL                                              AGoelman@zuckerman.com
Assistant Branch Director                                        CMacColl@zuckerman.com

/s/ Joshua C. Abbuhl                                             Richard A. Salzman (D.C. Bar No. 422497)
BRADLEY P. HUMPHREYS                                             **HELLER, HURON, CHERTKOF &**
(D.C. Bar 988057)                                                   **SALZMAN PLLC**
Senior Trial Counsel                                             1010 Wayne Ave., Suite 510
MICHAEL J. GAFFNEY (D.C. Bar                                     Silver Spring, MD 20910
1048531)                                                         Telephone: (202) 293-8090
JOSHUA C. ABBUHL (D.C. Bar                                       salzman@hellerhuron.com
1044782)
CHRISTOPHER M LYNCH                                              *Counsel for Plaintiff Peter Strzok*
(D.C. Bar No. 1049152)
Trial Attorneys, U.S. Department of
Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 616-8366
Email: Joshua.Abbuhl@usdoj.gov

*Counsel for Defendants*